IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E. ALLEN REEVES, INC.<br>   Plaintiff,<br>v.<br>MICHAEL GRAVES & ASSOCIATES,<br>INC.<br>   Defendant. | CIVIL ACTION<br><br>NO: 3:10-CV-01393-JAP-TJB<br><br>JURY TRIAL DEMANDED |
| MICHAEL GRAVES & ASSOCIATES,<br>INC.<br>   Counterclaimant,<br>v.<br>E. ALLEN REEVES, INC.<br>   Counterdefendant. | |
| MICHAEL GRAVES & ASSOCIATES,<br>INC.<br>   Third Party Plaintiff,<br>v.<br>DAVID CHOU & ASSOCIATES; KELTER<br>& GILLIGO CONSULTING ENGINEERS;<br>FISHER MARANTZ STONE, INC.; THE<br>ARTS COUNCIL OF PRINCETON; SAL<br>ARNONE; JOHN DOES 1-50,<br>   Third Party Defendants. | |

## AFFIDAVIT OF MERIT

I, **Frank Gatlin, AIA, NCARB**, of full age, do hereby depose as follows:

1. I am an architect licensed by the State of New Jersey. I have been licensed in New Jersey as a registered architect continuously since 1986. I am a Director with Navigant Consulting, Inc., located at 1717 Market Street, Suite 4800, Philadelphia, PA 19103.

2. My academic background includes a Bachelor of Science in Architecture from Temple University.

3. I have more than 29 years of professional experience as a registered and licensed

architect.

4. I am familiar with the facts set forth herein and am authorized to make this Affidavit on behalf of E. Allen Reeves, Inc. ("Reeves").

5. I was retained by Reeves to evaluate the plans and specifications, as prepared by Michael Graves & Associates, Inc. ("Graves") and/or its sub-consulting engineers, for the construction project known as the "Renovation and Expansion of the Arts Council of Princeton," (the "Project") located at 102 Witherspoon Street, Princeton, New Jersey for the Project owner, Arts Council of Princeton. The Project involved the renovation of an existing building and the construction of a new addition to the existing building.

6. In particular, I was asked to analyze those plans and specifications in connection with the Complaint asserted by Reeves against the Project architect, Graves, in the above-captioned matter.

7. According to the documentation that I have reviewed, Graves was the architect of record on the Project.

8. I have reviewed the following documents related to the Project:

- the contract between Graves and the Project owner;
- the plans and specifications prepared by Graves regarding the architectural design and construction details related to the renovations of the existing building and the construction of the new building at the Project;
- the structural, mechanical, electrical, plumbing and fire protection design and construction details;
- documents relating to the coordination of the architectural, structural,

>
> mechanical, electrical, plumbing and fire protection design and construction details, both internally and with one another;
>
> - correspondence between Reeves, Graves and the Project owner;
> - requests for information ("RFIs") submitted by Reeves to Graves and Graves's responses to the same;
> - change orders prepared and submitted by Reeves; and
> - the Complaint filed by Reeves against Graves in the above-captioned matter.

9. Based on my review of the plans and specifications, as well as the architectural, structural, mechanical, electrical, plumbing and fire protection design and construction details, I determined that the plans and specifications were incomplete, lacked sufficient information, were not fully developed and contained numerous errors or omissions. The architectural, structural, mechanical, electrical, plumbing and fire protection design and construction details were not fully coordinated both internally and with each other so that sufficient space was provided for the installation of the various building systems. The plans and specifications contained numerous errors or omissions related to the survey of the existing conditions of the building scheduled for renovations. The lack of a complete and accurate assessment of the existing conditions resulted in errors or omissions related to the coordination of the existing structure and the new addition and the condition of certain existing elements in the existing building that were scheduled to be removed and reinstalled.

10. After conducting a review of the foregoing documents I concluded that, in my professional opinion, there is a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of Reeves's Complaint against

Graves; fell outside acceptable professional or occupational standards or treatment practices.

11.     Accordingly, it is my opinion that the allegations of Reeves's Complaint against Graves have merit.

12.     I do not possess any financial interest in the final outcome of the above captioned legal action.  Navigant Consulting, Inc. shall only be compensated for its hourly services and direct expenses related to this action.

I certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 7/27/2010

Frank Gatlin, AIA, NCARB

Sworn and subscribed to me this 27th day of July, 2010.

Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Vicki R. Jones, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires Jan. 13, 2013
Member, Pennsylvania Association of Notaries

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E. ALLEN REEVES, INC.<br>        Plaintiff,<br>v.<br>MICHAEL GRAVES & ASSOCIATES, INC.<br>        Defendant. | CIVIL ACTION<br><br>NO: 3:10-CV-01393-JAP-TJB<br><br><br>JURY TRIAL DEMANDED |
| MICHAEL GRAVES & ASSOCIATES, INC.<br>        Counterclaimant,<br>v.<br>E. ALLEN REEVES, INC.<br>        Counterdefendant. | CERTIFICATION OF SERVICE |
| MICHAEL GRAVES & ASSOCIATES, INC.<br>        Third Party Plaintiff,<br>v.<br>DAVID CHOU & ASSOCIATES; KELTER & GILLIGO CONSULTING ENGINEERS; FISHER MARANTZ STONE, INC.; THE ARTS COUNCIL OF PRINCETON; SAL ARNONE; JOHN DOES 1-50,<br>        Third Party Defendants. | |

I hereby certify that a true and correct copy the *Affidavit of Merit of Frank Gatlin, AIA, NCARB* was served by electronic filing on July 27, 2010 upon:

John H. Osorio, Esquire
Raymond J. Michaud, Esquire
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002

John E. Lamastra, Esquire
DALY LAMASTRA & CUNNINGHAM
3 Mountain View Road
P.O. Box 1622
Warren, NJ  07061

By: /s/ John J. Graham, Jr., Esquire
    John J. Graham, Jr., Esquire
    Attorneys for E. Allen Reeves, Inc.