# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E. ALLEN REEVES, INC. | : CIVIL ACTION NO. |
| | : 3:10-CV-01393-JAP-TJB |
| Plaintiff | : |
| v. | : |
| MICHAEL GRAVES & ASSOCIATES, INC. | : |
| Defendant | : |
| MICHAEL GRAVES & ASSOCIATES, INC. | : |
| Counterclaimant, | : |
| E. ALLEN REEVES, INC. | : |
| Counterdefendant | : |
| MICHAEL GRAVES & ASSOCIATES, INC. | : |
| Third Party Plaintiff, | : |
| DAVID CHOU & ASSOCIATES; KELTER & GILLIGO CONSULTING ENGINEERS; FISHER MARANTZ STONE, INC.; THE ARTS COUNCIL OF PRINCETON; SAL ARNONE; JOHN DOES 1-50, | : |
| Third Party Defendants, | : |
| ARTS COUNCIL OF PRINCETON | : |
| Counterclaimant, | : |
| v. | : |
| MICHAEL GRAVES & ASSOCIATES, INC. | : |
| Counterdefendant, | : |

---

**DEFENDANT/THIRD PARTY PLAINTIFF, MICHAEL GRAVES & ASSOCIATES, INC., ANSWER TO THE ARTS COUNCIL OF PRINCETON COUNTERCLAIM**

---

Defendant/Third-Party Plaintiff, Michael Graves & Associates, Inc., by way of answer to the Arts Council of Princeton's counterclaim says:

### I. PARTIES

1. Admitted.

2. Admitted.

### II. JURISDICTION AND VENUE

3. The allegations of this paragraph set forth a legal conclusion to which no response is required. To the extent this paragraph sets forth any allegations of fact, said allegations are denied.

4. The allegation of this paragraph sets forth a legal conclusion to which no response is required. To the extent that this paragraph sets forth any allegations of fact, said allegations are denied.

### III. BACKGROUND FACTS RELEVANT TO ALL COUNTS

5. Denied as stated.

**A. Preconstruction phase.**

6. The document referred to in this paragraph is a writing which speaks for itself and any incorrect characterizations thereof are denied. To the extent this paragraph sets forth any allegations of fact, said allegations are denied.

7.     The document referred to in this paragraph is a writing which speaks for itself and any incorrect characterizations thereof are denied. To the extent this paragraph sets forth any allegations of fact, said allegations are denied.

8.     The document referred to in this paragraph is a writing which speaks for itself and any incorrect characterizations thereof are denied. To the extent this paragraph sets forth any allegations of fact, said allegations are denied.

9.     Denied. The allegations of this paragraph set forth a legal conclusion to which no response is required. To the extend this paragraph sets forth any allegations of fact said allegations are denied.

10.    Denied. The allegations of this paragraph set forth a legal conclusion to which no response is required. To the extend this paragraph sets forth any allegations of fact said allegations are denied.

11.    The document referred to in this paragraph is a writing which speaks for itself and any incorrect characterizations thereof are denied. To the extent this paragraph sets forth any allegations of facts, said allegations are denied.

12.    The document referred to in this paragraph is a writing which speaks for itself and any incorrect characterizations thereof are denied. To the extent this paragraph sets forth any allegations of facts, said allegations are denied.

**B.     Construction Phase.**

13.    The document referred to in this paragraph is a writing which speaks for itself and any incorrect characterizations thereof are denied. To the extent this paragraph sets forth any allegations of facts, said allegations are denied.

14. The document referred to in this paragraph is a writing which speaks for itself and any incorrect characterizations thereof are denied. To the extent this paragraph sets forth any allegations of facts, said allegations are denied.

15. Denied. The documents referred to in this paragraph is a writing which speaks for itself and any incorrect characterizations thereof are denied. To the extent this paragraph sets forth any allegations of facts, said allegations are denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied. The document referred to in this paragraph is a writing which speaks for itself and any incorrect characterizations thereof are denied. To the extent this paragraph sets forth any allegations of fact, said allegations are denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## COUNT ONE
## BREACH OF CONTRACT

27. Answering defendant/third-party plaintiff's responses to the previous count of the counterclaim of the third-party defendant are incorporated herein and made a part hereof as if set forth at length.

