**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| E. ALLEN REEVES, INC. | : CIVIL ACTION NO. |
| | : 3:10-CV-01393-JAP-TJB |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| MICHAEL GRAVES & ASSOCIATES, INC. | : |
| | : |
| Defendant | : |
| | : |
| MICHAEL GRAVES & ASSOCIATES, INC. | : |
| | : |
| Counterclaimant, | : |
| | : |
| E. ALLEN REEVES, INC. | : |
| | : |
| Counterdefendant | : |
| | : |
| MICHAEL GRAVES & ASSOCIATES, INC. | : |
| | : |
| Third Party Plaintiff, | : |
| | : |
| DAVID CHOU & ASSOCIATES; | : |
| KELTER & GILLIGO CONSULTING | : |
| ENGINEERS; | : |
| FISHER MARANTZ STONE, INC.; | : |
| THE ARTS COUNCIL OF PRINCETON; | : |
| SAL ARNONE; | : |
| JOHN DOES 1-50, | : |
| | : |
| Third Party Defendants, | : |
| ARTS COUNCIL OF PRINCETON | : |
| | : |
| Counterclaimant, | : |
| v. | : |
| | : |
| MICHAEL GRAVES & ASSOCIATES, INC. | : |
| | : |
| Counterdefendant, | : |

|  |  |
|---|---|
| MICHAEL GRAVES & ASSOCIATES, INC. | : |
|  | : |
|     Third Party Plaintiff, | : |
|  | : |
| DAVID CHOU & ASSOCIATES; | : |
| KELTER & GILLIGO CONSULTING | : |
| ENGINEERS; | : |
| FISHER MARANTZ STONE, INC.; | : |
| E. ALLEN REEVES, INC.; SAL ARNONE; | : |
| JOHN DOES 1-50, | : |
|  | : |
|     Third Party Defendants, | : |

**DEFENDANT, COUNTERCLAIMANT, AND THIRD PARTY PLAINTIFF,
MICHAEL GRAVES & ASSOCIATES, INC'S,
SECOND AMENDED THIRD PARTY COMPLAINT**

Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., by and through counsel hereby brings this Second Amended Third Party Complaint against the Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; The Arts Council of Princeton ; E. Allen Reeves, Inc.; and Sal Arnone as follows:

**I.      PARTIES**

1.      Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., is an Architectural firm, created and organized under the laws of the State of New Jersey and conducts its business at 341 Nassau Street, Princeton, New Jersey 08540.

2.      Plaintiff, Counterdefendant, and Third Party Defendant, E. Allen Reeves, Inc., represents it is a Pennsylvania corporation, doing business at 1145 York Road, Abington, Pennsylvania,

19001. E. Allen Reeves performed as the general contractor on the Arts Council of Princeton project.

3.      Third Party Defendant, David Chou & Associates, is a Pennsylvania corporation, doing business at 1710 Walton Road, Suite 202, Blue Bell, Pennsylvania 19422. David Chou & Associates performed as the project Structural Engineering Sub-Consultant to Michael Graves & Associates, Inc.

4.      Third Party Defendant, Kelter & Gilligo Consulting Engineers, is a New Jersey Corporation, doing business at 14 Washington Road, Suite 221, Princeton Junction, New Jersey 08550. Kelter & Gilligo Consulting Engineers performed as the project Mechanical, Electrical, Plumbing, Fire Protection, and HVAC Systems Engineering Sub-Consultant to Michael Graves & Associates, Inc.

5.      Third Party Defendant, Fisher Marantz Stone, Inc., is a New York corporation, doing business at 22 West 19th Street, New York, New York 10011. Fisher Marantz Stone, Inc. performed as the project Lighting Sub-Consultant to Michael Graves & Associates, Inc.

6.      Third Party Defendant and Counterclaimant, the Arts Council of Princeton, is a New Jersey Non-Profit Organization, doing business at 102 Witherspoon Street, Princeton, New Jersey 08540. The Arts Council of Princeton is the owner of the project at issue in this litigation.

