UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| E. ALLEN REEVES, INC., | : Civil Action No.: 10-1393 (JAP) |
| Plaintiff, | : |
| v. | : PRETRIAL SCHEDULING ORDER |
| MICHAEL GRAVES & ASSOCIATES, INC., et al., | : |
| Defendants. | : |

This matter having come before the Court during an initial conference, pursuant to **Fed. R. Civ. P.** 16; and the Court having considered the positions of the parties; and good cause having been shown;

IT IS on this **10th** day of **September**, 2010,

**ORDERED THAT:**

1. In accordance with **Fed. R. Civ. P.** 26(a)(1), each party will submit a letter, no later than **9/23/10**, to the undersigned certifying that initial disclosure has been made. This material will **NOT** be filed with the Clerk of the Court.

2. Any motion to join new parties, whether by amended or third-party complaint, must be filed no later than **10/8/10** and made returnable on **11/1/10**.

3. Any motion to amend the pleadings must be filed no later than **10/8/10** and made returnable on **11/1/10**.

4. The parties will have until **12/31/10** to complete all written discovery. The parties will have until **5/25/11** to complete all fact depositions.

5. Counsel will confer in an attempt to resolve any discovery or case management disputes before making such dispute the subject of a motion. No discovery motion will be entertained absent counsel's full compliance with **L. Civ. R.** 37.1(a)(1); *see also* **L. Civ. R.** 16.1(f).

6. Any discovery or case management disputes will be brought to the attention of the United States Magistrate Judge no later than **8/29/11**. **L. Civ. R.** 37.1(a)(1); *see also* **Loc. Civ. R.** 16.1(f).

7. In accordance with **Fed. R. Civ. P.** 30, the parties shall be limited to **ten** depositions, per side, except upon leave of Court. In accordance with **Fed. R. Civ. P.** 33, the parties shall be limited to **twenty-five** interrogatories, (including all subparts), per party, except upon leave of Court.

      8.  Affirmative expert reports are due no later than **7/22/11**.

      9.  Rebuttal expert reports are due no later than **8/29/11**.

      10.  No expert shall testify at the time of trial as to any opinions, nor base those opinions on facts, not substantially disclosed in any report as described in the preceding paragraphs.

      11.  Expert depositions, if any, may be conducted as late as within **two weeks** after the Final Pretrial Conference.

      12.  A settlement conference will be set at the time of the aforementioned conference call. No later than seven days prior to the settlement conference, each party is to deliver to the Court a confidential letter, **NOT to exceed 5 pages in total**, summarizing the relevant facts, the respective legal positions, status of the case, and the client's position of settlement. Trial counsel and clients with full settlement authority are to be present **IN PERSON** at the conference. Any failure in this regard shall result in the imposition of sanctions.

      13.  Any dispositive motions must be filed by **11/11/11**, and made returnable on **12/19/11**.

      14.  A final pretrial conference will be held before the undersigned on **1/27/12 at 11:00 AM**.

      15.  At the pretrial conference counsel should be prepared to discuss settlement of the case. Clients must be available by telephone.

      16.  The attorneys for all parties are further directed to meet together by agreement, initiated by counsel for the plaintiff no later than ten (10) days before the date of the pretrial conference to:

    a.    discuss settlement;

    b.    stipulate to as many facts and issues as possible;

    c.    prepare a Final Pretrial Order in the form and content as required by the Court. Plaintiff's counsel will prepare the Final Pretrial Order and will submit it to all other counsel for approval and execution. The original and one copy of the executed Final Pretrial Order will be delivered to the pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Stipulation and Order;

    d.    examine all exhibits and documents proposed to be used at trial;

    e.    complete all other matters which may expedite both the pretrial and trial of the case;

    f.    submit an original and one copy of the proposed Final Pretrial Order at least (5) days in advance of the conference; and

    g.    affix appropriate markers to the exhibits at or prior to the time they are shown to opposing counsel at the meeting of counsel referred to above; each marker will bear the number of the exhibit to which it is affixed.

17. Any proposed confidentiality order agreed to by the parties must be accompanied by a separate statement showing specific good cause for the entry of the order and must comply with **L. Civ. R.** 5.3.

18. The Court may, from time to time, schedule conferences as may be required, either on its own motion or at the request of the parties.

19. Since all dates set forth herein are established with the assistance and knowledge of the parties, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties.

20. Failure to appear at subsequent conferences, or to comply with any of the terms of this Order, may result in sanctions.

21. The parties are advised that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the parties. This equipment includes an evidence presentation system, which consists of a document camera and a projector. The projector may be used to display images which originate from a variety of sources, including television, VCR and personal computer. The document camera may be used to display documents, photographs, charts, transparencies and small objects. For further information, please contact the Courtroom Deputy Mark Morelli.

22. An original copy of any letter memoranda that is faxed or emailed to Chambers should **NOT** be mailed to Chambers, unless specifically advised otherwise. All proposed orders and letter memoranda emailed to Chambers should be in WordPerfect format and emailed to: tjb_orders@njd.uscourts.gov. Any letter may be faxed to (609) 989-0435. Any filings with the Clerk of the Court should be in PDF format.

23. Counsel MUST NOT file correspondence, including discovery or status letters, via CM/ECF unless instructed by the Court. Chambers will not receive notice of any such postings. If Counsel wish to have correspondence entered onto the Court docket, they may include this request in the correspondence to the undersigned.

24. Counsel are invited to use the George H. Barlow Attorney Conference Room located on the third floor of the Courthouse Annex. The room is equipped with telephones, laptop and printer access, copier, and facsimile.

/s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI,**
**United States Magistrate Judge**