# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E. ALLEN REEVES, INC. | : CIVIL ACTION NO. |
| | : 3:10-CV-01393-JAP-TJB |
|     Plaintiff | : |
| v. | : |
| | : |
| MICHAEL GRAVES & ASSOCIATES, INC. | : |
| | : |
|     Defendant | : |
| | : |
| MICHAEL GRAVES & ASSOCIATES, INC. | : |
| | : |
|     Counterclaimant, | : |
| | : |
| E. ALLEN REEVES, INC. | : |
| | : |
|     Counterdefendant | : |
| | : |
| MICHAEL GRAVES & ASSOCIATES, INC. | : |
| | : |
|     Third Party Plaintiff, | : |
| | : |
| DAVID CHOU & ASSOCIATES; | : |
| KELTER & GILLIGO CONSULTING ENGINEERS; | : |
| FISHER MARANTZ STONE, INC.; | : |
| THE ARTS COUNCIL OF PRINCETON; | : |
| SAL ARNONE; | : |
| JOHN DOES 1-50, | : |
| | : |
|     Third Party Defendants, | : |
| | : |
| ARTS COUNCIL OF PRINCETON | : |
| | : |
|     Counterclaimant, | : |
|                 v. | : |
| | : |
| MICHAEL GRAVES & ASSOCIATES, INC. | : |
| | : |
|     Counterdefendant, | : |

**DEFENDANT, COUNTERCLAIMANT, AND THIRD-PARTY PLAINTIFF, MICHAEL GRAVES & ASSOCIATES, INC.'S ANSWER TO THE COUNTERCLAIM OF DAVID CHOU & ASSOCIATES**

Michael Graves & Associates, Inc., doing business at 341 Nassau Street, Princeton, New Jersey 08540, by way of Answer to the Counterclaim of David Chou & Associates says:

**COUNTERCLAIM AGAINST THIRD-PARTY PLAINTIFF**

1. Admitted.

2. Denied as stated.

3. Denied as stated.

4. Denied.

WHEREFORE, Michael Graves & Associates, Inc. denies liability to the third-party defendant in any sum whatsoever.

**SEPARATE DEFENSES**

The answering defendants performed each and every duty which was owed to the defendant/third-party plaintiff.

No duty was owed to the defendant/third-party plaintiff.

The Complaint of the defendant/third-party plaintiff is barred by reason of its voluntary assumption of the risk of injury.

The Complaint of the defendant/third-party plaintiff is barred by the application of the appropriate Statute of Limitations.

The incident described in the Complaint was caused wholly or partly by the negligence, recklessness or intentional acts of the defendant/third-party plaintiff and defendant/third-party plaintiff is barred from recovery or the recovery is reduced thereby.

The alleged injuries of the defendant/third-party plaintiff were caused in whole or in part by third parties over whom the answering defendants had no control.

The Complaint of the defendant/third-party plaintiff, in whole or in part fails to state a claim upon which relief may be granted against the answering defendants and answering defendants reserve the right to move at the time of trial or prior thereto to dismiss the Complaint of the defendant/third-party plaintiff, in whole or in part.

The answering defendants will require formal proof of the averments of the Complaint and assert that defendant/third-party plaintiff received all benefits to which it is entitled.

The answering defendants are not amenable to the jurisdiction of this Court as there is no personal jurisdiction, venue is improper, service was insufficient and process was insufficient.

The alleged incident was unavoidable.

The claims of the defendant/third-party plaintiff are barred by the Entire Controversy Doctrine and the Mandatory Counterclaim Rule.

The defendant/third-party plaintiff is barred from recovery, or the recovery must be reduced thereby, due to the defendant/third-party plaintiff's own negligence, comparative negligence and/or reckless and/or intentional acts.

This matter is barred by the application of the Doctrine of *Res Judicata* and/or Collateral Estoppel.

The allegations contained in the pleading of the defendant/third-party plaintiff constitute a frivolous claim, in whole or in part, pursuant to N.J.S.A. §2A:15-59.1 and the answering defendants reserve the right to make a claim for relief under this provision.

### CROSSCLAIM FOR CONTRIBUTION

Defendant demands contribution from the co-defendants and any other defendants hereinafter named under the terms of the New Jersey Joint Tortfeasor Contribution Act, N.J.S.A. 2A:53A-1 et seq., the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq and the New Jersey Tort Claims Act, N.J.S.A. 59:8-1 et seq.

### CROSSCLAIM FOR INDEMNITY

Defendant demands indemnity from the co-defendants and any other defendants hereinafter named, both contractually and at common law.

### ANSWER TO CROSSCLAIMS

Answering defendant hereby denies all allegations contained in all crossclaims files against it herein or at a later date.

### REPLY TO CO-DEFENDANTS' CROSSCLAIMS FOR CONTRIBUTION AND INDEMNITY

Defendant/third-party plaintiff Michael Graves & Associates, Inc., hereby denies liability for any and all crossclaims for contribution and/or indemnity asserted by the co-defendants in this action.

### DEMAND FOR TRIAL BY JURY

**PLEASE TAKE NOTICE** that answering defendant hereby demands a trial by jury on all issues.

## **DEMAND FOR STATEMENT OF DAMAGES CLAIMED**

Pursuant to Rule 4:5-2 you are hereby requested to provide within five (5) days after service hereof, a Statement of Amount of Damages Claimed by you in each Count of the Complaint.

## **RESERVATION OF DEFENSES AND OBJECTIONS**

Defendant hereby reserves the right to interpose such other defenses and objections as a continuing investigation may disclose.

                                                      Respectfully Submitted,
                                                      MARSHALL, DENNEHEY, WARNER,
                                                      COLEMAN & GOGGIN

                                                      /s/ Raymond J. Michaud, Esq.
                                                      _____
                                                      Raymond J. Michaud, Esq.
                                                      *Attorney for Defendant,*
                                                      *Michael Graves & Associates, Inc.*

Dated: September 13, 2010

06/1958152.v1