## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E. ALLEN REEVES, INC. | : CIVIL ACTION NO. |
| | : 3:10-CV-01393-JAP-TJB |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| MICHAEL GRAVES & ASSOCIATES, INC. | : |
| | : |
| Defendant | : |
| | : |
| MICHAEL GRAVES & ASSOCIATES, INC. | : |
| | : |
| Counterclaimant, | : |
| | : |
| E. ALLEN REEVES, INC. | : |
| | : |
| Counterdefendant | : |
| | : |
| MICHAEL GRAVES & ASSOCIATES, INC. | : |
| | : |
| Third Party Plaintiff, | : |
| | : |
| DAVID CHOU & ASSOCIATES; | : |
| KELTER & GILLIGO CONSULTING | : |
| ENGINEERS; | : |
| FISHER MARANTZ STONE, INC.; | : |
| THE ARTS COUNCIL OF PRINCETON; | : |
| SAL ARNONE; | : |
| JOHN DOES 1-50, | : |
| | : |
| Third Party Defendants, | : |
| | : |

**DEFENDANT, COUNTERCLAIMANT, AND THIRD PARTY PLAINTIFF,
MICHAEL GRAVES & ASSOCIATES, INC,
AMENDED COUNTERCLAIM**

Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., by and through counsel hereby counterclaims against Plaintiff and Counterdefendant, E. Allen Reeves, Inc., as follows:

1.      Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., is an Architectural firm, created and organized under the laws of the State of New Jersey and conducts its business at 341 Nassau Street, Princeton, New Jersey 08540.

2.      Plaintiff and Counterdefendant, E. Allen Reeves, Inc., represents it is a Pennsylvania corporation, doing business at 1145 York Road, Abington, Pennsylvania, 19001. E. Allen Reeves performed as the general contractor on the Arts Council of Princeton project.

3.      Third Party Defendant and Counterclaimant, David Chou & Associates, is a Pennsylvania corporation, doing business at 1710 Walton Road, Suite 202, Blue Bell, Pennsylvania 19422. David Chou & Associates performed as the project Structural Engineering Sub-Consultant to Michael Graves & Associates, Inc.

4.      Third Party Defendant and Counterclaimant, Kelter & Gilligo Consulting Engineers, is a New Jersey Corporation, doing business at 14 Washington Road, Suite 221, Princeton Junction, New Jersey 08550. Kelter & Gilligo Consulting Engineers performed as the project Mechanical, Electrical, Plumbing, Fire Protection, and HVAC Systems Engineering Sub-Consultant to Michael Graves & Associates, Inc.

5.      Third Party Defendant, Fisher Marantz Stone, Inc., is a New York corporation, doing business at 22 West 19th Street, New York, New York 10011. Fisher Marantz Stone, Inc. performed as the project Lighting Sub-Consultant to Michael Graves & Associates, Inc.

6.      Third Party Defendant and Counterclaimant, the Arts Council of Princeton, is a New Jersey Non-Profit Organization, doing business at 102 Witherspoon Street, Princeton, New Jersey 08540. The Arts Council of Princeton is the owner of the project at issue in this litigation.

7.      Third Party Defendant, Sal Arnone, is a resident of New Jersey, residing at 51 Andover Drive, Kendall Park, NJ 08824. Sal Arnone is the Co-Chair, Trustee Building Committee of the Arts Council of Princeton and performed as the Owners Representative, on the behalf of the Arts Council of Princeton.

## II.      JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1). The amount in controversy the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

9.      Pursuant to 28 U.S.C. § 1391, the District of New Jersey is appropriate since the issues of this litigation relate to a construction project in Princeton, New Jersey.

## III.      FACTS – Common to the Amended Counterclaim

10.      This litigation arises out of a construction project for the expansion and renovation of the Arts Council of Princeton's building (the "Project"), located at 102 Witherspoon Street, Princeton, New Jersey.

11.      The Arts Council of Princeton is the owner of the Project.

12.      On November 30, 2004, Michael Graves & Associates, Inc. entered into a written contract with the Arts Council of Princeton. Whereby, Michael Graves & Associates, Inc. agreed to provide architectural services for the Project.

13.      Michael Graves & Associates, Inc. prepared the Project architectural drawings and specifications.

14.     Michael Graves & Associates, Inc. retained Chou & Associates to perform as the project Structural Engineering Sub-Consultant. Chou & Associates provided structural engineering designs that Michael Graves & Associates, Inc. relied upon and incorporated into the Project architectural drawings and specifications.

