IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E. ALLEN REEVES, INC. | : CIVIL ACTION NO. |
| | : 3:10-CV-01393-JAP-TJB |
| Plaintiff | : |
| v. | : |
| MICHAEL GRAVES & ASSOCIATES, INC. | : |
| Defendant | : |
| MICHAEL GRAVES & ASSOCIATES, INC. | : |
| Counterclaimant, | : |
| E. ALLEN REEVES, INC. | : |
| Counterdefendant | : |
| MICHAEL GRAVES & ASSOCIATES, INC. | : |
| Third Party Plaintiff, | : |
| DAVID CHOU & ASSOCIATES;<br>KELTER & GILLIGO CONSULTING ENGINEERS;<br>FISHER MARANTZ STONE, INC.;<br>THE ARTS COUNCIL OF PRINCETON;<br>SAL ARNONE;<br>JOHN DOES 1-50, | : |
| Third Party Defendants, | : |
| ARTS COUNCIL OF PRINCETON | : |
| Counterclaimant, | : |
| v. | : |
| MICHAEL GRAVES & ASSOCIATES, INC. | : |

| | |
|---|---|
| Counterdefendant, | : |

---

## MICHAEL GRAVES & ASSOCIATES, INC.'S
## BRIEF IN OPPOSITION TO SAL ARNONE'S MOTION TO
## DISMISS THE THIRD PARTY COMPLAINT

---

I.   **Introductory Statement**

Michael Graves & Associates, Inc. ("Michael Graves") is serving this opposition brief in response to Mr. Sal Arnone's ("Arnone") Motion to Dismiss the Third Party Complaint, as to Arnone.  As this opposition brief will demonstrate, the motion is premature, as discovery is still in the initial stages.  Additionally, Michael Graves & Associates, Inc. is amending its Third party Complaint, to incorporate additional pleadings as to Mr. Arnone's involvement with the project that are separate and distinct from his role as a Trustee of the Arts Council.

II.  **Arnone's Statement of Facts**

1.   Admitted.
2.   Admitted.
3.   Admitted.
4.   Admitted.
5.   Admitted.

III.     **Michael Graves Counter Statement of Facts**

1.   Sal Arnone received compensation by the Arts Council of Princeton for his services as the Owners Representative on the Arts Council project.

2.   Sal Arnone's performance as the Owners Representative was separate and distinct from his role as a Trustee.

3.   In the performance of his duties as the Owners Representative, Arnone was an independent contractor.

4.   Mr. Arnone nor the Arts Council have produced Mr. Arnone's Form W-2 or Form 1099, for the compensation received for his work as the Owners Representative.

5.   Mr. Arnone nor the Arts Council have produced Mr. Arnone's Owners Representative contract.

6.   The Internal Revenue Code § 26 CFR 31.6051-2, requires employers to furnish a W-2 to employees with respect to wages paid during the calendar year.

7.   The Internal Revenue Code § 26 CFR 31.1.6041-1 requires a Form 1099 information return, to non employees, to report various types of income other than wages, salaries, and tips.

8.   The original Third Party Complaint filed by Michael Graves identified that the "Third Party Defendant, Sal Arnone, is a resident of New Jersey, residing at 57 Bronson Way, Skillman, New Jersey 08558.  Sal Arnone performed as the Owners Representative, on the behalf of The Arts Council of Princeton.  (See Exhibit "A", Michael Graves Third Party Complaint, Par. 7).

9.   The original Third Party Complaint filed by Michael Graves identified that the Arts Council of Princeton retained Sal Arnone as the Owners Representative on the Project.

Based upon information and belief, **Sal Arnone was an independent contractor.** (See Exhibit "A", Michael Graves Third Party Complaint, Par. 19). (emphasis added).

10. Michael Graves was informed that Mr. Arnone's insurance coverage was denied. In an effort to assist Arnone, Michael Graves adjusted its pleading in subsequent amended Third party Complaints to place more reliance on Arnone's involvement as a Trustee, rather than his role as an independent contractor. (See Arnone's Brief)

11. Rule 26 disclosures have been served, however, written discovery has not been exchanged, and more importantly, depositions have not been conducted.

