IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E. ALLEN REEVES, INC.<br><br>    Plaintiff<br><br>v.<br><br>MICHAEL GRAVES & ASSOCIATES, INC.<br><br>    Defendant | : CIVIL ACTION NO.<br>: 3:10-CV-01393-JAP-TJB |
| MICHAEL GRAVES & ASSOCIATES, INC.<br><br>    Counterclaimant,<br><br>E. ALLEN REEVES, INC.<br><br>    Counterdefendant | |
| MICHAEL GRAVES & ASSOCIATES, INC.<br><br>    Third Party Plaintiff,<br><br>DAVID CHOU & ASSOCIATES;<br>KELTER & GILLIGO CONSULTING ENGINEERS;<br>FISHER MARANTZ STONE, INC.;<br>THE ARTS COUNCIL OF PRINCETON;<br>SAL ARNONE;<br>JOHN DOES 1-50,<br><br>    Third Party Defendants, | |
| ARTS COUNCIL OF PRINCETON<br><br>    Counterclaimant,<br><br>v.<br><br>MICHAEL GRAVES & ASSOCIATES, INC. | |

    Counterdefendant,                                :

**CERTIFICATION OF COUNSEL IN SUPPORT OF THE OPPOSITION BRIEF TO SAL ARNONE'S MOTION TO DISMISS THE THIRD PARTY COMPLAINT**

1.    I am an Attorney at Law of the State of New Jersey, and an Associate with the law firm of Marshall, Dennehey, Warner, Coleman & Goggin, attorneys for Defendant/Third Party Plaintiff, Michael Graves & Associates, Inc. As such, I am familiar with the facts and circumstances of this case. This certification is being submitted in support of Defendant/Third Party Plaintiff's, Michael Graves & Associates, Inc., opposition to Sal Arnone's Motion to Dismiss the Third Party Complaint.

2.    The attached exhibits are true and correct copies, which are relied upon by the Defendant/Third Party Plaintiff, Michael Graves & Associates, Inc., in support of Defendant/Third Party Plaintiff's, Michael Graves & Associates, Inc., opposition to Sal Arnone's Motion to Dismiss the Third Party Complaint.

    a.    Attached hereto as Exhibit "A" is a true copy of the May 28, 2010 . Michael Graves & Associates Third Party Complaint.

    b.    Attached hereto as Exhibit "B" is a true copy of the August 27, 2010 . Michael Graves & Associates Second Amended Third Party Complaint.

3.  I hereby certify that the foregoing factual statements made by me are true. I am aware that if any of the foregoing statements made by me are willingly false, I am subject to punishment.

          MARSHALL, DENNEHEY, WARNER,
          COLEMAN & GOGGIN

By: **/s/ Raymond J. Michaud**
     RAYMOND J. MICHAUD, ESQ.
     Attorney for Defendant/Third Party Plaintiff
     Michael Graves & Associates

DATE: October 29, 2010

# EXHIBIT

# A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E. ALLEN REEVES, INC.<br><br>    Plaintiff<br><br>v.<br><br>MICHAEL GRAVES & ASSOCIATES, INC.<br><br>    Defendant | : CIVIL ACTION NO.<br>: 3:10-CV-01393-JAP-TJB<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| MICHAEL GRAVES & ASSOCIATES, INC.<br><br>    Counterclaimant,<br><br>E. ALLEN REEVES, INC.<br><br>    Counterdefendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| MICHAEL GRAVES & ASSOCIATES, INC.<br><br>    Third Party Plaintiff,<br><br>DAVID CHOU & ASSOCIATES;<br>KELTER & GILLIGO CONSULTING ENGINEERS;<br>FISHER MARANTZ STONE, INC.;<br>THE ARTS COUNCIL OF PRINCETON;<br>SAL ARNONE;<br>JOHN DOES 1-50,<br><br>    Third Party Defendants, | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT, COUNTERCLAIMANT, AND THIRD PARTY PLAINTIFF,
MICHAEL GRAVES & ASSOCIATES, INC,
COUNTERCLAIM AND THIRD PARTY COMPLAINT**

Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., by and through counsel hereby counterclaims against Plaintiff and Counterdefendant, E.

