LAW OFFICES OF
# DALY, LAMASTRA & CUNNINGHAM

ELIZABETH A. DALY**
JOHN E. LAMASTRA▪
WILLIAM P. CUNNINGHAM
JOSEPH F. SKINNER

_____

*Of Counsel*
MARIE SEITZ*
JONATHAN E. HILL

\*New York and New Jersey Bar
\*\*New Jersey and Pennsylvania Bars
▪Certified by the Supreme Court of New Jersey as
   a Civil Trial Attorney

ATTORNEYS AT LAW
NOT A PARTNERSHIP OR PROFESSIONAL CORPORATION

3 MOUNTAIN VIEW ROAD
P O BOX 1622
WARREN, NJ  07061-9901

(908) 903-5700
FACSIMILE:  (908) 903-5798

OLIVIER J. KIRMSER**
JOHN D. GULYAS
PETER K. BARBER
MICHAEL S. SCHWARTZ
DAVID L. BURNETT
M. ELIZABETH DUFFY*
ELLEN M. BOYLE*

November 10, 2010

Honorable Joel A. Pisano, U.S.D.J.
U.S. District Court
Clarkson South Fisher Federal Bldg & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

> **Re**:    **E. Allen Arts Council, Inc. v. Michael Graves & Associates, et al.,**
>            <u>**Docket No. 3:10-cv-01393-JAP-TJB**</u>

Dear Judge Pisano:

The undersigned represents Third Party Defendants Sal Arnone and The Arts Council of Princeton in the above matter.  Third Party Defendant the Arts Council of Princeton has filed a Motion to Dismiss Counts I and II of the First Amended Third Party Complaint.  That motion is currently returnable before the Court on December 6, 2010.  Kindly accept this letter brief as a supplement to the initial Motion to Dismiss filed on behalf of the Arts Council. **This supplement is being provided to dismiss the claims brought by Michael Graves against Arts Council and Sal Arnone for Contribution and Indemnification.**

### <u>Michael Grave's Claims For Contribution and Indemnification Must Be Dismissed</u>

In Counts One through Eight of the Fourth Amended Third Party Complaint, Graves asserts causes of action for indemnification and contribution, and seeks recovery "pursuant to the provisions of…the New Jersey Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 et seq. and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq." (<u>See</u> Graves Fourth Amended Third Party Complaint).  Both of the statutes identified by Graves are inapplicable when the underlying claim for which indemnification or contribution is sought sounds in breach of contract and, therefore, there is no legal basis for Graves' indemnification or contribution claims against Arts Council.  Accordingly, Counts One through Eight of the Fourth Amended Third Party Complaint should be dismissed with prejudice.

Honorable Joel A. Pisano, U.S.D.J.
November 10, 2010
Page 2


Graves' contribution claims fail as a matter of law because they seek recovery from Arts Council and Sal Arnone for breaches of contractual duties.  Under New Jersey law, there is simply no basis to recover contribution from a third party for the failure to comply with contractual obligations.  The right of contribution did not exist in New Jersey under the common law, but was only created by enactment of the New Jersey Joint Tortfeasors Contribution Law. *Young v. Latta*, 589 A.2d 1020 (N.J. 1991).  Therefore, to the extent that recovery is possible, claims for contribution must be asserted in accordance with the terms of this statute. *Id*.  Under the express provisions of the New Jersey Joint Tortfeasors Contribution Law, the "right to contribution exists among joint tortfeasors." *N.J.S.A.* 2A:53A-2 (emphasis added).  "Joint tortfeasors" is defined by the statute as "two or more persons jointly or severally liable in tort for the same injury." *Id*. at 2A:53A-1 (emphasis added).  Accordingly, where the basis for the claim of contribution is contractual in nature, and not tortious, the New Jersey Joint Tortfeasors Contribution Law is inapplicable and any claims for contribution must be dismissed. *Resolution Trust Corp. v. Moskowitz*, 845 F.Supp. 247, 251 (D.N.J. 1994).

Applying New Jersey law, the District Court for the Eastern District of Pennsylvania stated, "[g]iven the rather straightforward language of the statute, it is not surprising that courts dismiss contribution claims when the party against whom the claim is asserted may not, as a matter of law, be held liable as a joint tortfeasor." *Longport Ocean Plaza Condo., Inc. v. Robert Cato & Assocs., Inc.*, 2002 WL 2013925 at * 2 (E.D.Pa. Aug 29, 2002)(citing *Resolution Trust Corp.*, 845 F.Supp. at 251-52).  The Longport Court went on to elaborate, stating that:

> [a]s the term "joint tortfeasors" and the language of the statute
> indicate, both the party against whom a claim for contribution is
> asserted as well as the party asserting the claim must be tortfeasors.

