# EXHIBIT

# E

DALY, LAMASTRA & CUNNINGHAM
3 Mountain View Road
P O Box 1622
Warren, NJ  07061
(908) 903-5700
*Attorneys for Third Party Defendant,*
   *The Arts Council of Princeton*

COHEN SEGLIAS PALLAS GREENHALL
& FURMAN, PC
United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA  19103
(215) 564.1700
*Attorneys for Third Party Defendant,*
   *The Arts Council of Princeton on the*
   *Counterclaim in Michael Graves &*
   *Assoc., Inc.'s Amended Third Party*
   *Complaint*

| | |
|---|---|
| E. ALLEN REEVES, INC.,<br>         Plaintiff,<br><br>              v.<br><br>MICHAEL GRAVES & ASSOCIATES,<br>INC.<br>         Defendant.<br><br>MICHAEL GRAVES & ASSOCIATES,<br>INC.<br>         Counterclaimant,<br>              v.<br><br>E. ALLEN REEVES, INC.<br>         Counterdefendant.<br><br>MICHAEL GRAVES & ASSOCIATES,<br>INC.<br>         Third Party Plaintiff,<br>              v.<br><br>DAVID CHOU & ASSOCIATES, KELTER<br>& GILLIGO CONSULTING ENGINEERS;<br>FISHER MARANTZ STONE, INC.; THE<br>ARTS COUNCIL OF PRINCETON; SAL<br>ARNONE; JOHN DOES 1-50, | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY - TRENTON<br>DOCKET NO.:  3:10-cv-01393-JAP-TJB<br><br>CIVIL ACTION<br><br>**ANSWER TO THIRD PARTY COMPLAINT,<br>CROSSCLAIM FOR CONTRIBUTION,<br>CROSSCLAIM FOR INDEMNIFICATION,<br>COUNTERCLAIM, DEMAND FOR<br>STATEMENT OF DAMAGES, JURY<br>DEMAND AND DESIGNATION OF TRIAL<br>COUNSEL** |

Third Party Defendants.

ARTS COUNCIL OF PRINCETON
      Counterclaimant,
             v.
MICHAEL GRAVES & ASSOCIATES,
INC.
      Counterdefendant.

      Third-Party Defendant, The Arts Council of Princeton by way of Answer to First Amended Third Party Complaint, say(s):

### PARTIES

    1.    The allegations set forth in Paragraph 1 of the First Amended Third Party Complaint do not relate to this third-party defendant and said third-party defendant makes no answer hereto.  If any of the allegations are deemed to relate to this third-party defendant, said allegations are denied.

    2.    The allegations set forth in Paragraph 2 of the First Amended Third Party Complaint do not relate to this third-party defendant and said third-party defendant makes no answer hereto.  If any of the allegations are deemed to relate to this third-party defendant, said allegations are denied.

    3.    The allegations set forth in Paragraph 3 of the First Amended Third Party Complaint do not relate to this third-party defendant and said third-party defendant makes no answer hereto.  If any of the allegations are deemed to relate to this third-party defendant, said allegations are denied.

    4.    The allegations set forth in Paragraph 4 of the First Amended Third Party Complaint do not relate to this third-party defendant and said third-party defendant makes no

answer hereto.  If any of the allegations are deemed to relate to this third-party defendant, said allegations are denied.

5.      The allegations set forth in Paragraph 5 of the First Amended Third Party Complaint do not relate to this third-party defendant and said third-party defendant makes no answer hereto.  If any of the allegations are deemed to relate to this third-party defendant, said allegations are denied.

6.      Third-Party Defendant admits the allegations contained in Paragraph 6 of the First Amended Third Party Complaint.

7.      The allegations set forth in Paragraph 7 of the First Amended Third Party Complaint do not relate to this third-party defendant and said third-party defendant makes no answer hereto.  If any of the allegations are deemed to relate to this third-party defendant, said allegations are denied.

**JURISDICTION and VENUE**

8.      This third-party defendant neither admits nor denies the allegations set forth in Paragraph 8 of the First Amended Third Party Complaint.  The allegations consist of conclusions of law.

9.      This third-party defendant neither admits nor denies the allegations set forth in Paragraph 9 of the First Amended Third Party Complaint.  The allegations consist of conclusions of law.

