LAW OFFICES OF
# DALY, LAMASTRA & CUNNINGHAM

| | | |
|---|---|---|
| ELIZABETH A. DALY** <br> JOHN E. LAMASTRA▪ <br> WILLIAM P. CUNNINGHAM <br> JOSEPH F. SKINNER <br> _____ <br> *Of Counsel* <br> MARIE SEITZ* <br> JONATHAN E. HILL | ATTORNEYS AT LAW <br> NOT A PARTNERSHIP OR PROFESSIONAL CORPORATION <br><br> 3 MOUNTAIN VIEW ROAD <br> P O BOX 1622 <br> WARREN, NJ  07061-9901 <br><br> (908) 903-5700 <br> FACSIMILE:  (908) 903-5798 | OLIVIER J. KIRMSER** <br> JOHN D. GULYAS <br> PETER K. BARBER <br> MICHAEL S. SCHWARTZ <br> DAVID L. BURNETT <br> M. ELIZABETH DUFFY* <br> ELLEN M. BOYLE* |

*New York and New Jersey Bar
**New Jersey and Pennsylvania Bars
▪Certified by the Supreme Court of New Jersey as
   a Civil Trial Attorney

December 16, 2010

Honorable Joel A. Pisano, U.S.D.J.
U.S. District Court
Clarkson South Fisher Federal Bldg & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re:    E. Allen Reeves, Inc. v. Michael Graves & Associates, et al.,
              Docket No. 3:10-cv-01393-JAP-TJB

Dear Judge Pisano:

The undersigned represents Third Party Defendants Sal Arnone and The Arts Council of Princeton in the above matter.  Third Party Defendants have filed a Motion to Dismiss Counts I and II of the First Amended Third Party Complaint. These defendants assert and adopt those arguments advanced in the reply brief of E. Allen Reeves with regard to dismissal of these counts.

Third Party Defendants Sal Arnone and The Arts Council have also filed a Motion to Dismiss claims made by Michael Graves & Associates for contribution and indemnification. Kindly accept this letter brief as a reply to the opposition filed on behalf of Michael Graves.

**I.**     **Michael Graves' Contribution Claims Must Be Dismissed.**

It is well-settled under the law of the State of New Jersey that "both the party against whom a claim for contribution is *asserted* as well as the party asserting the claim must be torfeasors." Longport Ocean Plaza Condo. v. Robert Cato & Assoc., Inc. 2002 WL 2013925 at *2 (E.D. Pa. 2002) (see copy of Longport opinion attached to Reeves Motion to Dismiss as Exhibit F). Further, where claims against a party sound in breach of contract rather than tort, that party cannot seek contribution from another party.  Walsh Securities, Inc. v. Cristo Prop. Mgmt., Ltd., 2007 WL 951955 at *1 (D.N.J. 2007), (see copy of Walsh Securities opinion attached to Reeves Motion to Dismiss as Exhibit H).

In Counts Seven, Nine and Eleven of the Amended Counterclaim, Graves seeks contribution for claims asserted against it by ACP, Kelter & Gilligo Consulting Engineers ("K&G") and David

Honorable Joel A. Pisano, U.S.D.J.
December 16, 2010
Page 2

Chou & Associates ("Chou").  Graves had contracts with ACP, K&G and Chou, and each of the claims asserted against Graves by ACP, K&G and Chou sounds in breach of contract.  Accordingly, Graves cannot, as a matter of law, seek contribution from Reeves for the claims of ACP, K&G and Chou because the claims do not involve alleged torts.

Graves cites the case of Dunn v. Praiss for the proposition that a party can seek contribution for claims based in breach of contract.  139 N.J. 564, 577, 656 A.2d 413, 420 (1995).  The Dunn decision is inapplicable in the present case because courts interpreting the Dunn opinion have limited the holding in Dunn to cases involving personal injury or property damage.  E.g. Scottsdale Ins. Co. v. Weiner, 2010 WL 445649 at *7 (D.N.J. 2010), (see copy of Scottsdale opinion attached to Reeves Reply Brief as Exbit F); Walsh Securities, 2007 WL at *2; Longport, 2002 WL at *3.  In this case, it is undisputed that no allegations of personal injury or property damage were asserted against Graves.  Accordingly, Counts Seven, Nine and Eleven of the Amended Counterclaim must be dismissed.

## II.    Michael Graves' Indemnification Claims Must Be Dismissed.

Pursuant to New Jersey law, claims for indemnification are available only (1) where a contract provides for them and (2) where a "special legal relationship" creates a right to indemnity.  Ferriola v. Stanley Fastening Sys., LP, 2007 WL 2261564 at *2 (D.N.J. 2007); Allied Corp v. Frola, 730 F.Supp. 626, 639 (D.N.J. 1990).   In Counts Six, Eight and Ten of the Amended Counterclaim, Graves seeks indemnification for claims asserted against it by ACP, K&G and Chou.  It is undisputed that Graves and Reeves have no contractual relationship.  Accordingly, Graves has no contractual right to indemnification from Reeves.  In its opposition brief, however, Graves argues that it will offer expert testimony to establish that a "special legal relationship" exists between Graves and Reeves upon which Reeves' duty to indemnify Graves is based.  Graves' argument stands in conflict with Rule 12(b)(6) because Graves' Amended Counterclaim contains no allegations of the existence of a "special legal relationship" between itself and Reeves upon which a duty of indemnity could be based.  Moreover, New Jersey courts do not recognize any such relationship between a general contractor, like Reeves, and a design professional, like Graves.  The anticipated testimony of Graves' unidentified expert witness is irrelevant and underscores that Graves' Amended Counterclaim contains insufficient allegations to withstand a Rule 12(b)(6) motion to dismiss.  Accordingly Counts Six, Eight and Ten of the Amended Counterclaim must be dismissed with prejudice.

      Respectfully submitted,
      DALY, LAMASTRA & CUNNINGHAM
      */s/ John E. Lamastra*


      John E. Lamastra


JEL:tyj
cc:     All Counsel of Record