4

28. The allegations of this paragraph set forth a legal conclusion to which no response is required. To the extent said paragraph sets forth any allegations of fact, said allegations are denied.

29. The document referred to in this paragraph is a writing which speaks for itself and any incorrect characterizations thereof are denied. To the extent this paragraph sets forth any allegations of fact, said allegations are denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

WHEREFORE, answering defendant/third-party plaintiff denies liability to the third-party defendant/counterclaimant in any sum whatsoever.

### FIRST AFFIRMATIVE DEFENSE

Answering defendant is guilty of no negligence.

### SECOND AFFIRMATIVE DEFENSE

Answering defendant performed each and every duty which was owed to the decedent, if any, or to any other persons.

### THIRD AFFIRMATIVE DEFENSE

The accident was caused solely by the acts or omissions of some other person or party over whom answering defendant had no control or right of control.

### FOURTH AFFIRMATIVE DEFENSE

The decedent is guilty of negligence which contributed to the alleged damage, and the plaintiff is therefore, barred from recovery or subject to having the same diminished in

5

accordance with the New Jersey Comparative Negligence Act and the New Jersey Joint Tortfeasors Contribution Act.

### FIFTH AFFIRMATIVE DEFENSE

The accident was caused by mechanical defects which did not result from any act or omission on the part of answering defendant.

### SIXTH AFFIRMATIVE DEFENSE

The decedent assumed the risk of injury or harm.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Entire Controversy Doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

The incident and damages complained of were caused by an Act of God.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by insufficiency of process and/or service of process.

### ELEVENTH AFFIRMATIVE DEFENSE

The court lacks subject matter jurisdiction.

### TWELFTH AFFIRMATIVE DEFENSE

The court lacks in personam jurisdiction.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join a party needed for a just adjudication or without which the action cannot proceed.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads the procedural and substantive provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads the procedural and substantive provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The alleged incident was caused by the intervening wanton and/or willful actions of a third party, which this defendant could not have foreseen and for which it is not responsible.

## DEMAND FOR AFFIDAVIT OF MERIT

Pursuant to N.J.S.A. 2A-53A-26, demand is hereby made for the required Affidavit of Merit as to each specific answering defendant within the mandatory period of time.  Please further be advised that the answering defendant hereby reserves the right to dismiss based upon plaintiffs' failure to file the required Affidavit of Merit.

## RESERVATION OF DEFENSES AND OBJECTIONS

Defendant hereby reserves the right to interpose such other defenses and objections as a continuing investigation may disclose.

## CROSSCLAIM FOR CONTRIBUTION

Defendant demands contribution from the co-defendants and any other defendants hereinafter named under the terms of the New Jersey Joint Tortfeasor Contribution Act, N.J.S.A. 2A:53A-1 et seq., the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq and the New Jersey Tort Claims Act, N.J.S.A. 59:8-1 et seq.

## CROSSCLAIM FOR INDEMNITY

Defendant demands indemnity from the co-defendants and any other defendants hereinafter named, both contractually and at common law.

## **DEMAND FOR TRIAL BY JURY**

Please take notice that answering defendant hereby demands a trial by jury on all issues.

Upon information and belief, the matter in controversy is not subject to any other action pending in any court or the subject of a pending arbitration proceeding.

                  MARSHALL, DENNEHEY, WARNER
                        COLEMAN & GOGGIN

            By: /s/ Raymond J. Michaud

                  JOHN H. OSORIO, ESQUIRE
                  RAYMOND J. MICHAUD, ESQUIRE
                  200 Lake Drive East
                  Cherry Hill, NJ 08002
                  Attorneys for Michael Graves & Associates, Inc

DATED:  August 24, 2010
06/1937876.v1