7.      Third Party Defendant, Sal Arnone, is a resident of New Jersey, residing at 51 Andover Drive, Kendall Park, NJ 08824. Sal Arnone is the Co-Chair, Trustee Building Committee of the Arts Council of Princeton and performed as the Owners Representative, on the behalf of the Arts Council of Princeton.

II.    **JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1). The amount in controversy the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

9.      Pursuant to 28 U.S.C. § 1391, the District of New Jersey is appropriate since the issues of this litigation relate to a construction project in Princeton, New Jersey.

III.    **FACTS – Common to the Second Amended Third Party Complaint**

10.     This litigation arises out of a construction project for the expansion and renovation of the Arts Council of Princeton's building (the "Project"), located at 102 Witherspoon Street, Princeton, New Jersey.

11.     The Arts Council of Princeton is the owner of the Project.

12.     On November 30, 2004, Michael Graves & Associates, Inc. entered into a written contract with the Arts Council of Princeton. Whereby, Michael Graves & Associates, Inc. agreed to provide architectural services for the Project.

13.     Michael Graves & Associates, Inc. prepared the Project architectural drawings and specifications.

14.     Michael Graves & Associates, Inc. retained Chou & Associates to perform as the project Structural Engineering Sub-Consultant. Chou & Associates provided structural engineering designs that Michael Graves & Associates, Inc. relied upon and incorporated into the Project architectural drawings and specifications.

15.     Michael Graves & Associates, Inc. retained Kelter & Gilligo Consulting Engineers to perform as the project Mechanical, Electrical, Plumbing, Fire Protection, and HVAC Systems Engineering Sub-Consultant. Kelter & Gilligo Consulting Engineers provided Mechanical,

Electrical, Plumbing, Fire Protection, and HVAC Systems Engineering designs that Michael Graves & Associates, Inc. relied upon and incorporated into the Project architectural drawings and specifications.

16.     Michael Graves & Associates, Inc. retained Fisher Marantz Stone, Inc. to perform as the project Lighting Sub-Consultant. Fisher Marantz Stone, Inc. provided Lighting designs that Michael Graves & Associates, Inc. relied upon and incorporated into the Project architectural drawings and specifications.

17.     The Arts Council of Princeton approved the Michael Graves & Associates, Inc. architectural design and specifications.

18.     Based upon the Michael Graves & Associates, Inc. architectural design and specifications, the project was prepared for bid. The proposed AIA Document A101-1997, Standard Form of Agreement Between Owner and Contractor incorporated the Michael Graves & Associates, Inc. architectural design and specifications, into the Contract Documents.

19.     The Arts Council of Princeton appointed Sal Arnone, Co-Chair, Trustee Building Committee of the Arts Council of Princeton, as the Owners Representative on the Project. Based upon information and belief, Sal Arnone, as the Co-Chair, Trustee Building Committee of the Arts Council of Princeton made all the project decisions and the approvals on behalf of the Arts Council of Princeton.

20.     The Arts Council of Princeton selected Reeves as the General Contractor for the Project.

21.     Reeves entered into a construction contract with the Arts Council of Princeton on January 23, 2006, whereby Reeves agreed to perform as the General Contractor for the Project.

22.      The Arts Council of Princeton and Reeves signed the contract without a prior review or comment by Michael Graves & Associates, Inc.

23.     The contract between the Arts Council of Princeton and Reeves required Reeves to perform the work in accordance with the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

24.     The contract between the Arts Council of Princeton and Reeves exempts Michael Graves & Associates, Inc. from responsibility for Reeves failure to adhere to the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

25.     The contract between the Arts Council of Princeton and Reeves required Reeves to warrant to Michael Graves & Associates, Inc. that the work will conform to the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

26.     The contract between the Arts Council of Princeton and Reeves required that the Architect may consider substitutions not properly approved or authorized, as defective.

27.     The Arts Council of Princeton, Sal Arnone and Reeves deviated from the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications. These deviations were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the deviations.

28.     The Arts Council of Princeton, Sal Arnone and Reeves made decisions and substitutions altering the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications. These decisions and substitutions were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the decisions or substitutions.

29.     The Arts Council of Princeton, Sal Arnone and Reeves incorporated changes in the Project that were not in conformance with the Contract Documents, which included the Michael

Graves & Associates, Inc. architectural drawings and specifications.  These changes were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the changes.