15.     Michael Graves & Associates, Inc. retained Kelter & Gilligo Consulting Engineers to perform as the project Mechanical, Electrical, Plumbing, Fire Protection, and HVAC Systems Engineering Sub-Consultant. Kelter & Gilligo Consulting Engineers provided Mechanical, Electrical, Plumbing, Fire Protection, and HVAC Systems Engineering designs that Michael Graves & Associates, Inc. relied upon and incorporated into the Project architectural drawings and specifications.

16.     Michael Graves & Associates, Inc. retained Fisher Marantz Stone, Inc. to perform as the project Lighting Sub-Consultant. Fisher Marantz Stone, Inc. provided Lighting designs that Michael Graves & Associates, Inc. relied upon and incorporated into the Project architectural drawings and specifications.

17.     The Arts Council of Princeton approved the Michael Graves & Associates, Inc. architectural design and specifications.

18.     Based upon the Michael Graves & Associates, Inc. architectural design and specifications, the project was prepared for bid. The proposed AIA Document A101-1997, Standard Form of Agreement Between Owner and Contractor incorporated the Michael Graves & Associates, Inc. architectural design and specifications, into the Contract Documents.

19.     The Arts Council of Princeton appointed Sal Arnone, Co-Chair, Trustee Building Committee of the Arts Council of Princeton, as the Owners Representative on the Project. Based upon information and belief, Sal Arnone, as the Co-Chair, Trustee Building Committee of the

Arts Council of Princeton made all the project decisions and the approvals on behalf of the Arts Council of Princeton.

20.     The Arts Council of Princeton selected Reeves as the General Contractor for the Project.

21.     Reeves entered into a construction contract with the Arts Council of Princeton on January 23, 2006, whereby Reeves agreed to perform as the General Contractor for the Project.

22.      The Arts Council of Princeton and Reeves signed the contract without a prior review or comment by Michael Graves & Associates, Inc.

23.     The contract between the Arts Council of Princeton and Reeves required Reeves to perform the work in accordance with the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

24.     The contract between the Arts Council of Princeton and Reeves exempts Michael Graves & Associates, Inc. from responsibility for Reeves failure to adhere to the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

25.     The contract between the Arts Council of Princeton and Reeves required Reeves to warrant to Michael Graves & Associates, Inc. that the work will conform to the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

26.     The contract between the Arts Council of Princeton and Reeves required that the Architect may consider substitutions not properly approved or authorized, as defective.

27.     The Arts Council of Princeton, Sal Arnone and Reeves deviated from the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications. These deviations were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the deviations.

28.     The Arts Council of Princeton, Sal Arnone and Reeves made decisions and substitutions altering the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications. These decisions and substitutions were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the decisions or substitutions.

29.     The Arts Council of Princeton, Sal Arnone and Reeves incorporated changes in the Project that were not in conformance with the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.  These changes were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the changes.

30.     The Arts Council of Princeton, Sal Arnone and Reeves made substitutions of lesser quality and shorter warranty periods that were not in conformance with the Michael Graves & Associates, Inc. architectural drawings and specifications. These substitutions were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the substitutions.

31.     Reeves submitted numerous unnecessary change orders.

32.     Reeves did not conduct biweekly job meetings, as required by the Michael Graves & Associates, Inc. specifications.  This deviation caused conflicts in the field, caused project delays and increased costs.

33.     Reeves delayed in the submission of the structural steel shop drawings. This deviation directly resulted in the delay in the structural steel fabrication and ultimately delayed the completion of the project.

34.     The Arts Council of Princeton and Sal Arnone, the Owners Representative, approved the un-coordinated deviations, substitutions, changes, decisions, unnecessary change orders without coordination with Michael Graves & Associates, Inc.

35.     Despite approving the un-coordinated deviations, substitutions, changes, decisions, unnecessary change orders, the Arts Council of Princeton has refused to pay Reeves the value of its services for the performance of its work.

36.     Based upon the un-coordinated deviations, substitutions, changes, decisions, unnecessary change orders, lack of biweekly meetings, and submission delays, Michael Graves & Associates, Inc. was required to perform additional architectural services, which were necessary to evaluate the un-coordinated deviations to ensure the continued constructability of the Project.