12. Under the current scheduling order, the parties have until May 25, 2011 to conduct the required depositions.

13. Michael Graves has requested permission to amend its Third party Complaint. This amendment will accurately describe the allegations against Mr. Arnone and will address the subject matter of the Arnone Motion to Dismiss.

IV. **Legal Argument**

    A. **Standard of Review**

Federal Rule of Civil Procedure 12 (b) (6) permits a court to dismiss all or part of an action for failure to state a claim upon which relief can be granted. In ruling on a 12 (b)(6) motion, the court must accept as true all well pleaded factual allegations, and must draw all reasonable inferences in favor of the plaintiff. Doe v. Delie, 257 F. 3d 309, 313 (3d Cir. 2001). Thus, a court may grant the motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id. However, the court "needs not credit the non-movant's conclusions of law or unreasonable factual inferences." Curay-

Cramer v. The Ursuline Academy of Wilmington, Delaware, Inc., 450 F.3d 130 (3d Cir. 2006) (citations omitted). Thus, claims should be dismissed under Rule 12 (b) (6) when "it appears beyond doubt that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

There is no requirement under the federal rules or otherwise that a party's complaint establish the facts of the litigation with certainty. Rather, federal complaints are merely required to make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At the very least, taking the factual allegation in the complaint as true, the complaint state a plausible claim to relief regardless of whether Graves might ultimately prevail on the claim. See, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955 (2007); Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1950 (2009). This complaint complies with the law's requirements.

In fact, in Iqbal, the Court noted that, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id., at 1949. Given the dozens of paragraphs detailing the allegations, as well as the documentation supporting the claim, Graves's complaint presents the kind of "detailed factual allegation[]" that the Iqbal Court specifically said was not required.

As the complaint in this case sufficiently details the facts of the allegation, the complaint is sufficient. As such, Arnone's motion to dismiss should be denied.

> B. **ARNONE'S MOTION TO DISMISS IS PREMATURE BECAUSE NO FACT DISCOVERY HAS YET BEEN CONDUCTED MAKING ANY DETERMINATION ON THE LEGAL ISSUES PRESENTED UNRIPE FOR ADJUDICATION.**

Discovery in this case is in its early stages, with the parties Rule 26 Disclosers only recently being exchanged. Under the current scheduling order, the parties have until May 25, 2011 to conduct the required depositions. To date, no depositions have been conducted, nor has written discovery been exchanged. Fact discovery is still very much in the early stages.

The issues relating to Mr. Arnone are yet undetermined; there are a multitude of disputed or unknown facts related to his involvement. Discovery is just beginning and depositions should be conducted of all relevant parties to determine the exact specifics as to Mr. Arnone's role on the project, first as a Trustee of the Board and second, his role as the Owners Representative on the project. It is not in dispute that Mr. Arnone was a Trustee, however, there is obviously factual issue that must be explored as to Mr. Arnone's status as the Owners Representative and his status as an independent contractor.

Ordinarily, a Motion to Dismiss an individual in their individual capacity would accompany a certification from that named individual. Here, Mr. Arnone has not submitted a certification, rather, Mr. Germond, the Arts Council Director of Operations has fulfilled this obligation, in lieu of Mr. Arnone.

Mr. Germond's certification makes no mention of the fact that Mr. Arnone was paid to perform as the Owners Representative. Nor does Mr. Germond make any statements related to Mr. Arnone's role as an independent contractor. Lastly, Mr. Germond makes no clarification as to Mr. Arnone's status, when he certified that Mr. Arnone's actions "were taken on behalf of, and with the authority of, Arts Council of Princeton." Mr. Arnone, as an independent contractor, performing as the Owners Representative, would of course be empowered to act on the behalf of

the Board.  However, as an independent contractor, Mr. Arnone is not entitled to shield himself behind the Arts Counsel for his individual acts, which are separate and distinct from his role as a Trustee.