Allen Reeves, Inc. ("Reeves"), and brings this Third Party Complaint against the Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; The Arts Council of Princeton ; and Sal Arnone as follows:

## I.   PARTIES

1. Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., is an Architectural firm, created and organized under the laws of the State of New Jersey and conducts its business at 341 Nassau Street, Princeton, New Jersey 08540.

2. Plaintiff and Counterdefendant, Reeves, represents it is a Pennsylvania corporation, doing business at 1145 York Road, Abington, Pennsylvania, 19001.

3. Third Party Defendant, David Chou & Associates, is a Pennsylvania corporation, doing business at 1710 Walton Road, Suite 202, Blue Bell, Pennsylvania 19422. David Chou & Associates performed as the project Structural Engineering Sub-Consultant to Michael Graves & Associates, Inc.

4. Third Party Defendant, Kelter & Gilligo Consulting Engineers, is a New Jersey Corporation, doing business at 14 Washington Road, Suite 221, Princeton Junction, New Jersey 08550. Kelter & Gilligo Consulting Engineers performed as the project Mechanical, Electrical, Plumbing, Fire Protection, and HVAC Systems Engineering Sub-Consultant to Michael Graves & Associates, Inc.

5. Third Party Defendant, Fisher Marantz Stone, Inc., is a New York corporation, doing business at 22 West 19th Street, New York, New York 10011. Fisher Marantz Stone, Inc. performed as the project Lighting Sub-Consultant to Michael Graves & Associates, Inc.

6.  Third Party Defendant, the Arts Council of Princeton, is a New Jersey Non-Profit Organization, doing business at 102 Witherspoon Street, Princeton, New Jersey 08540. The Arts Council of Princeton is the owner of the project at issue in this litigation.

7.  Third Party Defendant, Sal Arnone, is a resident of New Jersey, residing at 57 Bronson Way, Skillman, New Jersey 08558. Sal Arnone performed as the Owners Representative, on the behalf of The Arts Council of Princeton.

## II.  JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1). The amount in controversy the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

9.  Pursuant to 28 U.S.C. § 1391, the District of New Jersey is appropriate since the issues of this litigation relate to a construction project in Princeton, New Jersey.

## III.  FACTS --Common to the Counter Claim and the Third Party Complaint

10. This litigation arises out of a construction project for the expansion and renovation of the Arts Council of Princeton's building (the "Project"), located at 102 Witherspoon Street, Princeton, New Jersey.

11. The Arts Council of Princeton is the owner of the Project.

12. On November 30, 2004, Michael Graves & Associates, Inc. entered into a written contract with the Arts Council of Princeton. Whereby, Michael Graves & Associates, Inc. agreed to provide architectural services for the Project.

13. Michael Graves & Associates, Inc. prepared the Project architectural drawings and specifications.

14. Michael Graves & Associates, Inc. retained Chou & Associates to perform as the project Structural Engineering Sub-Consultant. Chou & Associates provided structural engineering designs that Michael Graves & Associates, Inc. relied upon and incorporated into the Project architectural drawings and specifications.

15. Michael Graves & Associates, Inc. retained Kelter & Gilligo Consulting Engineers to perform as the project Mechanical, Electrical, Plumbing, Fire Protection, and HVAC Systems Engineering Sub-Consultant. Kelter & Gilligo Consulting Engineers provided Mechanical, Electrical, Plumbing, Fire Protection, and HVAC Systems Engineering designs that Michael Graves & Associates, Inc. relied upon and incorporated into the Project architectural drawings and specifications.

16. Michael Graves & Associates, Inc. retained Fisher Marantz Stone, Inc. to perform as the project Lighting Sub-Consultant. Fisher Marantz Stone, Inc. provided Lighting designs that Michael Graves & Associates, Inc. relied upon and incorporated into the Project architectural drawings and specifications.