However, the only claims asserted against EFCO are grounded in contract, and EFCO itself admits that it may not be held liable as a joint tortfeasor in this case.  Therefore, just as contribution claims against EFCO may not be maintained, contribution claims by EFCO may also not be maintained. *Id*. (emphasis in original).  Where there is no underlying claim for personal injury or property damage, and the underlying claim is purely for economic loss due to the alleged breach of a contractual obligation, there can be no right to contribution under the New Jersey Joint Tortfeasors Contribution Law. *Id*. at *3.  Accordingly, it is appropriate to dismiss contribution claims that are based on underlying breach of contract claims. *Id*.

Likewise, Graves' claims for indemnification should also be dismissed because, as a matter of law, Graves cannot recover under an indemnification theory based on the facts alleged in its Amended Counterclaim.  Indemnification is only available in two situations, (1) "when a contract expressly provides for it," or (2) "when a special legal relationship creates an implied right of indemnity." *Ferriola v. Stanley Fastening Sys.*, L.P., 2007 WL 2261564 at *2 (D.N.J. Aug. 1, 2007); *Allied Corp. v. Frola*, 730 F.Supp. 626, 639 (D.N.J. 1990).  Examples of the kind of special legal relationship that can give rise to indemnification include lessor-lessee, principal-agent, and bailor-bailee. *Ferriola*, 2007 WL 2261564 at *2 (citing *Ramos v. Browning Ferris Indus. of S. Jersey*, 103 N.J. 177, 189 (1986)).  Notably, under New Jersey law, the alleged

Honorable Joel A. Pisano, U.S.D.J.
November 10, 2010
Page 3

existence of warranties between the parties does not create the kind of special legal relationship that could support a claim for indemnification. *Longport*, 2002 WL 2013925 at * 4. Absent a contract between the parties or the existence of a special legal relationship, claims for indemnification must fail as a matter of law. *Ferriola*, 2007 WL 2261564 at *2; see also *Resolution Trust Corp. v. Moskowitz*, 845 F.Supp. 247, 251-52 (D.N.J. 1994) vacated, in part, on other grounds, 1994 WL 475811 (D.N.J. Aug. 31, 1994) (holding that where the party asserting a claim for indemnification has "not pled, and cannot demonstrate the existence of a special legal relationship which would support indemnification," the claim should be dismissed pursuant to Rule 12(b)(6)).

Further, just as with claims for contribution, common-law indemnification is only appropriate in situations involving an underlying tort claim, and claims for common-law indemnification cannot succeed when the underlying claim is for a breach of contract. Under New Jersey law, claims for indemnification can arise only "when a party without fault is liable for the torts of another party as a result of constructive, secondary, or vicarious liability." *Ferriola*, 2007 WL 2261564 at *2 (citing *Allied Corp. v. Frola*, 730 F.Supp. 626, 639 (D.N.J. 1990)) (emphasis added); see also *Longport*, 2002 WL 2013925 at * 4 (holding that common law indemnification "is available under New Jersey law to a person who is not at fault, but has become responsible in tort for the conduct of another") (quoting *Ronson v. Talesnick*, 33 F.Supp.2d 347, 357 (D.N.J. 1999)) (emphasis in original). While applying New Jersey law, the U.S. District Court for the Eastern District of Pennsylvania held that because the party seeking indemnification was not subject to liability in tort it could not be a joint tortfeasor and therefore, as matter of law, its "claims for indemnification must be dismissed on this basis alone." Longport, 2002 WL 2013925 at * 4. Similarly, this Court, in *Walsh Securities, Inc. v. Christo Property Management, Ltd.*, held that the defendant "is not a joint tortfeasor, and thus, cannot be liable for common law indemnity." 2007 WL 951955 (D.N.J. March 28, 2007) (emphasis added). The Court's holding was based on the rule of law that "[i]ndemnity is a mechanism for shifting the cost of liability from one joint tortfeasor to another," and therefore, "[a] party is not entitled to common-law indemnity from another unless it and the other party have been found liable in tort to a third party for the same harm." Id. (quoting *In re Lead Paint Litigation*, 2005 WL 1994172 at *17 (N.J. Super. Ct. App. Div. Aug. 17 2005)).

The case of *State National Insurance Co. v. County of Camden*, 2009 WL 3335870 (D.N.J. Oct. 13, 2009) is further instructive. The State National case involved the same issue now presented to this Court and concluded that a party may not bring indemnification or contribution claims when the underlying claim alleges the breach of a contract. 2009 WL 3335870 at *4-5. In *State National*, the defendant, the County of Camden, alleged that third-party defendant Scibal Associates breached duties arising under a Professional Services Agreement. Id. at *1. Scibal then brought fourth-party claims against Meadowbrook Insurance Group, demanding indemnification and contribution to the extent it is found liable to the County. Id. at *2. The Court dismissed Scibal's fourth party claims against Meadowbrook. With regard to the contribution claim, the Court stated that:

Honorable Joel A. Pisano, U.S.D.J.
November 10, 2010
Page 4

> it appears that the County's claim against Scibal is for breach of
> the PSA contract.  Only the parties to the contract can breach it,
> and Meadowbrook was not a party to the PSA.  Correspondingly,
> the right of contribution only exists among joint tortfeasors, and
> without any allegations that Scibal acted negligently, Scibal cannot
> maintain a contribution claim.