**FACTS**

10.      Third-Party Defendant admits the allegations contained in Paragraph 10 of the First Amended Third Party Complaint.

11.     Third-Party Defendant admits the allegations contained in Paragraph 11 of the First Amended Third Party Complaint.

12.     Third-Party Defendant admits the allegations contained in Paragraph 12 of the First Amended Third Party Complaint.

13.     Third-Party Defendant admits the allegations contained in Paragraph 13 of the First Amended Third Party Complaint.

14.     This third-party defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the First Amended Third Party Complaint.

15.     This third-party defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the First Amended Third Party Complaint.

16.     This third-party defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the First Amended Third Party Complaint.

17.     This third-party defendant denies the allegations contained in Paragraph 17 of the First Amended Third Party Complaint.

18.     This third-party defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the First Amended Third Party Complaint.

19.     This third-party defendant admits that Sal Arnone was a representative on the Project.   This third-party defendant neither admits nor denies that Sal Arnone was an independent contractor, as this consists of a conclusion of law.

20.    Defendant admits the allegations contained in Paragraph 20 of the First Amended Third Party Complaint.

21.    Defendant admits the allegations contained in Paragraph 21 of the First Amended Third Party Complaint.

22.    This third-party defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the First Amended Third Party Complaint.

23.    This third-party defendant neither admits nor denies the allegations in Paragraph 23 of the First Amended Third Party Complaint.  The contract referred to, speaks for itself.

24.    This third-party defendant neither admits nor denies the allegations in Paragraph 24 of the First Amended Third Party Complaint.  The contract referred to, speaks for itself.

25.    This third-party defendant neither admits nor denies the allegations in Paragraph 25 of the First Amended Third Party Complaint.  The contract referred to, speaks for itself.

26.    This third-party defendant neither admits nor denies the allegations in Paragraph 26 of the First Amended Third Party Complaint.  The contract referred to, speaks for itself.

27.    This third-party defendant denies the allegations contained in Paragraph 27 of the First Amended Third Party Complaint as it relates to The Arts Council of Princeton.

28.    This third-party defendant denies the allegations contained in Paragraph 28 of the First Amended Third Party Complaint as it relates to The Arts Council of Princeton.

29.    This third-party defendant denies the allegations contained in Paragraph 29 of the First Amended Third Party Complaint as it relates to The Arts Council of Princeton.

30.    This third-party defendant denies the allegations contained in Paragraph 30 of the First Amended Third Party Complaint as it relates to The Arts Council of Princeton.

31.     This third-party defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the First Amended Third Party Complaint.

32.     This third-party defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the First Amended Third Party Complaint.

33.     This third-party defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the First Amended Third Party Complaint.

34.     This third-party defendant denies the allegations contained in Paragraph 34 of the First Amended Third Party Complaint.

35.     This third-party defendant denies the allegations contained in Paragraph 35 of the First Amended Third Party Complaint.

36.     This third-party defendant denies the allegations contained in Paragraph 36 of the First Amended Third Party Complaint as it relates to The Arts Council of Princeton.

37.     This third-party defendant denies the allegations contained in Paragraph 37 of the First Amended Third Party Complaint.

38.     This third-party defendant denies the allegations contained in Paragraph 38 of the First Amended Third Party Complaint.

39.     This third-party defendant denies the allegations contained in Paragraph 39 of the First Amended Third Party Complaint as it relates to The Arts Council of Princeton.

40.     This third-party defendant denies the allegations contained in Paragraph 40 of the First Amended Third Party Complaint as it relates to The Arts Council of Princeton.

41.    This third-party defendant denies the allegations contained in Paragraph 41 of the First Amended Third Party Complaint as it relates to The Arts Council of Princeton.

42.    This third-party defendant denies the allegations contained in Paragraph 42 of the First Amended Third Party Complaint.

43.    This third-party defendant denies the allegations contained in Paragraph 43 of the First Amended Third Party Complaint as it relates to The Arts Council of Princeton.

## ANSWER TO THIRD PARTY COMPLAINT

### ANSWER TO COUNT I
### (All Third Party Defendants)

44.    This third-party defendant repeats and reiterates its answers to all the allegations contained in all previous Counts as if fully set forth at length herein.

45.    The allegations set forth in Paragraph 45 of the First Amended Third Party Complaint Count do not relate to this third-party defendant and said third-party defendant makes no answer hereto.