30.     The Arts Council of Princeton, Sal Arnone and Reeves made substitutions of lesser quality and shorter warranty periods that were not in conformance with the Michael Graves & Associates, Inc. architectural drawings and specifications. These substitutions were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the substitutions.

31.     Reeves submitted numerous unnecessary change orders.

32.     Reeves did not conduct biweekly job meetings, as required by the Michael Graves & Associates, Inc. specifications.  This deviation caused conflicts in the field, caused project delays and increased costs.

33.     Reeves delayed in the submission of the structural steel shop drawings. This deviation directly resulted in the delay in the structural steel fabrication and ultimately delayed the completion of the project.

34.     The Arts Council of Princeton and Sal Arnone, the Owners Representative, approved the un-coordinated deviations, substitutions, changes, decisions, unnecessary change orders without coordination with Michael Graves & Associates, Inc.

35.     Despite approving the un-coordinated deviations, substitutions, changes, decisions, unnecessary change orders, the Arts Council of Princeton has refused to pay Reeves the value of its services for the performance of its work.

36.     Based upon the un-coordinated deviations, substitutions, changes, decisions, unnecessary change orders, lack of biweekly meetings, and submission delays, Michael Graves & Associates,

Inc. was required to perform additional architectural services, which were necessary to evaluate the un-coordinated deviations to ensure the continued constructability of the Project.

37.     The Arts Council of Princeton and Reeves breached the contracts by failing to follow the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

38.     The Arts Council of Princeton, Sal Arnone and Reeves breached its duty by failing to coordinate with Michael Graves & Associates, Inc. in advance of the construction deviations, substitutions, changes, decisions that were not in conformance with the Michael Graves & Associates, Inc. architectural drawings and specifications.

39.     It was foreseeable that deviations, substitutions, and changes from the Michael Graves & Associates, Inc. architectural drawings and specifications would require Michael Graves & Associates, Inc. to expend additional efforts and resources, which were necessary to evaluate the un-coordinated deviations, substitutions, and changes to ensure the continued constructability of the Project, to the financial determent of Michael Graves & Associates, Inc.

40.     The un-coordinated deviations, substitutions, changes, decisions, unnecessary change orders, lack of biweekly meetings, and submission delays caused the failure of Reeves to complete its work in an timely, workman like and competent manner. The Arts Council of Princeton, Sal Arnone and Reeves failures caused Michael Graves & Associates, Inc. to expend additional efforts and resources, which were necessary to evaluate the un-coordinated deviations, substitutions, changes, decisions, and unnecessary change orders to ensure the continued constructability of the Project, to the financial determent of Michael Graves & Associates, Inc.

41.      The Arts Council of Princeton, Sal Arnone and Reeves deviations, substitutions, changes, decisions, and unnecessary change orders required Michael Graves & Associates, Inc.

to spend increased time and costs, unanticipated at the time it entered the contract with the Arts Council of Princeton, to the financial determent of Michael Graves & Associates, Inc. These efforts were necessary to evaluate the un-coordinated deviations, substitutions, changes, decisions, and unnecessary change orders to ensure the continued constructability of the Project, to the financial determent of Michael Graves & Associates, Inc.

42.      The additional architectural services of Michael Graves & Associates, Inc., which was necessary to evaluate the un-coordinated deviations, substitutions, changes, decisions, and unnecessary change orders, initiated by Reeves and approved by the Arts Council of Princeton and Sal Arnone, without coordination with Michael Graves & Associates, Inc., to ensure the continued constructability of the Project, was directly caused by the failure of the Arts Council of Princeton and Reeves to adhere to the Michael Graves & Associates, Inc. architectural design and specifications.

43.      The owner directed and approved changes required Michael Graves & Associates, Inc. to expend additional and unanticipated time and effort on the project to ensure the continued constructability of the Project, to the financial determent of Michael Graves & Associates, Inc.