37.     The Arts Council of Princeton and Reeves breached the contracts by failing to follow the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

38.     The Arts Council of Princeton, Sal Arnone and Reeves breached its duty by failing to coordinate with Michael Graves & Associates, Inc. in advance of the construction deviations, substitutions, changes, decisions that were not in conformance with the Michael Graves & Associates, Inc. architectural drawings and specifications.

39.     It was foreseeable that deviations, substitutions, and changes from the Michael Graves & Associates, Inc. architectural drawings and specifications would require Michael Graves & Associates, Inc. to expend additional efforts and resources, which were necessary to evaluate the un-coordinated deviations, substitutions, and changes to ensure the continued constructability of the Project, to the financial determent of Michael Graves & Associates, Inc.

40.     The un-coordinated deviations, substitutions, changes, decisions, unnecessary change orders, lack of biweekly meetings, and submission delays caused the failure of Reeves to complete its work in an timely, workman like and competent manner. The Arts Council of Princeton, Sal Arnone and Reeves failures caused Michael Graves & Associates, Inc. to expend additional efforts and resources, which were necessary to evaluate the un-coordinated deviations, substitutions, changes, decisions, and unnecessary change orders to ensure the continued constructability of the Project, to the financial determent of Michael Graves & Associates, Inc.

41.     The Arts Council of Princeton, Sal Arnone and Reeves deviations, substitutions, changes, decisions, and unnecessary change orders required Michael Graves & Associates, Inc. to spend increased time and costs, unanticipated at the time it entered the contract with the Arts Council of Princeton, to the financial determent of Michael Graves & Associates, Inc. These efforts were necessary to evaluate the un-coordinated deviations, substitutions, changes, decisions, and unnecessary change orders to ensure the continued constructability of the Project, to the financial determent of Michael Graves & Associates, Inc.

42.     The additional architectural services of Michael Graves & Associates, Inc., which was necessary to evaluate the un-coordinated deviations, substitutions, changes, decisions, and unnecessary change orders, initiated by Reeves and approved by the Arts Council of Princeton and Sal Arnone, without coordination with Michael Graves & Associates, Inc., to ensure the continued constructability of the Project, was directly caused by the failure of the Arts Council of Princeton and Reeves to adhere to the Michael Graves & Associates, Inc. architectural design and specifications.

43.     The owner directed and approved changes required Michael Graves & Associates, Inc. to expend additional and unanticipated time and effort on the project to ensure the continued constructability of the Project, to the financial determent of Michael Graves & Associates, Inc.

44.     As a direct and proximate result of the Arts Council of Princeton, Sal Arnone and Reeves deviations from the Michael Graves & Associates, Inc. architectural design and specifications, Michael Graves & Associates, Inc. has incurred damages in excess of $1,052,645.00. These damages relate to increased architectural fees, sub-consultant fees, and expenses.


## IV.     COUNTERCLAIM

Defendant, Counterclaimant and Third Party Plaintiff, Michael Graves & Associates, Inc., by and through counsel hereby bring this counterclaim against Plaintiff and Counterdefendant, E. Allen Reeves, Inc., as follows:

### COUNT I
### (Negligence – Tort)

45.     Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

46.     Reeves owed a duty to perform the work with the care, skill and diligence required of a general contractor with a high level of experience and expertise in construction and supervision of a project this size, complexity and nature of the particular Project.

47.     Reeves owed a duty to construct the Project in conformance with the Michael Graves & Associates, Inc. architectural design and specifications.

48.     Reeves breached its duty through its numerous deviations, substitutions, and changes from the Michael Graves & Associates, Inc. architectural design and specifications.

49.     Reeves breached its duty, by performing its work in a substandard and deficient manner and not adhering to the terms of its contract and the architectural design and specifications of Michael Graves & Associates, Inc.

50.     Reeves knew that its deviations, substitutions, and changes from the Michael Graves & Associates, Inc. architectural design and specifications would require Michael Graves & Associates, Inc. to expend additional time and effort to coordinate a redesign effort to ensure compliance with permits, codes, ordinances, and other construction requirements, which was necessary to ensure the continued constructability of the Project.

51.     Reeves negligently and carelessly failed to construct the Project in conformance with the Michael Graves & Associates, Inc. architectural design and specifications.

52.     As a direct and proximate result of Reeve's poor work performance and deviations, substitutions, and changes from the Michael Graves & Associates, Inc. architectural design and specifications, Michael Graves & Associates, Inc. has incurred damages in excess of $1,052,645.00.