An individual is not shielded from liability simply because he acted on behalf of an employer.  Robsac Industries, Inc. v. Chartpak, 204 N.J. Super.  149 (App. Div. 1985) (corporate officers liable to persons injured by their own torts even though they acted on behalf of the corporation and intended to benefit the entity).  See also Salthiel v. GSI Consultants, 170 N.J. 297, 303-04 (2002) (under participation theory, corporate officer can be held personally liable for tort committed by the corporation when he is sufficiently involved in the commission of the tort).  Thus, Defendants cannot avoid individual liability because they claim to have acted on behalf of an employer.

At this point, it is not disputed that Mr. Arnone was paid to perform as the Owners Representative.  Even in this early stage of discovery, this fact has certainly raised a question as to whether Mr. Arnone has always acted on behalf of the Arts Council, or is acting on behalf of himself as an independent contractor.  Mr. Arnone has not disclosed precisely the arrangements made with the Arts Council but it is clear that Mr. Arnone is involved in a greater role than Mr. Germond's certification concludes.  Additionally, Michael Graves need to review Mr. Arnone's contract with the Arts Council, to determine the language contained.  This document has not been produced in discovery, nor was it attached as an exhibit in the Arnone moving papers.

There is no dispute that in New Jersey a corporate principal cannot be held personally liable for a claim when the corporate principal was acting for and on behalf of the corporation.  New Mea Construction Corp. v. Harper, 203 N.J. Super.  486 (Sup.  Ct. 1985).  Michael Graves is not asking the Court to pierce the corporate veil in order to attach personal liability to Mr.

Arnone. This is based upon the assertion that Mr. Arnone performed not as an employee or Trustee, but as an independent contractor. Therefore, Mr. Arnone's arguments related to the corporate veil protection are inapplicable.

Michael Graves is entitled to discovery related to Mr. Arnone's status. Therefore, it is premature, without further discovery and clarity on the issues present, to grant Mr. Arnone's Motion to Dismiss.

### C. ARNONE'S MOTION TO DISMISS IS PREMATURE BECAUSE NO FACT DISCOVERY HAS YET BEEN CONDUCTED MAKING ANY DETERMINATION OF MR. ARNONE'S STATUS AS AN INDEPENDENT CONTRACTOR

The question of whether an individual is an independent contractor or an employee is one of fact to be determined upon consideration of the facts and the application of the law and regulations in a particular case. Runk v. Rickenbacher Transp. Co., 31 N.J. Super. 350, 354 (N.J. Super., 1954). New Jersey follows § 220 of the Restatement (Second) of Agency (1958) as the standard for determining the master-servant relationship. Carter v. Reynolds, 175 N.J. 402, 409 (N.J., 2003). § 220 of the Restatement (Second) of Agency provides:

> (1) A servant is a person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control.
>
> (2) In determining whether one acting for another is a servant or an independent contractor, the following matters of facts, among others, are considered:
>
>> (a) the extent of control which, by the agreement, the master may exercise over the details of the work;
>>
>> (b) whether or not the one employed is engaged in a distinct occupation or

business;

(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is a part of the regular business of the employer;

(i) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business.

As indicated in the previous section, Michael Graves has not had the opportunity to conduct factual investigation, written discovery or conduct depositions to determine the necessary facts to apply the § 220 of the Restatement (Second) of Agency test. Accordingly, the dismissal of the Third Party Complaint against Mr. Arnone is premature at this time.

V.     Conclusion

Mr. Arnone's status as to his dual role as a Trustee and Owners Representative are clouded and undefined.  The fact that Mr. Arnone was paid for his services, as the Owners Representative, is sufficient basis at this time to deny Mr. Arnone's Motion to Dismiss.  Additionally, Mr. Germond's certification is insufficient to overcome the requirement for

discovery regarding Mr. Arnone's true status.  Finally, Michael Graves will be amending the Third Party Complaint to clarify its allegations against Mr. Arnone.  Accordingly, Michael Graves respectfully requests that Mr. Arnone's Motion to Dismiss the Third party Complaint be denied for the above reasons.

        Respectfully Submitted,
        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN


        /s/ Raymond J. Michaud, Esq.
        _____
        Raymond J. Michaud, Esq.
        *Attorney for Defendant,*
        *Michael Graves & Associates, Inc.*

Dated: October 29, 2010

06/2010235.v1