17. The Arts Council of Princeton approved the Michael Graves & Associates, Inc. architectural design and specifications.

18. Based upon the Michael Graves & Associates, Inc. architectural design and specifications, the project was prepared for bid. The proposed AIA Document A101-1997, Standard Form of Agreement Between Owner and Contractor incorporated the Michael Graves & Associates, Inc. architectural design and specifications.

19. The Arts Council of Princeton retained Sal Arnone as the Owners Representative on the Project. Based upon information and belief, Sal Arnone was an independent contractor.

20. The Arts Council of Princeton selected Reeves as the General Contractor for the Project.

21. Reeves entered into a construction contract with the Arts Council of Princeton on January 23, 2006, whereby Reeves agreed to perform as the General Contractor for the Project.

22. The Arts Council of Princeton and Reeves signed the contract without a prior review or comment by Michael Graves & Associates, Inc.

23. The contract between the Arts Council of Princeton and Reeves required Reeves to perform the work in accordance with the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

24. The contract between the Arts Council of Princeton and Reeves exempts Michael Graves & Associates, Inc. from responsibility for Reeves failure to adhere to the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

25. The contract between the Arts Council of Princeton and Reeves required Reeves to warrant to Michael Graves & Associates, Inc. that the work will conform to the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications.

26. The contract between the Arts Council of Princeton and Reeves required that the Architect may consider substitutions not properly approved or authorized, as defective.

27. Reeves deviated from the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications. These deviations were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the deviations.

28. Reeves made decisions and substitutions altering the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications. These decisions and substitutions were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the decisions or substitutions.

29. Reeves incorporated changes in the Project that were not in conformance with the Contract Documents, which included the Michael Graves & Associates, Inc. architectural drawings and specifications. These changes were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the changes.

30. Reeves made substitutions of lesser quality and shorter warranty periods that were not in conformance with the Michael Graves & Associates, Inc. architectural drawings and specifications. These substitutions were not coordinated with Michael Graves & Associates, Inc. and/or its consultants in advance of the substitutions.

31. Reeves submitted numerous unnecessary change orders.

32. Reeves did not conduct biweekly job meetings, as required by the Michael Graves & Associates, Inc. specifications. This deviation caused conflicts in the field, caused project delays and increased costs.

33. Reeves delayed in the submission of the structural steel shop drawings. This deviation directly resulted in the delay in the structural steel fabrication and ultimately delayed the completion of the project.

34. Based upon the un-coordinated deviations, substitutions, changes, decisions, unnecessary change orders, lack of biweekly meetings, and submission delays, Michael Graves & Associates, Inc. was required to perform additional services, which were necessary to evaluate the un-coordinated deviations to ensure the continued constructability of the Project.

35.     Reeves breached its duty by failing to follow the Michael Graves & Associates, Inc. architectural drawings and specifications.

36.     Reeves breached its duty by failing to coordinate with Michael Graves & Associates, Inc. in advance of the construction deviations, substitutions, changes, decisions that were not in conformance with the Michael Graves & Associates, Inc. architectural drawings and specifications.

37.     It was foreseeable that deviations, substitutions, and changes from the Michael Graves & Associates, Inc. architectural drawings and specifications would require Michael Graves & Associates, Inc. to expend additional efforts and resources, which were necessary to evaluate the un-coordinated deviations, substitutions, and changes to ensure the continued constructability of the Project, to the financial determent of Michael Graves & Associates, Inc.

38.     The un-coordinated deviations, substitutions, changes, decisions, unnecessary change orders, lack of biweekly meetings, and submission delays caused the failure of Reeves to complete its work in an timely, workman like and competent manner. Reeves failure caused Michael Graves & Associates, Inc. to expend additional efforts and resources, which were necessary to evaluate the un-coordinated deviations, substitutions, changes, decisions, and unnecessary change orders to ensure the continued constructability of the Project, to the financial determent of Michael Graves & Associates, Inc.