*Id*. at *4 (emphasis added).

Likewise, the Court dismissed Scibal's claim for indemnification.  The Court indicated that common law principle of indemnification is applicable where a person, without personal fault, "has become subject to tort liability for the unauthorized and wrongful conduct of another." Id. at *5 (quoting *Adler's Quality Bakery, Inc. v. Gaseteria, Inc.*, 159 A.2d 97, 110 (N.J. 1960)). Based on these principles, the Court held that:

> Scibal's claim for indemnification against Meadowbrook fails
> because (1) it has not been alleged by the County that
> Meadowbrook is a tortfeasor, (2) the County's claims against
> Scibal do not sound in tort, (3) even if the County's claims against
> Scibal did sound in tort, the County has claimed that Scibal is "not
> without personal fault," and (4) there are no claims that could be
> construed to cause Scibal to have a legal obligation for any of
> Meadowbrooks' wrongdoings.

*Id*. at *5.  Similarly, Graves' indemnification and contribution claims against Arts Council must fail as a matter of law.

In this matter, Graves is improperly seeking indemnification and contribution against Arts Council and Sal Arnone.  The underlying claim is for breach of contract, and asserts that Graves failed to fulfill its contractual duties by failing to provide adequate architectural services in accordance with the Architect's Contract.  In that breach of contract action, the Owner seeks to recover the additional costs it incurred to build the Project as a result of errors and omissions in Graves' drawings and specifications  Importantly, the Owner had not made a claim against Graves for negligence or any other tort, and has not alleged the existence of any personal injury or property damage.

Likewise, the other counterclaims assert breach of contract claims against Graves.  These claims simply assert that Graves failed to pay the entire amount owed under specified contracts. (See K&G's Counterclaim at ¶s 4-5; Chou's Counterclaim at ¶s 3-4).  Specifically, K&G alleges that, despite performing pursuant to its agreement with Graves, Graves failed to pay the remaining balance of approximately $16,000 for these services.  (See K&G's Counterclaim at ¶4).  Chou alleges that Graves breached its contract by failing to pay a balance of approximately $8,000 for services performed.  (See Chou's Counterclaim at ¶s 3-4).  Again, neither K&G nor Chou has asserted claims against Graves sounding in tort, and neither party seeks recovery for

Honorable Joel A. Pisano, U.S.D.J.
November 10, 2010
Page 5


personal injury or property damage.  Both K&G and Chou seek to recover purely economic losses, the amounts that Graves allegedly owes them under their respective contracts.

All of the underlying claims against Graves brought by the Owner and its consultants are based upon breaches of the several contracts that existed between the parties.  However, Arts Council and Sal Arnone were not a party to the Architect's Contract, and did not owe any duties to Graves or the Owner under that agreement.  Likewise, Arts Council and Sal Arnone were not parties to Graves' contracts with its consultants K&G or Chou, and did not owe any duty to pay K&G or Chou for the services they provided to the Project.  These underlying breach of contract claims cannot form the basis of an indemnification or contribution claim.  _State National Insurance Co. v. County of Camden_, 2009 WL 3335870 at *5 (holding that indemnification claims failed as a matter of law because party seeking indemnification was not alleged to be a tortfeasor); see also _Longport_, 2002 WL 2013925 at *4 (dismissing indemnification claims because the party seeking indemnification was not subject to liability in tort).  Therefore, Graves' claims for indemnification and contribution, which seek payment from Arts Council and Sal Arnone to offset the breach of contract claims of the Owner, K&G and Chou against Graves, should be dismissed as a matter of law.

Further, in its Amended Third Party Complaint, Graves has not alleged the existence of a contract between it and Arts Council/Sal Arnone that would create a contractual duty of indemnification for the claims of the Owner, K&G, or Chou.  Therefore, Graves' claims for indemnification must be based on a common-law theory.  However, Graves does not identify any special relationship between Arts Council/Sal Arnone and Graves that would make Arts Council/Sal Arnone responsible for indemnifying Graves.  Id.  Accordingly, under New Jersey law, there is no basis for Graves' indemnification claims.  See _Ferriola_, 2007 WL 2261564 at *2 (holding that indemnification is only available "when a contract expressly provides for it," or "when a special legal relationship creates an implied right of indemnity."); see also _Resolution Trust Corp._, 845 F.Supp. at 251-52 (dismissing indemnification claims pursuant to Rule 12(b)(6) where there were no allegations regarding a contract or special legal relationship that could support a claim for indemnification).

In light of the above, Counts One through Eight of the Fourth Amended Third Party Complaint against Arts Council and Sal Arnone should be dismissed with prejudice.

Respectfully submitted,
DALY, LAMASTRA & CUNNINGHAM

_/s/ John E. Lamastra_

John E. Lamastra

JEL:tyj
cc:     All Counsel of Record


#1126539-v1 02618-0006