46.    The allegations set forth in Paragraph 46 of the First Amended Third Party Complaint do not relate to this third-party defendant and said third-party defendant makes no answer hereto.  If any of the allegations are deemed to relate to this third-party defendant, said allegations are denied.

47.    This third-party defendant denies the allegations contained in Paragraph 47 of the First Amended Third Party Complaint.

48.    This third-party defendant denies the allegations contained in Paragraph 48 of the First Amended Third Party Complaint.

49.    This third-party defendant denies the allegations contained in Paragraph 49 of the First Amended Third Party Complaint.

## ANSWER TO COUNT II
### (All Third Party Defendants)

50.     This third-party defendant repeats and reiterates its answers to all the allegations contained in all previous Counts as if fully set forth at length herein.

51.     The allegations set forth in Paragraph 51 of the First Amended Third Party Complaint do not relate to this third-party defendant and said third-party defendant makes no answer hereto.

52.     The allegations set forth in Paragraph 52 of the First Amended Third Party Complaint do not relate to this third-party defendant and said third-party defendant makes no answer hereto.  If any of the allegations are deemed to relate to this third-party defendant, said allegations are denied.

53.     This third-party defendant denies the allegations contained in Paragraph 53 of the First Amended Third Party Complaint.

54.     This third-party defendant denies the allegations contained in Paragraph 54 of the First Amended Third Party Complaint.

55.     This third-party defendant denies the allegations contained in Paragraph 55 of the First Amended Third Party Complaint.

## ANSWER TO COUNT III
## <u>BREACH OF CONTRACT</u>

### (The Arts Council of Princeton)

56.     This third-party defendant repeats and reiterates its answers to all the allegations contained in all previous Counts as if fully set forth at length herein.

57.     Third-Party Defendant admits the allegations contained in Paragraph 57 of the First Amended Third Party Complaint.

58.     Third-Party Defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the First Amended Third Party Complaint.

59.     Third-Party Defendant denies the allegations contained in Paragraph 59 of the First Amended Third Party Complaint.

60.     Third-Party Defendant denies the allegations contained in Paragraph 59 of the First Amended Third Party Complaint.

61.     Third-Party Defendant denies the allegations contained in Paragraph 61 of the First Amended Third Party Complaint.

62.     Third-Party Defendant denies the allegations contained in Paragraph 62 of the First Amended Third Party Complaint.

63.     Third-Party Defendant denies the allegations contained in Paragraph 63 of the First Amended Third Party Complaint.

## ANSWER TO COUNT IV
## QUANTUM MERUIT

### (The Arts Council of Princeton)

64.     This third-party defendant repeats and reiterates its answers to all the allegations contained in all previous Counts as if fully set forth at length herein.

65.     This third-party defendant denies the allegations contained in Paragraph 65 of the First Amended Third Party Complaint.

66.     This third-party defendant denies the allegations contained in Paragraph 66 of the First Amended Third Party Complaint.

67.     This third-party defendant denies the allegations contained in Paragraph 67 of the First Amended Third Party Complaint.

## ANSWER TO COUNT V
## UNJUST ENRICHMENT

### (The Arts Council of Princeton)

68.     This third-party defendant repeats and reiterates its answers to all the allegations
contained in all previous Counts as if fully set forth at length herein.

69.     This third-party defendant denies the allegations contained in Paragraph 69 of the
First Amended Third Party Complaint.

70.     This third-party defendant denies the allegations contained in Paragraph 70 of the
First Amended Third Party Complaint.

71.     This third-party defendant denies the allegations contained in Paragraph 71 of the
First Amended Third Party Complaint.

72.     This third-party defendant denies the allegations contained in Paragraph 72 of the
First Amended Third Party Complaint.

73.     This third-party defendant denies the allegations contained in Paragraph 73 of the
First Amended Third Party Complaint.

74.     This third-party defendant denies the allegations contained in Paragraph 74 of the
First Amended Third Party Complaint.

### FIRST AFFIRMATIVE DEFENSE

This third-party defendant acted within the Business Judgment Rule, therefore, there is no
breach of fiduciary duty.

### SECOND AFFIRMATIVE DEFENSE

The damages alleged in the First Amended Third Party Complaint resulted from the sole
negligence of the defendant/third-party plaintiff or the concurrent negligence of the other parties.