44.      As a direct and proximate result of the Arts Council of Princeton, Sal Arnone and Reeves deviations from the Michael Graves & Associates, Inc. architectural design and specifications, Michael Graves & Associates, Inc. has incurred damages in excess of $1,052,645.00. These damages relate to increased architectural fees, sub-consultant fees, and expenses.

## IV.     __THIRD PARTY COMPLAINT__

Defendant, Counterclaimant, and Third Party Plaintiff Michael Graves & Associates, Inc., by and through counsel hereby brings this Third Party Complaint against the Third Party

Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; The Arts Council of Princeton; E. Allen Reeves, Inc.; and Sal Arnone as follows:

<u>COUNT I</u>

### Michael Graves & Associates, Inc. Demand for Indemnification for the E. Allen Reeves, Inc. Claims

(Third Party Defendants - Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; The Arts Council of Princeton; and Sal Arnone)

45.     Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

46.     The Plaintiff, Counterdefendant, and Third Party Defendant, E. Allen Reeves, Inc., in the above-captioned matter filed a Complaint seeking $1,436,848.00 in damages, as alleged in its Complaint.

47.     The Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc. were retained by and/or provided drawings, specifications and details to Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc.

48.     The Third Party Defendant and Counterclaimant, the Arts Council of Princeton, the Owner of the Project, approved deviations from the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications. These deviations were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the deviations.

49.     Despite approving the un-coordinated deviations, substitutions, changes, decisions, and unnecessary change orders, the Third Party Defendant and Counterdefendant, the Arts Council of Princeton, has refused to pay the Plaintiff, Counterdefendant and Third Party Defendant, E.

Allen Reeves, Inc., $1,436,848.00 claimed for the additional work related to the deviations from the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

50.     The Third Party Defendant, Sal Arnone, the Co-Chair, Trustee Building Committee of the Arts Council of Princeton, performed as the Owners Representative on the Project and approved deviations from the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications, on the behalf of the Third Party Defendant and Counterdefendant, the Arts Council of Princeton. These deviations were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the deviations.

51.     According to the Plaintiff, Counterdefendant, and Third Party Defendant, E. Allen Reeves, Inc., Complaint, the Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; The Arts Council of Princeton; and Sal Arnone, breached their duties and/or contractual obligations owed to Michael Graves & Associates, Inc.

52.     While denying any negligence in this action, the Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., say that if there was any negligence, then the negligence of Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc,., was passive and secondary only and the negligence and/or breach of contract of the third party defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; The Arts Council of Princeton; and Sal Arnone , was primary. Accordingly, Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; The Arts Council of Princeton; and Sal Arnone, are

obligated by operation of law, contract and otherwise to indemnify and defend Defendant,

Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., and hold

Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc.,

individually harmless from any and all claims which are the subject of this Third Party Complaint.

WHEREFORE, the Defendant, Counterclaimant, and Third Party Plaintiff, Michael

Graves & Associates, Inc., demand judgment for indemnification from Third Party Defendants,

David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.;

The Arts Council of Princeton; and Sal Arnone, along with counsel fees and costs of suit and

such other and further relief as the court deems equitable and just.

## COUNT II

### Michael Graves & Associates, Inc. Demand for Contribution for the E. Allen Reeves, Inc. Claims

(Third Party Defendants - Chou & Associates; Kelter & Gilligo Consulting Engineers;
Fisher Marantz Stone, Inc.; The Arts Council of Princeton; and Sal Arnone)

53.     Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates,

Inc. incorporates as if set forth fully herein the preceding paragraphs.

54.     The Plaintiff, Counterdefendant and Third Party Defendant, E. Allen Reeves, Inc., in the

above-captioned matter filed a Complaint seeking $1,436,848.00 in damages, as alleged in its

Complaint.

55.     The Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting

Engineers; Fisher Marantz Stone, Inc. were retained by and/or provided drawings, specifications

and details to Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves &

Associates, Inc.

56.     The Third Party Defendant and Counterclaimant, the Arts Council of Princeton, the

Owner of the Project, approved deviations from the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications. These deviations were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the deviations.