        **Wherefore**, Defendant ,Counterclaimant and Third Party Plaintiff Michael Graves & Associates, Inc., demands trial by jury and judgment in its favor and against the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., in the amount of $1,052,645.00, plus interest, cost of suite, attorneys' fees, and such further relief as this Court deems to be just and proper.


## COUNT II
### (Breach of Express Warranty)

53.     Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

54.     Per the contract between the Arts Council of Princeton and Reeves, Reeves expressly warranted to Michael Graves & Associates, Inc. that the work would conform to the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural design and specifications.

55.     The work provided by Reeves on the Project did not conform to the Contract Documents, which included the Michael Graves & Associates, Inc. architectural design and specifications.

56.     Reeves deviations, substitutions, and changes from the Michael Graves & Associates, Inc. architectural design and specifications breached its warrant to Michael Graves & Associates, Inc.

57.     Michael Graves & Associates, Inc. has been damaged as a direct result of Reeves' foregoing breach of warranty.

**Wherefore**, Defendant ,Counterclaimant and Third Party Plaintiff Michael Graves & Associates, Inc., demands trial by jury and judgment in its favor and against the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., in the amount of $1,052,645.00, plus interest, cost of suite, attorneys' fees, and such further relief as this Court deems to be just and proper.

## <u>COUNT III</u>
### (Breach of Implied Warranty)

58.     Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

59.     By agreeing to perform the work as specified in the Contract Documents, which included the Michael Graves & Associates, Inc. architectural design and specifications, Reeves impliedly undertook to perform its work in a manner that would conform to the Contract Documents.

60.     The work provided by Reeves on the Project did not conform to the Contract Documents, which included the Michael Graves & Associates, Inc. architectural design and specifications.

61.     Reeves deviations, substitutions, and changes from the Michael Graves & Associates, Inc. architectural design and specifications breached its warrant to Michael Graves & Associates, Inc.

62.     Michael Graves & Associates, Inc. has been damaged as a direct result of Reeves' foregoing breach of warranty.

**Wherefore**, Defendant ,Counterclaimant and Third Party Plaintiff Michael Graves & Associates, Inc., demands trial by jury and judgment in its favor and against the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., in the amount of $1,052,645.00, plus interest, cost of suite, attorneys' fees, and such further relief as this Court deems to be just and proper.

### COUNT IV
### (Unjust Enrichment)

63.     Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs..

64.     Reeves submitted the required payment applications, attesting that its work was completed in conformance with the Contract Documents, which included the Michael Graves & Associates, Inc. architectural design and specifications.

65     The payment applications submitted by Reeves included payment requests for additional work related to the un-coordinated deviations, substitutions, and changes initiated by Reeves.

66.     Michael Graves & Associates, Inc. provided additional architectural and related services for the Project, which were necessary to evaluate the un-coordinated deviations, substitutions, and changes to ensure the continued constructability of the Project. The additional architectural and related services were specifically required to address Reeves' deviations, substitutions, and changes from the Michael Graves & Associates, Inc. architectural design and specifications, which was necessary to ensure the continued constructability of the Project.

67.    Reeves received the benefit of the additional design work performed by Michael Graves & Associates, Inc. The additional design work was necessary to evaluate the un-coordinated deviations, substitutions, and changes to ensure the continued constructability of the Project.

68.    Reeves has been unjustly enriched by accepting or claiming payment for work related to its deviations, substitutions, and changes initiated by Reeves.

Wherefore, Defendant ,Counterclaimant and Third Party Plaintiff Michael Graves & Associates, Inc., demands trial by jury and judgment in its favor and against the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., in the amount of $1,052,645.00, plus interest, cost of suite, attorneys' fees, and such further relief as this Court deems to be just and proper.

## COUNT V
### (Quantum Meruit)

69.    Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

70.    Reeves received the benefit of the additional design work performed by Michael Graves & Associates, Inc. The additional design work was necessary to evaluate the un-coordinated deviations, substitutions, and changes to ensure the continued constructability of the Project.

71.    Michael Graves & Associates, Inc. is entitled to quantum meruit for the value of its architectural fees, sub-consultant fees, and expenses addressing the unilateral changes made by Reeves, which was necessary to evaluate the un-coordinated deviations, deviations, substitutions, and changes to ensure the continued constructability of the Project.