39.     The negligence and carelessness of Reeves' deviations, substitutions, changes, decisions, and unnecessary change orders required Michael Graves & Associates, Inc. to spend increased time and costs, unanticipated at the time it entered the contract with the Arts Council of Princeton, to the financial determent of Michael Graves & Associates, Inc. These efforts were necessary to evaluate the un-coordinated deviations, substitutions, changes, decisions, and

unnecessary change orders to ensure the continued constructability of the Project, to the financial determent of Michael Graves & Associates, Inc.

40. The additional work of Michael Graves & Associates, Inc., which was necessary to evaluate the un-coordinated deviations, substitutions, changes, decisions, and unnecessary change orders to ensure the continued constructability of the Project, was directly caused by the failure of Reeves to adhere to the Michael Graves & Associates, Inc. architectural design and specifications.

41. As a direct and proximate result of Reeves' deviations from the Michael Graves & Associates, Inc. architectural design and specifications, Michael Graves & Associates, Inc. has incurred damages in excess of $1,052,645.00. These damages relate to increased architectural fees, sub-consultant fees, and expenses.

IV. **COUNTERCLAIM**

Defendant, Counterclaimant and Third Party Plaintiff, Michael Graves & Associates, Inc., by and through counsel hereby bring this counterclaim against Plaintiff and Counterdefendant, E. Allen Reeves, Inc. ("Reeves"), as follows:

**COUNT I**
**(Negligence – Tort)**

42. Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

43. Reeves owed a duty to perform the work with the care, skill and diligence required of a general contractor with a high level of experience and expertise in construction and supervision of a project this size, complexity and nature of the particular Project.

44. Reeves owed a duty to construct the Project in conformance with the Michael Graves & Associates, Inc. architectural design and specifications.

45. Reeves breached its duty through its numerous deviations, substitutions, and changes from the Michael Graves & Associates, Inc. architectural design and specifications.

47. Reeves breached its duty, by performing its work in a substandard and deficient manner and not adhering to the terms of its contract and the architectural design and specifications of Michael Graves & Associates, Inc.

48. Reeves knew that its deviations, substitutions, and changes from the Michael Graves & Associates, Inc. architectural design and specifications would require Michael Graves & Associates, Inc. to expend additional time and effort to coordinate a redesign effort to ensure compliance with permits, codes, ordinances, and other construction requirements, which was necessary to ensure the continued constructability of the Project.

49. Reeves negligently and carelessly failed to construct the Project in conformance with the Michael Graves & Associates, Inc. architectural design and specifications.

50. As a direct and proximate result of Reeve's poor work performance and deviations, substitutions, and changes from the Michael Graves & Associates, Inc. architectural design and specifications, Michael Graves & Associates, Inc. has incurred damages in excess of $1,052,645.00.

**Wherefore**, Defendant, Counterclaimant and Third Party Plaintiff Michael Graves & Associates, Inc., demands trial by jury and judgment in its favor and against the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., in the amount of $1,052,645.00, plus interest, cost of suite, attorneys' fees, and such further relief as this Court deems to be just and proper.

## COUNT II
### (Breach of Express Warranty)

51. Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

52. Per the contract between the Arts Council of Princeton and Reeves, Reeves expressly warranted to Michael Graves & Associates, Inc. that the work would conform to the requirements of the Contract Documents, which included the Michael Graves & Associates, Inc. architectural design and specifications.

53. The work provided by Reeves on the Project did not conform to the Contract Documents, which included the Michael Graves & Associates, Inc. architectural design and specifications.

54. Reeves deviations, substitutions, and changes from the Michael Graves & Associates, Inc. architectural design and specifications breached its warrant to Michael Graves & Associates, Inc.