### THIRD AFFIRMATIVE DEFENSE

The third-party plaintiff has not performed all the conditions precedent required by the contract between the parties and did not perform in accordance with the terms and conditions agreed upon between the parties.

### FOURTH AFFIRMATIVE DEFENSE

The third-party plaintiff was guilty of contributory negligence in failing to exercise due and proper care under the circumstances.

### FIFTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's defective work pursuant to the contract was an event of default under the contract, entitling this third-party defendant to terminate the contract, and withhold further payments.

### SIXTH AFFIRMATIVE DEFENSE

All of third-party plaintiff's damages are a result of third-party plaintiff's failure to take reasonable action to prevent damages, and by such failure, third-party plaintiff failed to mitigate any damages in this action.

### SEVENTH AFFIRMATIVE DEFENSE

Any and all injuries and damages sustained by the third-party plaintiff were the proximate result of the negligent acts of third persons, natural and corporate, over whom this third-party defendant exercised no control and for whose actions this third-party defendant is not legally responsible.

### EIGHTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's First Amended Third Party Complaint fails to state a cause of action upon which relief can be granted.

### NINTH AFFIRMATIVE DEFENSE

This third-party defendant owed no duty to third-party plaintiff and, if any duty was owed, such duty was not breached.

### TENTH AFFIRMATIVE DEFENSE

This third-party defendant was not guilty of any negligence or other wrongdoing contributing to the damages alleged in third-party plaintiff's First Amended Third Party Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

This third-party defendant denies that it was guilty of any negligence which was the proximate cause of any injuries or damages alleged to have been sustained by the third-party plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

This third-party defendant paid the third-party plaintiff, in accordance with the contract documents. Therefore, third-party plaintiff's claim is barred by the Doctrine of Payment.

### THIRTEENTH AFFIRMATIVE DEFENSE

This third-party defendant's duty to perform under the contract was excused by reason of the defective work of the third-party plaintiff and other material breaches within the contract.

### FOURTEENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's First Amended Third Party Complaint is barred by the Doctrine of Unclean Hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff has not complied with the provisions of the contract providing for damage claims, and therefore, has waived its rights under the contract.

### THIRD PARTY DEFENDANT, ARTS COUNCIL OF PRINCETON'S, COUNTERCLAIM AGAINST THIRD PARTY PLAINTIFF, MICHAEL GRAVES & ASSOCIATES, INC.

Third Party Defendant, Arts Council of Princeton, by and through its undersigned counsel, hereby files this Counterclaim against Third Party Plaintiff, Michael Graves & Associates, Inc., and in support thereof, avers as follows:

### PARTIES

1.      Arts Council of Princeton ("Arts Council"), is a New Jersey Non Profit Organization, with an address of 102 Witherspoon Street, Princeton, New Jersey 08540.

2.      Upon information and belief, Michael Graves & Associates, Inc. ("Graves"), is a New Jersey Business Corporation with a principal place of business of 341 Nassau Street, Princeton, New Jersey 08540.

### JURISDICTION AND VENUE

3.      Jurisdiction over this Counterclaim exists in this Court by virtue of 28 U.S.C. §1367.

4.      Venue is appropriate in the District of New Jersey pursuant to 28 U.S.C. §1391(b)(2) on the basis that the contract that is the subject of this dispute was both formed and performed in Princeton, New Jersey, and the construction project at issue is located in Princeton, New Jersey.

### BACKGROUND FACTS RELEVANT TO ALL COUNTS

5.      The dispute between Arts Council and Graves arises from a construction project known as the "Renovation and Expansion of the Arts Council of Princeton," located at 102 Witherspoon Street, Princeton, New Jersey ("Project").  The Project involves the renovation of a

two-story section of an existing building, and the construction of a new addition to a multi-purpose center commonly referred to as the "Paul Robeson Center."

**A.    Pre-Construction Phase**

6.     On November 30, 2004, before letting the Project out for bid, the Arts Council entered into a written contract with Graves (the "Contract"), whereby Graves was to provide comprehensive architectural and engineering design, support and inspection services on the Project. A copy of the Contract is attached hereto as Exhibit "1."

7.     According to the Contract, Graves was to serve as the Arts Council's agent, charged with, inter alia, the authority and responsibility to prepare the Project construction documents, including, but not limited to, the Project specifications, drawings, and plans (the "Construction Documents").