57.     Despite approving the un-coordinated deviations, substitutions, changes, decisions, and unnecessary change orders, the Third Party Defendant and Counterdefendant, the Arts Council of Princeton, has refused to pay the Plaintiff, Counterdefendant and Third Party Defendant, E. Allen Reeves, Inc., $1,436,848.00 claimed for the additional work related to the deviations from the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

58.     The Third Party Defendant, Sal Arnone, the Co-Chair, Trustee Building Committee of the Arts Council of Princeton, performed as the Owners Representative on the Project and approved deviations from the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications, on the behalf of the Third Party Defendant and Counterdefendant, the Arts Council of Princeton. These deviations were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the deviations.

59.     According to the Plaintiff, Counterdefendant, and Third Party Defendant, E. Allen Reeves, Inc., Complaint, the Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; The Arts Council of Princeton; and Sal Arnone breached their duties and/or contractual obligations owed to Michael Graves & Associates, Inc.

60.     Without admitting any liability herein, Defendant, Counterclaimant, and Third Party

Plaintiff, Michael Graves & Associates, Inc., assert that should liability in any respect, adverse verdict in favor of the plaintiff or any crossclaims be found against Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., then Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., is entitled to and hereby claims contribution from Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; The Arts Council of Princeton; and Sal Arnone, pursuant to the provisions of the applicable State Statute or Common Law, including, but not limited to the New Jersey Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 et seq. and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

WHEREFORE, the Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., hereby demand judgment for contribution against the Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; The Arts Council of Princeton; and Sal Arnone, jointly, severally, and in the alternative herein pursuant to and in accordance with the provisions of the New Jersey Joint Tortfeasors Contribution law, N.J.S.A. 2A:53A-1, et. seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et. seq.

## COUNT III

### Michael Graves & Associates, Inc. Demand for Indemnification for the Arts Council of Princeton Claims

(Third Party Defendants - Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; E. Allen Reeves, Inc. and Sal Arnone)

61. Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

62. The Third Party Defendant and Counterdefendant, the Arts Council of Princeton, in the

above-captioned matter filed a Counterclaim seeking $2,410,915.00 in damages, as alleged in its Counterclaim.

63.     The Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc. were retained by and/or provided drawings, specifications and details to Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc.

64.     The Plaintiff, Counterdefendant and Third Party Defendant, E. Allen Reeves, Inc., the General Contractor for the project, deviated from the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications. These deviations were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the deviations.

65.     The Third Party Defendant and Counterdefendant, the Arts Council of Princeton, is seeking $2,410,915.00 from the Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc. Of which, $1,436,848.00 is the value of the Plaintiff, Counterdefendant and Third Party Defendant, E. Allen Reeves, Inc.'s, claims for services for the performance of the additional work related to the deviations from the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

66.     Despite approving the un-coordinated deviations, substitutions, changes, decisions, and unnecessary change orders, the Third Party Defendant and Counterdefendant, the Arts Council of Princeton, has refused to pay the Plaintiff, Counterdefendant and Third Party Defendant, E. Allen Reeves, Inc., $1,436,848.00 claimed for the additional work related to the deviations from the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

67.     The Third Party Defendant, Sal Arnone, the Co-Chair, Trustee Building Committee of the Arts Council of Princeton, performed as the Owners Representative on the Project and approved deviations from the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications, on the behalf of the Third Party Defendant and Counterdefendant, the Arts Council of Princeton. These deviations were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the deviations.

68.     According to the Arts Council of Princeton's Counterclaim, the Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; E. Allen Reeves, Inc.; and Sal Arnone, breached their duties and/or contractual obligations owed to Michael Graves & Associates, Inc.

69.     While denying any negligence in this action, the Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., say that if there was any negligence, then the negligence of Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc,., was passive and secondary only and the negligence and/or breach of contract of the Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; E. Allen Reeves, Inc.; and Sal Arnone , was primary.  Accordingly, Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; E. Allen Reeves, Inc.; and Sal Arnone, are obligated by operation of law, contract and otherwise to indemnify and defend Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., and hold Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., individually harmless from any and all claims which are the subject of this Third Party Complaint.

WHEREFORE, the Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., demand judgment for indemnification from Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; E. Allen Reeves, Inc.; and Sal Arnone, along with counsel fees and costs of suit and such other and further relief as the court deems equitable and just.