72.    The quantum meruit value of the architectural fees, sub-consultant fees, and expenses required to address deviations, substitutions, and changes made by Reeves is $1,052,645.00.

Wherefore, Defendant ,Counterclaimant and Third Party Plaintiff Michael Graves & Associates, Inc., demands trial by jury and judgment in its favor and against the Plaintiff and

Counterdefendant, E. Allen Reeves, Inc., in the amount of $1,052,645.00, plus interest, cost of

suite, attorneys' fees, and such further relief as this Court deems to be just and proper.

## COUNT VI
### (Demand for Indemnification for the Arts Council of Princeton Claims)

73.     Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates,

Inc. incorporates as if set forth fully herein the preceding paragraphs.

74.     The Third Party Defendant and Counterdefendant, the Arts Council of Princeton, in the

above-captioned matter filed a Counterclaim seeking $2,410,915.00 in damages, as alleged in its

Counterclaim.

75.     The Plaintiff and Counterdefendant, E. Allen Reeves, Inc., the General Contractor for the

project, deviated from the requirements of the Contract Documents, which included the Michael

Graves & Associates, Inc. architectural drawings and specifications. These deviations were not

coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the

deviations.

76.     The Third Party Defendant and Counterdefendant, the Arts Council of Princeton, is

seeking $2,410,915.00 from the Defendant, Counterclaimant, and Third Party Plaintiff, Michael

Graves & Associates, Inc. Of which, $1,436,848.00 is the value of  the Plaintiff, and

Counterdefendant, E. Allen Reeves, Inc.'s, claims for services for the performance of the

additional work related to the deviations from the Contract Documents, which included the

Michael Graves & Associates, Inc. architectural drawings and specifications.

77.     Despite approving the un-coordinated deviations, substitutions, changes, decisions, and

unnecessary change orders, the Third Party Defendant and Counterdefendant, the Arts Council of

Princeton, has refused to pay the Plaintiff and Counterdefendant, E. Allen Reeves, Inc.,

$1,436,848.00 claimed for the additional work related to the deviations from the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

78.     According to the Arts Council of Princeton's Counterclaim, the Plaintiff and Counterdefendant, E. Allen Reeves, Inc. breached its duties and/or contractual obligations owed to Michael Graves & Associates, Inc.

79.     While denying any negligence in this action, the Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., say that if there was any negligence, then the negligence of Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc,., was passive and secondary only and the negligence and/or breach of contract of the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., was primary.  Accordingly, the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., is obligated by operation of law, contract and otherwise to indemnify and defend Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., and hold Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., individually harmless from any and all claims which are the subject of the Arts Council of Princeton's Counterclaim.

**Wherefore**, the Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., demand judgment for indemnification from Plaintiff and Counterdefendant, E. Allen Reeves, Inc., along with counsel fees and costs of suit and such other and further relief as the court deems equitable and just.

## COUNT VII
**(Demand for Contribution for the Arts Council of Princeton Claims)**

80.     Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

81.     The Third Party Defendant and Counterdefendant, the Arts Council of Princeton, in the above-captioned matter filed a Counterclaim seeking $2,410,915.00 in damages, as alleged in its Counterclaim.

82.     The Plaintiff and Counterdefendant, E. Allen Reeves, Inc., the General Contractor for the project, deviated from the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications. These deviations were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the deviations.

83.     The Third Party Defendant and Counterdefendant, the Arts Council of Princeton is seeking $2,410,915 from the Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc. Of which, $1,436,848.00 is the value of  the Plaintiff and Counterdefendant, E. Allen Reeves, Inc.'s, claims for services for the performance of the additional work related to the deviations from the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

84.     Despite approving the un-coordinated deviations, substitutions, changes, decisions, and unnecessary change orders, the Arts Council of Princeton has refused to pay the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., $1,436,848.00 claimed for the additional work related to the deviations from the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

85.     According to the Arts Council of Princeton's Counterclaim, the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., breached their duties and/or contractual obligations owed to Michael Graves & Associates, Inc.

86.     Without admitting any liability herein, Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., assert that should liability in any respect, adverse verdict in favor of the plaintiff or any crossclaims be found against Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., then Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., is entitled to and hereby claims contribution from the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., pursuant to the provisions of the applicable State Statute or Common Law, including, but not limited to the New Jersey Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 et seq. and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

        **Wherefore**, the Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., hereby demand judgment for contribution against the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., jointly, severally, and in the alternative herein pursuant to and in accordance with the provisions of the New Jersey Joint Tortfeasors Contribution law, N.J.S.A. 2A:53A-1, et. seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et. seq.