55. Michael Graves & Associates, Inc. has been damaged as a direct result of Reeves' foregoing breach of warranty.

**Wherefore**, Defendant, Counterclaimant and Third Party Plaintiff Michael Graves & Associates, Inc., demands trial by jury and judgment in its favor and against the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., in the amount of $1,052,645.00, plus interest, cost of suite, attorneys' fees, and such further relief as this Court deems to be just and proper.

## COUNT III
### (Breach of Implied Warranty)

56. Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

57. By agreeing to perform the work as specified in the Contract Documents, which included the Michael Graves & Associates, Inc. architectural design and specifications, Reeves impliedly undertook to perform its work in a manner that would conform to the Contract Documents.

58. The work provided by Reeves on the Project did not conform to the Contract Documents, which included the Michael Graves & Associates, Inc. architectural design and specifications.

59. Reeves deviations, substitutions, and changes from the Michael Graves & Associates, Inc. architectural design and specifications breached its warrant to Michael Graves & Associates, Inc.

60. Michael Graves & Associates, Inc. has been damaged as a direct result of Reeves' foregoing breach of warranty.

**Wherefore**, Defendant, Counterclaimant and Third Party Plaintiff Michael Graves & Associates, Inc., demands trial by jury and judgment in its favor and against the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., in the amount of $1,052,645.00, plus interest, cost of suite, attorneys' fees, and such further relief as this Court deems to be just and proper.

**COUNT IV**
**(Unjust Enrichment)**

61. Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

62. Reeves submitted the required payment applications, attesting that its work was completed in conformance with the Contract Documents, which included the Michael Graves & Associates, Inc. architectural design and specifications.

63. The payment applications submitted by Reeves included payment requests for additional work related to the un-coordinated deviations, substitutions, and changes initiated by Reeves.

64. Michael Graves & Associates, Inc. provided additional architectural and related services for the Project, which were necessary to evaluate the un-coordinated deviations, substitutions, and changes to ensure the continued constructability of the Project. The additional architectural and related services were specifically required to address Reeves' deviations, substitutions, and changes from the Michael Graves & Associates, Inc. architectural design and specifications, which was necessary to ensure the continued constructability of the Project.

65. Reeves received the benefit of the additional design work performed by Michael Graves & Associates, Inc. The additional design work was necessary to evaluate the un-coordinated deviations, substitutions, and changes to ensure the continued constructability of the Project.

66. Reeves has been unjustly enriched by accepting or claiming payment for work related to its deviations, substitutions, and changes initiated by Reeves.

**Wherefore**, Defendant ,Counterclaimant and Third Party Plaintiff Michael Graves & Associates, Inc., demands trial by jury and judgment in its favor and against the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., in the amount of $1,052,645.00, plus interest, cost of suite, attorneys' fees, and such further relief as this Court deems to be just and proper.

### COUNT V
### (Quantum Meruit)

67. Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

68. Reeves received the benefit of the additional design work performed by Michael Graves & Associates, Inc. The additional design work was necessary to evaluate the un-coordinated deviations, substitutions, and changes to ensure the continued constructability of the Project.

69. Michael Graves & Associates, Inc. is entitled to quantum meruit for the value of its architectural fees, sub-consultant fees, and expenses addressing the unilateral changes made by

Reeves, which was necessary to evaluate the un-coordinated deviations, deviations, substitutions, and changes to ensure the continued constructability of the Project.

70.     The quantum meruit value of the architectural fees, sub-consultant fees, and expenses required to address deviations, substitutions, and changes made by Reeves is $1,052,645.00.

**Wherefore**, Defendant ,Counterclaimant and Third Party Plaintiff Michael Graves & Associates, Inc., demands trial by jury and judgment in its favor and against the Plaintiff and Counterdefendant, E. Allen Reeves, Inc., in the amount of $1,052,645.00, plus interest, cost of suite, attorneys' fees, and such further relief as this Court deems to be just and proper.