8.     Graves is an internationally-renowned design firm, claiming on its website to have been at the forefront of architecture and design since the firm's inception in 1964, and having designed over 350 buildings worldwide. Graves further claims that its design work includes large scale master plans; corporate headquarters and numerous office buildings; hotels and resorts; restaurants and retail stores; sports and recreation centers; healthcare facilities; civic projects encompassing embassies, courthouses, and monuments; a wide variety of university buildings; museums, theaters and public libraries; as well as both multifamily and private residential projects.

9.     The terms of the Contract, as well as the professional standards then and there governing Graves' practice, required Graves, either through its own resources or through the resources of its sub-consulting engineers (Mechanical, Electrical, Plumbing, HVAC, Fire Protection), to prudently develop, finalize, issue, and manage the implementation of

Construction Documents that were substantially free of error or omission and sufficiently coordinated and complete to enable the Project to be constructed in accordance with the Arts Council's schedule and anticipated budget.

10.     Pursuant to the Contract and its professional standards, Graves was to further confirm that the Project, as designed and constructed, was and would be in compliance with the permits, standards, codes, ordinances, regulations, and laws governing the design, construction and use of the facility by the Arts Council.

11.     Graves prepared the Construction Documents and provided the same to ACP. Thereafter, Arts Council issued the Construction Documents to select contracting companies for competitive bidding, inviting these contracting companies to submit bids for construction work on the Project.

12.     The Construction Documents were represented by Graves to Arts Council as capable of use by the contractors to build the Project within the scope, schedule and budget identified in the Construction Documents, and otherwise in compliance with the permits, standards, codes, ordinances, regulations, and laws governing the design, construction and use of the Project.

**B.      Construction Phase**

13.     By written contract dated January 23, 2006, and in justifiable and good faith reliance on the stated precision and constructability of the Construction Documents prepared by Graves, Arts Council, as owner, entered into a written construction contract with E. Allen Reeves, Inc. (the "General Contract").

14.     According to the terms of the General Contract, Reeves agreed to serve as the general contractor for the construction of the Project in accordance with the Construction Documents, in exchange for payment from the Arts Council of $5,698,190.00.

15.     However, during the course of construction of the Project, Arts Council and its general contractor, Reeves, discovered vast errors and omissions in the Construction Documents prepared by Graves, which fundamentally and drastically altered the scope of work under the General Contract and caused Arts Council to incur costs and liabilities to overcome the design deficiencies that exceed the value of the General Contract by more than $2,410,915.  By way of example, and not limitation, Graves' errors and omissions included:

a.     Errors and omissions in the survey of the existing building;

b.     Failure to coordinate the design of the Project systems (mechanical, electrical, plumbing, HVAC, Fire Protection) to allow for installation of the systems in the available space;

c.     Errors and omissions in the attic ventilation;

d.     Errors and omissions in the design of the HVAC system, including the refrigerant lines to the rooftop Air Conditioning Unit;

e.     Errors and omissions in inspecting pre-existing conditions, including the failure to discover rotted wood roof joists, and failing to discover water penetration into the brick and block outside of the Children's Studio, causing the outer wythe of brick to become detached from the masonry backup and in danger of falling;

f.     Errors and omissions in failing to depict the acid waste ejector pit on the structural drawings;

g.     Lack of proper specification and design provisions for exhaust of the kilns through the chimney to the roof;

h.     Errors in floor to floor elevations and discrepancies between top of floor elevations in the existing building relative to the floors in the connecting new addition;

        i.      Errors in connection points/elevations for the new building steel to connect to the existing building structure, which impacted structural steel fabrication and erection activities for the addition; and

        j.      Errors in the site storm water design.

16.    The ability of Arts Council's general contractor to construct the Project was severely impacted by conditions stemming from deficiencies in the Construction Documents.

17.    Due to the errors and omissions in the Construction Documents prepared by Graves, the Project, as designed by Graves, was not constructible.

18.    As a result of the fact that the Project was not constructible as designed by Graves, Arts Council's general contractor was forced to perform a significant amount of unforeseen work in order to construct the Project.