## COUNT IV

### Michael Graves & Associates, Inc. Demand for Contribution for the Arts Council of Princeton Claims

(Third Party Defendants - Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; E. Allen Reeves, inc. and Sal Arnone)

70.     Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

71.     The Third Party Defendant and Counterdefendant, the Arts Council of Princeton, in the above-captioned matter filed a Counterclaim seeking $2,410,915.00 in damages, as alleged in its Counterclaim.

72.     The Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc. were retained by and/or provided drawings, specifications and details to Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc.

73.     The Plaintiff, Counterdefendant and Third Party Defendant, E. Allen Reeves, Inc., the General Contractor for the project, deviated from the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications. These deviations were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the deviations.

74.     The Third Party Defendant and Counterdefendant, the Arts Council of Princeton is seeking $2,410,915 from the Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc. Of which, $1,436,848.00 is the value of the Plaintiff, Counterdefendant and Third Party Defendant, E. Allen Reeves, Inc.'s, claims for services for the performance of the additional work related to the deviations from the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

75.     Despite approving the un-coordinated deviations, substitutions, changes, decisions, and unnecessary change orders, the Arts Council of Princeton has refused to pay the Plaintiff, Counterdefendant and Third Party Defendant, E. Allen Reeves, Inc., $1,436,848.00 claimed for the additional work related to the deviations from the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

76.     The Third Party Defendant, Sal Arnone, the Co-Chair, Trustee Building Committee of the Arts Council of Princeton, performed as the Owners Representative on the Project and approved deviations from the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications, on the behalf of the Third Party Defendant and Counterdefendant, the Arts Council of Princeton. These deviations were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the deviations.

77.     According to the Arts Council of Princeton's Counterclaim, the Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; E. Allen Reeves, Inc.; and Sal Arnone, breached their duties and/or contractual obligations owed to Michael Graves & Associates, Inc.

78.     Without admitting any liability herein, Defendant, Counterclaimant, and Third Party

Plaintiff, Michael Graves & Associates, Inc., assert that should liability in any respect, adverse verdict in favor of the plaintiff or any crossclaims be found against Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., then Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., is entitled to and hereby claims contribution from Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; The Arts Council of Princeton; and Sal Arnone, pursuant to the provisions of the applicable State Statute or Common Law, including, but not limited to the New Jersey Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 et seq. and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

WHEREFORE, the Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., hereby demand judgment for contribution against the Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; The Arts Council of Princeton; and Sal Arnone, jointly, severally, and in the alternative herein pursuant to and in accordance with the provisions of the New Jersey Joint Tortfeasors Contribution law, N.J.S.A. 2A:53A-1, et. seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et. seq.

## COUNT V

### Breach of Contract

(Third Party Defendant and Counterclaimant - The Arts Council of Princeton)

79.    Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

80.    Michael Graves & Associates, Inc. entered into a contract with the Arts Council of Princeton, whereby, Michael Graves & Associates, Inc. agreed to provide architectural services for the Project in exchange for payment for its architectural service.

81.    Michael Graves & Associates, Inc. prepared the Project architectural drawings and specifications in accordance industry and professional standards.

82.    The Arts Council of Princeton approved the Michael Graves & Associates, Inc. architectural design and specifications.

83.    Michael Graves & Associates, Inc. performed all of its architectural services in accordance industry and professional standards.

84.    The Arts Council of Princeton has reused to pay Michael Graves & Associates, Inc. the balance of its outstanding fees for the work it performed on the project and for the additional work Michael Graves & Associates, Inc. was required to perform.

85.    The failure of the Arts Council of Princeton to pay Michael Graves & Associates, Inc. the balance of its fees for its architectural service is a material breach of the Contract.

86.    As a direct and proximate result of the Arts Council of Princeton's breach of contract, Michael Graves & Associates, Inc. has incurred damages in excess of $1,052,645.00.

**Wherefore**, Defendant ,Counterclaimant and Third Party Plaintiff Michael Graves & Associates, Inc., demands trial by jury and judgment in its favor and against the Arts Council of Princeton, in the amount of $1,052,645.00, plus interest, cost of suite, attorneys' fees, and such further relief as this Court deems to be just and proper.