## COUNT VIII
**(Demand for Indemnification for the Kelter & Gilligo Consulting Engineers Claims)**

87.     Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

88.     The Third Party Defendant and Counterclaimant, Kelter & Gilligo Consulting Engineers,

in the above-captioned matter filed a Counterclaim seeking $16,000.00 in damages, as alleged in its Counterclaim.

89.    The Plaintiff and Counterdefendant, E. Allen Reeves, Inc., the General Contractor for the project, deviated from the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications. These deviations were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the deviations. These deviations directly relate to the counterclaim of Kelter & Gilligo Consulting Engineers.

90.    The Third Party Defendant and Counterclaimant, the Arts Council of Princeton, the Owner of the Project, approved deviations from the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications. These deviations were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the deviations.

91.    Despite approving the un-coordinated deviations, substitutions, changes, decisions, and unnecessary change orders, the Third Party Defendant and Counterdefendant, the Arts Council of Princeton, has refused to pay the balance of the fees for the additional work related to the deviations from the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications and directly relate to the counterclaim of Kelter & Gilligo Consulting Engineers.

92.    While denying any negligence in this action, the Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., say that if there was any negligence, then the negligence of Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc,., was passive and secondary only and the negligence and/or breach of contract of

the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., was primary.  Accordingly, the Plaintiff

and Counterdefendant, E. Allen Reeves, Inc., is obligated by operation of law, contract and

otherwise to indemnify and defend Defendant, Counterclaimant, and Third Party Plaintiff,

Michael Graves & Associates, Inc., and hold Defendant, Counterclaimant, and Third Party

Plaintiff, Michael Graves & Associates, Inc., individually harmless from any and all claims which

are the subject of the Kelter & Gilligo Consulting Engineers Counterclaim.

**Wherefore**, the Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves

& Associates, Inc., demand judgment for indemnification from Plaintiff and Counterdefendant,

E. Allen Reeves, Inc., along with counsel fees and costs of suit and such other and further relief as

the court deems equitable and just.

### COUNT IX
**(Demand for Contribution for the Kelter & Gilligo Consulting Engineers Claims)**

93.     Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates,

Inc. incorporates as if set forth fully herein the preceding paragraphs.

94.     The Third Party Defendant and Counterclaimant, Kelter & Gilligo Consulting Engineers,

in the above-captioned matter filed a Counterclaim seeking $16,000.00 in damages, as alleged in

its Counterclaim.

95.     The Plaintiff and Counterdefendant, E. Allen Reeves, Inc., the General Contractor for the

project, deviated from the requirements of the Contract Documents, which included the Michael

Graves & Associates, Inc. architectural drawings and specifications. These deviations were not

coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the

deviations. These deviations directly relate to the counterclaim of Kelter & Gilligo Consulting

Engineers.

96.     The Third Party Defendant and Counterclaimant, the Arts Council of Princeton, the

Owner of the Project, approved deviations from the requirements of the Contract Documents,

which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

These deviations were not coordinated with Michael Graves & Associates, Inc. and/or its

consultants in advance of the deviations.

97.     Despite approving the un-coordinated deviations, substitutions, changes, decisions, and

unnecessary change orders, the Third Party Defendant and Counterdefendant, the Arts Council of

Princeton, has refused to pay the balance of the fees for the additional work related to the

deviations from the Contract Documents, which included the Michael Graves & Associates, Inc.

architectural drawings and specifications and directly relate to the counterclaim of Kelter &

Gilligo Consulting Engineers.

98.     Without admitting any liability herein, Defendant, Counterclaimant, and Third Party

Plaintiff, Michael Graves & Associates, Inc., assert that should liability in any respect, adverse

verdict in favor of the plaintiff or any crossclaims be found against Defendant, Counterclaimant,

and Third Party Plaintiff, Michael Graves & Associates, Inc., then Defendant, Counterclaimant,

and Third Party Plaintiff, Michael Graves & Associates, Inc., is entitled to and hereby claims

contribution from the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., pursuant to the

provisions of the applicable State Statute or Common Law, including, but not limited to the New

Jersey Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 et seq. and the Comparative

Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

        **Wherefore**, the Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves

& Associates, Inc., hereby demand judgment for contribution against the Plaintiff and

Counterdefendant, E. Allen Reeves, Inc., jointly, severally, and in the alternative herein pursuant to and in accordance with the provisions of the New Jersey Joint Tortfeasors Contribution law, N.J.S.A. 2A:53A-1, et. seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et. seq.