## V.     THIRD PARTY COMPLAINT

Defendant, Counterclaimant, and Third Party Plaintiff Michael Graves & Associates, Inc., by and through counsel hereby brings this Third Party complaint against the Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc.; The Arts Council of Princeton ; and Sal Arnone as follows:

### FIRST COUNT

71.     Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

72.     The Plaintiff and Counterdefendant, Reeves, in the above-captioned matter filed a Complaint seeking damages as alleged in its Complaint, a copy of which is attached hereto as Exhibit "A".

73.     The Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc. were retained by and/or provided drawings, specifications

and details to Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc.

74. The Third Party Defendants, the Arts Council of Princeton and Sal Arnone were the Owner of the Project and the Owner Representative on the project. The Arts Council of Princeton became aware of the unnecessary work being performed by Reeves and withheld payment to Reeves.

75. According to Reeves' Complaint, the Third Party Defendants breached their duties owed to Michael Graves & Associates, Inc.

76. Michael Graves & Associates, Inc. deny any liability whatsoever. Should Michael Graves & Associates, Inc. be found liable to Reeves, in any respect, then this liability is passive, technical, vicarious or imputed to that of the Third Party Defendants and the alleged deficiencies arose through the direct and primary actions, conduct, negligence, or intentional conduct of the Third Party Defendants, entitling Michael Graves & Associates, Inc. to indemnification and contribution pursuant to the Joint Tortfeasor Contribution Act, N.J.S.A. 2A:53A-1, et seq., and the Comparative Negligence Act of New Jersey from the Third Party Defendants for the proportionate share of any and all sums that may be adjudged against Michael Graves & Associates, Inc., in the within action.

WHEREFORE, the Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., demands judgment of contribution from the Third Party Defendants, together with interest, attorney fees, costs of suit and such other relief as the Court deems appropriate and equitable.

## SECOND COUNT

77. Michael Graves & Associates, Inc. incorporates as if set forth fully herein the preceding paragraphs.

The Plaintiff and Counterdefendant, Reeves, in the above-captioned matter filed a Complaint seeking damages as alleged in its Complaint, a copy of which is attached hereto as Exhibit "A".

78. The Third Party Defendants, David Chou & Associates; Kelter & Gilligo Consulting Engineers; Fisher Marantz Stone, Inc. were retained by and/or provided drawings, specifications and details to Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc.

79. The Third Party Defendants, the Arts Council of Princeton and Sal Arnone were the Owner of the Project and the Owner Representative on the project. The Arts Council of Princeton became aware of the unnecessary work being performed by Reeves and withheld payment to Reeves.

80. According to Reeves' Complaint, the Third Party Defendants breached their duties owed to Michael Graves & Associates, Inc.

81. Although Michael Graves & Associates, Inc., denies any liability whatsoever, it is nonetheless asserted that any and all injuries and damages sustained by Reeves, were the proximate result of negligence of the Third Party Defendants and if Michael Graves & Associates, Inc. is found liable to Reeves, with respect to said injuries and damages, said liability results solely from the secondary, imputed, vicarious or passive negligence and the Third Party Defendants are liable to Michael Graves & Associates, Inc., by way of

indemnification, for any and all sums which Michael Graves & Associates, Inc. may be required to pay in this action.

WHEREFORE, the Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., demands judgment of the contribution from the Third Party Defendants, together with interest, attorney's fees, costs of suit and such other relief as the Court deems appropriate and equitable.

## DEMAND FOR TRIAL BY JURY

**PLEASE TAKE NOTICE** that answering defendant hereby demands a trial by jury on all issues.

                MARSHALL, DENNEHEY, WARNER
                COLEMAN & GOGGIN

                By: /s/ Raymond J. Michaud
                _____
                JOHN H. OSORIO, ESQUIRE
                RAYMOND J. MICHAUD, ESQUIRE

                200 Lake Drive East
                Cherry Hill, NJ 08002
                856-414-6000
                Attorneys for Michael Graves & Associates, Inc

DATED: May 27, 2010

06/1852441.v1