19.    The additional work that Arts Council's general contractor was forced to perform as a result of the errors and omissions in the Construction Documents includes, but is not limited to:

        a.      Redesigning various mechanical and electrical systems so that they could be incorporated into the Project with the similar intent as the original architectural design;

        b.      Measuring and producing material, to fit conditions on an ad hoc basis to correct the errors and omissions encountered in the field, including performing design revisions to walls, ceilings, duct work, plumbing, sprinkler piping, conduit and light fixtures;

        c.      Replacing lighting fixtures as they would not fit into the ceiling heights, framing, piping and duct work dimensions designed by Graves;

        d.      Lowering and changing ceilings in virtually every area in the constructed building to provide space for structural steel and the re-engineering and rerouting of duct work, light fixtures, sprinkler lines, refrigerant lines, plumbing and sanitary lines, and conduit;

        e.      Preparing additions to the Construction Documents and specifications to include ventilating the attic through installation of exhaust fans on one

       side of the attic with air intake louvers, electrical wiring, thermostat and humidistat on the other side of the attic;

f.      Re-engineering plumbing, fire protection, HVAC, electrical and drywall;

g.      Installing two pairs of refrigerant lines and 125-amp electrical service to the rooftop AC unit as only one pair of lines and a 60-amp service was erroneously depicted by Graves on the Construction Documents;

h.      Removing and replacing existing roof joists and roof sheathing that were rotted and not disclosed by Graves in the Construction Documents;

i.      Designing and implementing a mechanical attachment to stabilize the brick veneer that was loose, out of plumb and separating from the existing wall at the Children's Studio;

j.      Constructing a chase wall to accommodate duct work, refrigerant piping, a 6-inch sprinkler and hot water piping because there was no room in the ceiling as designed; and

k.      Performing major redesign work and/or additional work not contemplated by the General Contract that impacted the construction schedule, creating inefficiencies and delaying the Project by more than 12 months past the substantial completion date identified in the General Contract.

20.      The unanticipated and out-of-scope work performed by Arts Council's general contractor as a direct result of the errors and omissions in the Construction Documents caused Arts Council to incur significant costs in excess of the value of the General Contract.

21.      In addition to the unanticipated and out-of-scope work necessitated by deficiencies in the Construction Documents prepared by Graves, Arts Council incurred additional costs because its general contractor was forced to work under imperfect conditions in order to overcome the deficiencies in Graves' Project design.  These conditions include, but are not limited to, being forced to work with incomplete and erroneous drawings; being forced to accelerate its work; being directed or forced to perform work in an out-of-sequence manner; being required to perform substantial additional work; and being required to work at the Project

for a significantly longer time than initially anticipate as a result of unavoidable delays, among other things.

22.     The conditions that interfered with the ability of Arts Council's general contractor to construct the Project were compounded and exacerbated by Graves' failure to oversee the construction of the Project and to provide necessary information and instruction to the general contractor.

23.     Graves' failure to properly design and oversee the construction of the Project (i) constitute  breaches of the Contract and (ii) demonstrate performance that falls outside of the acceptable professional standards governing Graves' practice.

24.     As a direct and proximate result of deficiencies in the Construction Documents, including the Project plans, drawings and specifications prepared by Graves, as well as Graves' failure to oversee the construction of the Project, Arts Council has incurred damages and liabilities in excess of $2,410,915 for which it is entitled to reimbursement from Graves.

25.     Arts Council fully performed all duties and obligations owed to Graves under the Contract.

26.     All conditions precedent to Arts Council's right to reimbursement for the damages set forth above have been performed, or are excused or discharged.

## COUNT I
## BREACH OF CONTRACT

27.     The averments set forth in the foregoing paragraphs are incorporated herein by reference as though set forth at length.

28.     Pursuant to the Architect's Contract, its professional duties, and otherwise by law, Graves was obligated to:

a.    Prepare, review, and furnish to Arts Council, in a timely, efficient, and professional manner, Construction Documents which were not false, and substantially free of errors, omissions, ambiguities, and discrepancies, and in such a manner as to avoid delay, hindrance, interference, and/or disruption in the orderly progression of the work to be performed by Arts Council's general contractor;

b.    Confirm that the Construction Documents provided to Arts Council were not false, and to further confirm that the Project, as designed and as constructed, was and would be in compliance with the permits, standards, codes, ordinances, regulations, and laws governing the construction and use of the Project;

c.    Provide timely construction phase support services to ensure that the Project was built in substantial compliance with the plans, specifications and other architectural, engineering, and technical information; and

d.    Exercise reasonable care and competence to ensure the information set forth above was not false, and in obtaining and communicating this information to Arts Council and its general contractor.