## <u>COUNT VI</u>

## <u>Quantum Meruit</u>

(Third Party Defendant and Counterclaimant - The Arts Council of Princeton)

20

87.     Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

88.     The Arts Council of Princeton received the benefit of the architectural services and the additional architectural services performed by Michael Graves & Associates, Inc. The additional architectural services were necessary to evaluate the un-coordinated deviations, substitutions, and changes initiated by Reeves and approved by the Arts Council of Princeton, without coordination with Michael Graves & Associates, Inc., to ensure the continued constructability of the Project

89.     Michael Graves & Associates, Inc. is entitled to quantum meruit for the value of its architectural services, architectural fees, sub-consultant fees, and expenses addressing the unilateral changes made by The Arts Council of Princeton and Reeves, which was necessary to evaluate the un-coordinated deviations, deviations, substitutions, and changes to ensure the continued constructability of the Project.

90.     The quantum meruit value of the architectural services, architectural fees, sub-consultant fees, and expenses required to address deviations, substitutions, and changes made by the Arts Council of Princeton Reeves is $1,052,645.00.

        **Wherefore**, Defendant ,Counterclaimant and Third Party Plaintiff Michael Graves & Associates, Inc., demands trial by jury and judgment in its favor and against the Arts Council of Princeton, in the amount of $1,052,645.00, plus interest, cost of suite, attorneys' fees, and such further relief as this Court deems to be just and proper.

## COUNT VII

## Unjust Enrichment

(Third Party Defendant and Counterclaimant - The Arts Council of Princeton)

21

91.    Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

92.    The Arts Council of Princeton received the benefit of the architectural services and the additional architectural services performed by Michael Graves & Associates, Inc. The additional architectural services were necessary to evaluate the un-coordinated deviations, substitutions, and changes initiated by Reeves and approved by the Arts Council of Princeton, without coordination with Michael Graves & Associates, Inc., to ensure the continued constructability of the Project

93.    Reeves submitted the required payment applications, attesting that its work was completed in conformance with the Contract Documents, which included the Michael Graves & Associates, Inc. architectural design and specifications.

94    The payment applications submitted by Reeves included payment requests for additional work related to the un-coordinated deviations, substitutions, and changes initiated by Reeves and approved by the Arts Council of Princeton, without coordination with Michael Graves & Associates, Inc.

95.    Michael Graves & Associates, Inc. provided architectural services, additional architectural services and related services for the Project, which were necessary to evaluate the un-coordinated deviations, substitutions, and changes to ensure the continued constructability of the Project. The additional architectural and related services were specifically required to address the Arts Council of Princeton approved deviations, substitutions, and changes by Reeves from the Michael Graves & Associates, Inc. architectural design and specifications, which was necessary to ensure the continued constructability of the Project.

96.     The Arts Council of Princeton received the benefit of the architectural services and

additional architectural services performed by Michael Graves & Associates, Inc. The additional

architectural services were necessary to evaluate the un-coordinated deviations, substitutions,

and changes to ensure the continued constructability of the Project.

97.     The Arts Council of Princeton has been unjustly enriched by accepting the architectural

services  and additional architectural services from Michael Graves & Associates, Inc.

        **Wherefore**, Defendant ,Counterclaimant and Third Party Plaintiff Michael Graves &

Associates, Inc., demands trial by jury and judgment in its favor and against the Arts Council of

Princeton, in the amount of $1,052,645.00, plus interest, cost of suite, attorneys' fees, and such

further relief as this Court deems to be just and proper.

## **DEMAND FOR TRIAL BY JURY**

        **PLEASE TAKE NOTICE** that answering defendant hereby demands a trial by jury on

all issues.


                                MARSHALL, DENNEHEY, WARNER
                                COLEMAN & GOGGIN


                                By: /s/ Raymond J. Michaud
                                _____
                                JOHN H. OSORIO, ESQUIRE
                                RAYMOND J. MICHAUD, ESQUIRE

                                200 Lake Drive East
                                Cherry Hill, NJ 08002
                                856-414-6000
                                Attorneys for Michael Graves & Associates, Inc

DATED:  August 27, 2010
06/1937948.v1