### COUNT X
**(Demand for Indemnification for the David Chou & Associates Claims)**

99.     Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

100.    The Third Party Defendant and Counterclaimant, David Chou & Associates, in the above-captioned matter filed a Counterclaim seeking $8,000.00 in damages, as alleged in its Counterclaim.

101.    The Plaintiff and Counterdefendant, E. Allen Reeves, Inc., the General Contractor for the project, deviated from the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications. These deviations were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the deviations. These deviations directly relate to the counterclaim of David Chou & Associates.

102     The Third Party Defendant and Counterclaimant, the Arts Council of Princeton, the Owner of the Project, approved deviations from the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications. These deviations were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the deviations.

103.    Despite approving the un-coordinated deviations, substitutions, changes, decisions, and unnecessary change orders, the Third Party Defendant and Counterdefendant, the Arts Council of Princeton, has refused to pay the balance of the fees for the additional work related to the

deviations from the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications and directly relate to the counterclaim of David Chou & Associates.

104.    While denying any negligence in this action, the Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., say that if there was any negligence, then the negligence of Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc,., was passive and secondary only and the negligence and/or breach of contract of the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., was primary.  Accordingly, the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., is obligated by operation of law, contract and otherwise to indemnify and defend Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., and hold Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., individually harmless from any and all claims which are the subject of the David Chou & Associates Counterclaim.

**Wherefore**, the Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., demand judgment for indemnification from Plaintiff and Counterdefendant, E. Allen Reeves, Inc., along with counsel fees and costs of suit and such other and further relief as the court deems equitable and just.

## COUNT XI
### (Demand for Contribution for the David Chou & Associates Claims)

105.    Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

106.    The Third Party Defendant and Counterclaimant, David Chou & Associates, in the above-captioned matter filed a Counterclaim seeking $8,000.00 in damages, as alleged in its

Counterclaim.

107.    The Plaintiff and Counterdefendant, E. Allen Reeves, Inc., the General Contractor for the project, deviated from the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications. These deviations were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the deviations. These deviations directly relate to the counterclaim of David Chou & Associates.

108.    The Third Party Defendant and Counterclaimant, the Arts Council of Princeton, the Owner of the Project, approved deviations from the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications. These deviations were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the deviations.

109.    Despite approving the un-coordinated deviations, substitutions, changes, decisions, and unnecessary change orders, the Third Party Defendant and Counterdefendant, the Arts Council of Princeton, has refused to pay the balance of the fees for the additional work related to the deviations from the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications and directly relate to the counterclaim of David Chou & Associates.

110.    Without admitting any liability herein, Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., assert that should liability in any respect, adverse verdict in favor of the plaintiff or any crossclaims be found against Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., then Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., is entitled to and hereby claims contribution from the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., pursuant to the

provisions of the applicable State Statute or Common Law, including, but not limited to the New Jersey Joint Tortfeasors Contribution Law, <u>N.J.S.A</u>. 2A:53A-1 et seq. and the Comparative Negligence Act, <u>N.J.S.A</u>. 2A:15-5.1 et seq.

**Wherefore**, the Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., hereby demand judgment for contribution against the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., jointly, severally, and in the alternative herein pursuant to and in accordance with the provisions of the New Jersey Joint Tortfeasors Contribution law, <u>N.J.S.A</u>. 2A:53A-1, <u>et</u>. <u>seq</u>., and the Comparative Negligence Act, <u>N.J.S.A</u>. 2A:15-5.1, <u>et</u>. <u>seq</u>.

## <u>DEMAND FOR TRIAL BY JURY</u>

**PLEASE TAKE NOTICE** that answering defendant hereby demands a trial by jury on all issues.

> MARSHALL, DENNEHEY, WARNER
> COLEMAN & GOGGIN
>
>
> By: /s/ Raymond J. Michaud
> _____
> JOHN H. OSORIO, ESQUIRE
> RAYMOND J. MICHAUD, ESQUIRE
>
> 200 Lake Drive East
> Cherry Hill, NJ 08002
> 856-414-6000
> Attorneys for Michael Graves & Associates, Inc

DATED:  October 13, 2010

06/1988642.v1