29.    Pursuant to the express terms of the Contract, Graves agreed that its "[s]ervices shall be performed in a manner consistent with professional skill and care."

30.    As set forth in detail above, Graves breached the Contract by failing to perform its duties under the Contract in accordance with the requisite professional standards of care. Specifically, the Construction Documents prepared, reviewed, and furnished by Graves to Arts Council were false, containing numerous errors, omissions, discrepancies and ambiguities, and were not otherwise in compliance with the permits, standards, codes, ordinances, regulations, and laws governing the construction and use of the Project.

31.    In addition, and upon information and belief, Graves breached the Contract by failing to commit sufficient personnel and resources to properly administer the construction of the Project in the manner required by the Contract.

32.    The aforementioned acts, omissions, misrepresentations, and breaches constitute breaches of Graves' Contract with Arts Council.

33.     As a direct and proximate result of Graves' breaches of the Contract, including but not limited to, deficiencies in the Construction Documents, including the Project plans, drawings and specifications prepared by Graves, as well as Graves' failure to oversee and administer the construction of the Project, Arts Council has incurred damages and liabilities in excess of $2,410,915 for which it is entitled to reimbursement from Graves.

34.     Furthermore, as a direct and proximate result of Graves' breaches of the Contract as set forth above, the construction of the Project was delayed, which caused Arts Council to incur additional damages for which it is entitled to compensation from Graves.

WHEREFORE, Arts Council of Princeton demands trial by jury and judgment in its favor and against Michael Graves and Associates, Inc., in an amount in excess of $2,410,915, plus interest, costs of suit, attorneys' fees, and such further relief as this court deems to be just and proper.

## ANSWER TO CROSSCLAIMS

This third-party defendant denies each and every allegation of any and all Crossclaims which have been or may be asserted against this third-party defendant.

WHEREFORE, said third-party defendant demands judgment dismissing any and all Crossclaims, with counsel fees and costs.

## CROSSCLAIM FOR CONTRIBUTION

Although this third-party defendant denies any and all liability whatsoever, this third-party defendant demands contribution from third-party defendants, DAVID CHOU & ASSOCIATES, KELTER & GILLIGO CONSULTING ENGINEERS and FISHER MARANTZ STONE, INC. pursuant to the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq., and the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1, et seq.

## CROSSCLAIM FOR INDEMNIFICATION

Although this third-party defendant denies any and all liability whatsoever, if this third-party defendant was guilty of negligence, such negligence was vicarious, passive and secondary and it was the negligence of third-party defendants, DAVID CHOU & ASSOCIATES, KELTER & GILLIGO CONSULTING ENGINEERS and FISHER MARANTZ STONE, INC. which was active and primary and the proximate cause of any and all damages alleged to have been sustained by the third-party plaintiff and this third-party defendant demands indemnification from said third-party defendants for the amount of any judgment against this third-party defendant, with counsel fees and costs.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to R. 4:5-2, this third-party defendant demands a written statement of the amount of damages claimed within five (5) days of service of the within Answer.

## JURY DEMAND

Third-Party Defendant The Arts Council of Princeton demands a trial by jury as to all issues involved herein.

## DESIGNATION OF TRIAL COUNSEL

Third-Party Defendant, The Arts Council of Princeton designates John E. Lamastra and Jason A. Copley (on the counterclaim) as trial counsel.

## CERTIFICATION

I certify that the foregoing Answer to First Amended Third Party Complaint and Counterclaim were served within the time allowed under Local Rules of Civil Procedure.

Upon information and belief, the matter in controversy is not the subject of any other action pending in any Court or the subject of a pending arbitration proceeding.

DALY, LAMASTRA & CUNNINGHAM


*/s/ John E. Lamastra*
JOHN E. LAMASTRA, ESQ.
*Attorneys for Third Party Defendant*
*The Arts Council of Princeton*


COHEN SEGLIAS PALLAS
GREENHALL & FURMAN, P.C.


JOHN J. GRAHAM, JR., ESQ.
JASON A. COPLEY, ESQ.
*Attorneys for The Arts Council of Princeton on the*
*Counterclaim in Michael Graves & Associates,*
*Inc.'s Amended Third Party Complaint*


Dated ___8/13/10___