IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E. ALLEN REEVES, INC. <br>    *Plaintiff* <br>   v. <br> MICHAEL GRAVES & ASSOCIATES, INC. <br>    *Defendant* | : CIVIL ACTION NO. <br> : 3:10-CV-01393-JAP-TJB <br> : <br> : <br> : <br> : |
| MICHAEL GRAVES & ASSOCIATES, INC. <br>    *Counterclaimant,* <br>   v. <br> E. ALLEN REEVES, INC. <br>    *Counterdefendant* | : <br> : <br> : <br> : <br> : |
| MICHAEL GRAVES & ASSOCIATES, INC. <br>    *Third Party Plaintiff*, <br>   v. <br> DAVID CHOU & ASSOCIATES; <br> KELTER & GILLIGO CONSULTING ENGINEERS; <br> FISHER MARANTZ STONE, INC.; <br> THE ARTS COUNCIL OF PRINCETON; <br> SAL ARNONE; <br> JOHN DOES 1-50, <br>    *Third Party Defendants,* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**STATEMENT OF FACTS AND MEMORANDUM OF LAW IN SUPPORT OF THE  MICHAEL GRAVES & ASSOCIATES, INC MOTION TO DISMISS THE ARTS COUNCIL OF PRINCETON'S COUNTERCLAIM PURSUANT TO N.J.S.A. §2A:53A-29**

ON THE BRIEF:
Raymond J. Michaud, Esquire
Marshall, Dennehey, Warner, Coleman &  Goggin
200 Lake Drive East, Suite 300
Cherry Hill, NJ  08002
Attorneys for Michael Graves & Associates

**Table of Contents**

|   |   | Page |
|---|---|---|
| I. | STATEMENT OF FACTS………………………………………………………………… | 1 |
| II. | LEGAL ARGUMENT…………………………………………………………………….. | 6 |

    I.    THE ARTS COUNCIL OF PRINCETON'S COUNTERCLAIM ALLEGES PROFESSIONAL MALPRACTICE AGAINST MICHAEL GRAVES & ASSOCIATES, INC.  AND MUST BE DISMISSED WITH PREJUDICE FOR FAILURE TO PRODUCE AN AFFIDAVIT OF MERIT, AS REQUIRED BY N.J.S.A. §2A:53A-26 ET SEQ…………………………………………………….. 6

    A.    THE ARTS COUNCIL OF PRINCETON, AS A COUNTERCLAIMANT, IS NOT EXEMPT FROM THE REQUIREMENTS OF THE AFFIDAVIT OF MERIT STATUTE……………………………………………………………............ 13

III.  CONCLUSION…………………………………………………………………………….. 15

TABLE OF AUTHORITIES

**Cases**

".  Charles A. Manganaro Consulting Engineers, Inc. v. Carneys Point Tp. Sewerage Authority, 344 N.J. Super. 343, 347-48 (App.Div. 2001)...................................................................................................... 14
§2A:53A-28 .................................................................................................................................. 7
Aiello v. Muhlenberg Reg'l Med. Ctr., 159 N.J. 618, 626, 733 A.2d 433 (1999) .................................................. 14
Cananwill, Inc. v. Fuji Express, Inc., 317 Fed. Appx. 115, 118 (3d Cir. N.J. 2008)........................................... 12
Cf. Levinson v. D'Alfonso & Stein, P.C., 320 N.J. Super. 312, 318, 727 A.2d 87 (App.Div.1999)................... 15
Charles A. Manganaro Consulting Engineers, Inc. v. Carneys Point Tp. Sewerage Authority, 344 N.J. Super. 343, 347-348 (App.Div. 2001).................................................................................................... 14
Charles A. Manganaro Consulting Engineers, Inc. v. Carneys Point Tp. Sewerage Authority, 344 N.J. Super. 343, 349 (App.Div. 2001)............................................................................................................ 15
Cornblatt v. Barow, 153 N.J. 218 (1998),................................................................................................ 7
Cornblatt v. Barow, 153 N.J. 218, 242 (1998)......................................................................................... 7
Cornblatt v. Barow, 303 N.J. Super. 81, 84, (App.Div.1997), rev'd on unrelated grounds, 153 N.J. 218 (1998) 14
Couri v. Gardner, 173 N.J. 328, (2002), ................................................................................................ 10
Couri v. Gardner, 173 N.J. 328, 340 (2002) ........................................................................................... 12
Couri v. Gardner, 173 N.J. 328, 340 (2002). ..................................................................................... 10, 11
Couri, supra, 173 N.J. at 334 ................................................................................................................. 12
Coyle v. Englander's, 199 N.J. Super. 212, 223(App. Div. 1985)............................................................... 9
Department of Transp. v. PSC Res., Inc., 159 N.J. Super. 154, 159, 387 A.2d 393 (Law Div.1978)................ 14
Gibbins v. Kosuga, 121 N.J. Super. 252, 256, 296 A.2d 557 (Law Div.1972). ........................................... 14
Highland Lakes Country Club and Community Ass'n v. Nicastro, 406 N.J. Super. 145, 150-151 (App.Div. 2009) ................................................................................................................................................ 12
N.J.S.A. §2A:53A-26.............................................................................................................................. 5, 6, 7
N.J.S.A. §2A:53A-27.............................................................................................................................. 6, 7
N.J.S.A. §45:3-1.1.................................................................................................................................. 7, 8
Nagim v. New Jersey Transit, 369 N.J. Super. 103, 118-119 (Law Div. 2003) citing Cornblatt v. Barow, 153 N.J. 218 (1998). ............................................................................................................................ 13
Taylor v. DeLosso, 319 N.J. Super. 162, 272 (App. Div. 1999). .............................................................. 11

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E. ALLEN REEVES, INC.<br>    *Plaintiff*<br>  v.<br>MICHAEL GRAVES & ASSOCIATES, INC.<br>    *Defendant* | : CIVIL ACTION NO.<br>: 3:10-CV-01393-JAP-TJB<br>:<br>:<br>:<br>: |
| MICHAEL GRAVES & ASSOCIATES, INC.<br>    *Counterclaimant,*<br>  v.<br>E. ALLEN REEVES, INC.<br>    *Counterdefendant* | :<br>:<br>:<br>:<br>:<br>: |
| MICHAEL GRAVES & ASSOCIATES, INC.<br>    *Third Party Plaintiff,*<br>  v.<br>DAVID CHOU & ASSOCIATES;<br>KELTER & GILLIGO CONSULTING ENGINEERS;<br>FISHER MARANTZ STONE, INC.;<br>THE ARTS COUNCIL OF PRINCETON;<br>SAL ARNONE;<br>JOHN DOES 1-50,<br>    *Third Party Defendants,* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## STATEMENT OF FACTS

1. This matter is before the Court in connection with the Michael Graves & Associates, Inc. motion to dismiss the Arts Council of Princeton's Counterclaim, with prejudice for failure to comply with <u>N.J.S.A.</u> 2A:53A-27 et seq.

2. This litigation arises out of a construction project for the expansion and renovation of the Arts Council of Princeton's building (the "Project"), located at 102 Witherspoon Street, Princeton, New Jersey.

3. The Third Party Defendant/Counterclaimant, the Arts Council of Princeton, is a New Jersey Non-Profit Organization, doing business at 102 Witherspoon Street, Princeton, New Jersey 08540. The Arts Council of Princeton is the owner of the project at issue in this litigation.

4. Defendant, Counterclaimant, and Third Party Plaintiff, Michael Graves & Associates, Inc., is an Architectural firm, created and organized under the laws of the State of New Jersey and conducts its business at 341 Nassau Street, Princeton, New Jersey 08540.

5. On March 16, 2010, the Plaintiff, E. Allen Reeves Inc., filed a Complaint commencing this present action against Michael Graves & Associate, Inc. The Complaint alleges professional negligence against Michael Graves & Associates, Inc. E. Allen Reeves Inc. single count of its Complaint is based upon Section 522 Restatement (Second) Torts. (See Exhibit "A", March 16, 2010 Complaint filed by E. Allen Reeves, Inc.).

6. On May 28, 2010, Michael Graves & Associates, Inc. filed an Answer to the E. Allen Reeves Inc. Complaint. (See Exhibit "B", Michael Graves & Associates, Inc. Answer, dated May 28, 2010).

7. On May 28, 2010, Michael Graves & Associates, Inc. filed a Counterclaim and Third Party Complaint, joining the Arts Council of Princeton as a Third Party Defendant. (See Exhibit "C", Michael Graves & Associates, Inc. Counter Claim and Third Party Complaint, dated May 28, 2010).

8. On July 16, 2010, Michael Graves & Associates filed a First Amended Third Party Complaint. (See Exhibit "D", Michael Graves & Associates, Inc. First Amended Third Party Complaint, dated July 16, 2010).

9. On August 13, 2010, the Arts Council of Princeton, filed an Answer to the Michael Graves & Associates, Inc.'s Amended First Third Party Complaint. (See Exhibit "E", the Arts Council of Princeton Answer and Counterclaim, dated August 13, 2010).

10. On August 13, 2010, the Arts Council of Princeton, filed a Counterclaim against Michael Graves & Associates. (See Exhibit "E", the Arts Council of Princeton Answer and Counterclaim, dated August 13, 2010).

11. In the Counterclaim, the Arts Council of Princeton correctly identifies that the Arts Council of Princeton and Michael Graves & Associates, Inc. entered into a Contract, where, Michael Graves & Associates, Inc. would provide architectural services for the project. (See Exhibit "F", AIA B155-1993, Standard form of Agreement Between Owner and Architect for a Small Project, dated November 30, 2004).

12. In the Counterclaim, the Arts Council of Princeton identifies Michael Graves & Associates, Inc. as a professional association that provided "comprehensive architectural and engineering design, support, and inspection services" to the plaintiffs. (See Exhibit "E", Counterclaim, paragraph 1 and 6).

13. In the Counterclaim, the Arts Council of Princeton identifies Michael Graves & Associates, Inc. as a design firm. (See Exhibit "E", Counterclaim, paragraph 8).

14. In the Counterclaim, the Arts Council of Princeton identifies that Michael Graves & Associates, Inc. was required to adhere to the "professional standards, then and there governing Graves practice, required Graves..., to prudently develop, finalize, issue and manage the implementation of the construction documents that were substantially free of error or omission and sufficiently coordinated and complete to enable the project to be constructed in accordance with the Arts Council's schedule and anticipated budget." (See Exhibit "E", Counterclaim, paragraph 9).

15. In the Counterclaim, the Arts Council of Princeton identifies that Michael Graves & Associates, Inc. was required to "confirm that the Project, as designed and constructed, was and would be in compliance with the permits, standards, codes, ordinances, regulations and laws governing the design, construction and use of the facility." (See Exhibit "E", Counterclaim, paragraph 10).

16.     The basis for the counterclaim of the Arts Council of Princeton relates to the <u>professional architectural services</u> provided by, Michael Graves & Associates, Inc. to the Counterclaimant, Arts Council of Princeton.

17.     The Arts Council of Princeton counterclaim alleges, inter alia, that "Reeves, discovered vast errors and omissions in the Construction Documents prepared by Graves, which fundamentally and drastically altered the scope of work under the General Contract and caused Arts Council to incur costs and liabilities to overcome the design deficiencies." (<u>See Exhibit "E"</u>, Counterclaim, paragraph 15).

18.     The Arts Council of Princeton counterclaim alleges, inter alia, that "By way of example, and not limitation, Graves' errors and omissions included:

   a.   Errors and omissions in the survey of the existing building;

   b.   Failure to coordinate the design of the Project systems (mechanical, electrical, plumbing, HVAC, Fire Protection) to allow for installation of the systems in the available space;

   c.   Errors and omissions in the attic ventilation;

   d.   Errors and omissions in the design of the HVAC system, including the refrigerant lines to the rooftop Air Conditioning Unit;

   e.   Errors and omissions in inspecting pre-existing conditions, including the failure to discover rotted wood roof joists, and failing to discover water penetration into the brick and block outside of the Children's Studio, causing the outer wythe of brick to become detached from the masonry backup and in danger of falling;

   f.   Errors and omissions in failing to depict the acid waste ejector pit on the structural drawings;

   g.   Lack of proper specification and design provisions for exhaust of the kilns through the chimney to the roof

4

    h.    Errors in floor to floor elevations and discrepancies between top of floor elevations in the existing building relative to the floors in the connecting new addition;

    i.    Errors in connection points/elevations for the new building steel to connect to the existing building structure, which impacted structural steel fabrication and erection activities for the addition; and

    j.    Errors in the site storm water design.

(See Exhibit "E", Counterclaim, paragraph 15).

19.    The Arts Council of Princeton counterclaim alleges, inter alia, that there were "deficiencies in the Construction Documents, "Errors and Omissions in the Construction Documents" and "the Project, as designed by graves, was not constructible." (See Exhibit "E", Counterclaim, paragraph 16 to 18).

20.    On August 24, 2010, Michael Graves & Associates, Inc. filed an Answer to the Arts Council of Princeton's Counterclaim. (See Exhibit "G", Michael Graves & Associates, Inc. Answer, dated August 24, 2010).

21.    The Arts Council of Princeton labeled its counterclaim against Michael Graves & Associates, Inc. as a "Breach of Contract". (See Exhibit "E", Counterclaim, Count I).

22.    Despite the Arts Council of Princeton's label, all of the allegations against Michael Graves & Associates, Inc. fall within the definition of professional malpractice standards, as these allegations directly relate to the professional architectural services of Michael Graves & Associates, Inc.

23.    As Michael Graves & Associates, Inc. is a registered Professional Architectural firm in New Jersey, any claims against it relating to its professional services require the filing of an Affidavit of Merit pursuant to N.J.S.A. §2A:53A-26.

24.    As of December 30, 2010 the Arts Council of Princeton, has not filed or served an Affidavit of Merit as to Michael Graves & Associates, Inc.

25.     The Affidavit of Merit Statute, N.J.S.A. §2A:53A-26 et seq., requires that an Affidavit from a disinterested, qualified professional be filed by the plaintiff with sixty (60) days from the filing of the Defendant' Answer.

26.     A maximum of one sixty (60) day extension may be granted by the Court, extending the time to file the required Affidavit to 120 days from the filing of defendant's Answer.

27.     Sixty (60) days from August 24, 2010, expired on October 23, 2010; and 120 days from August 24, 2010, expired on December 22, 2010.

28.     Defendant submits that the Affidavit of Merit Statute requires this Court to dismiss the Arts Council of Princeton's Counterclaim against Michael Graves & Associates, Inc., with prejudice, at this time due to the Arts Council of Princeton's failure to serve the required Affidavit of Merit, within the time prescribed by New Jersey law.

## LEGAL ARGUMENT

**I. THE ARTS COUNCIL OF PRINCETON'S COUNTERCLAIM ALLEGES PROFESSIONAL MALPRACTICE AGAINST MICHAEL GRAVES & ASSOCIATES, INC.  AND MUST BE DISMISSED WITH PREJUDICE FOR FAILURE TO PRODUCE AN AFFIDAVIT OF MERIT, AS REQUIRED BY N.J.S.A. §2A:53A-26 *ET SEQ*.**

The Affidavit of Merit Statute provides that the failure to provide an Affidavit of Merit is a violation of statute; accordingly, a dismissal under the statute based upon a violation of the Affidavit requirement is to be with prejudice.

N.J.S.A. §2A:53A-27 provides:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint fell outside acceptable professional or occupational standards or treatment practices.

6

> The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon the finding of good cause.

The Arts Council of Princeton's failure to serve an Affidavit of Merit is fatal and requires dismissal with prejudice. In <u>Cornblatt v. Barow</u>, 153 N.J. 218 (1998), the Supreme Court held that "if the plaintiff fails to provide an affidavit or a statement in lieu thereof, pursuant to <u>N.J.S.A</u>. §2A:53A-27 or §2A:53A-28, it shall be deemed a failure to state a cause of action." <u>Id</u>. at 229. Moreover, the Court held:

> "We conclude that a dismissal under the statute based on a violation of the affidavit requirement would be without prejudice only if there are exceptional circumstances. Absent exceptional circumstances, failure to comply with the statute that requires a dismissal would be with prejudice. " <u>Id</u>. at 247.

The overall purpose of the statute is to "require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation." <u>Cornblatt v. Barow</u>, 153 N.J. 218, 242 (1998).

Under the statutory definition, architects and architectural firms are a "licensed person" within the meaning of the act. <u>N.J.S.A</u>. §2A:53A-26. Architects are defined by statute as "an individual who through education, training, and experience is skilled in the art and science of building design and has been licensed by the New Jersey State Board of Architects to practice architecture in the State of New Jersey." <u>N.J.S.A</u>. §45:3-1.1. The allegations raised in the Arts Council of Princeton's Counterclaim falls within the definition of professional malpractice standards, as these allegations directly relate to the professional architectural services provided by Michael Graves & Associates, Inc.

> <u>N.J.S.A</u>. §45:3-1.1 defines the practice of architecture and architectural services as:
>
> "Practice of architecture" and "architectural services" means the rendering of services in connection with the design, construction, enlargement, or alteration of a building or a group of buildings and the space within or surrounding those buildings, which have as their principal purpose human use or habitation. These services include site planning, providing preliminary studies, architectural designs, drawings, specifications, other technical documentation, and administration of construction for the purpose of determining compliance with drawings and specifications.

7

Michael Graves & Associates, Inc. are undoubtedly architects within the definition of the statute. The Arts Council of Princeton has stated as much in the Counterclaim. In the Counterclaim, the Arts Council of Princeton identifies Michael Graves & Associates, Inc. as a design firm and a professional association that provided "comprehensive architectural and engineering design, support, and inspection services" to the plaintiffs. (See Exhibit "E", Counterclaim, paragraph 1, 6, and 8). Further, the Arts Council of Princeton identifies that Michael Graves & Associates, Inc. was required to adhere to the "professional standards, then and there governing Graves practice, required Graves..., to prudently develop, finalize, issue and manage the implementation of the construction documents that were substantially free of error or omission and sufficiently coordinated and complete to enable the project to be constructed in accordance with the Arts Council's schedule and anticipated budget." (See Exhibit "E", Counterclaim, paragraph 9). The Arts Council of Princeton was obviously aware that Michael Graves & Associates, Inc. was engaged in the practice of architecture, as defined by the statute.

Michael Graves & Associates, Inc. is a registered Architectural firm in New Jersey and the basis for the Arts Council of Princeton's Counterclaim relates to the Professional Architectural Services provided by Michael Graves & Associates, Inc. A careful reading of the Arts Council of Princeton's Counterclaim (See Exhibit "E") and the definition of the practice of architecture (as defined in N.J.S.A. §45:3-1.1) demonstrates that the core of the allegations pleaded relate to the architectural services and not a breach of contract. The Arts Council of Princeton's Counterclaim alleges that Michael Graves & Associates, Inc. Construction Documents contained, inter alia:

      a.     Errors and omissions in the survey of the existing building;

      b.     Failure to coordinate the design of the Project systems (mechanical, electrical, plumbing, HVAC, Fire Protection) to allow for installation of the systems in the available space;

      c.     Errors and omissions in the attic ventilation;

  d. Errors and omissions in the design of the HVAC system, including the refrigerant lines to the rooftop Air Conditioning Unit;

  e. Errors and omissions in inspecting pre-existing conditions, including the failure to discover rotted wood roof joists, and failing to discover water penetration into the brick and block outside of the Children's Studio, causing the outer wythe of brick to become detached from the masonry backup and in danger of falling;

  f. Errors and omissions in failing to depict the acid waste ejector pit on the structural drawings;

  g. Lack of proper specification and design provisions for exhaust of the kilns through the chimney to the roof

  h. Errors in floor to floor elevations and discrepancies between top of floor elevations in the existing building relative to the floors in the connecting new addition;

  i. Errors in connection points/elevations for the new building steel to connect to the existing building structure, which impacted structural steel fabrication and erection activities for the addition; and

  j. Errors in the site storm water design.

The Arts Counsel of Princeton further alleges that there were "deficiencies in the Construction Documents, "Errors and Omissions in the Construction Documents" and "the Project, as designed by Graves, was not constructible." (See Exhibit "E", Counterclaim, paragraph 16 to 18).

The allegations of the Arts Council of Princeton go beyond a simple breach of contract claim.  "To establish a breach of contract claim, a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result". Coyle v. Englander's, 199 N.J. Super. 212, 223(App. Div. 1985). However, a plain

9

reading of the Arts Council of Princeton's claims exposes that factually, the claims are not based in contract, but in actuality relate solely to the allegations that Michael Graves & Associates, Inc. breached its professional standards in the architectural services provided to the Arts Council of Princeton. This raises the standard of proofs, in that the Arts Council of Princeton must demonstrate that Michael Graves & Associates, Inc. deviated from professional standards.

All of the Arts Council of Princeton's allegations relate to the professional architectural services provided to the Arts Council of Princeton by Michael Graves & Associates, Inc., and are specifically the result of Michael Graves & Associates, Inc., practice of its architectural profession. As such, the claims for breach of contract against Michael Graves & Associates, Inc., are actually allegations that Michael Graves & Associates, Inc. breached its duty as a professional architectural firm and did not render the services in the practice of the profession with the skill and knowledge normally possessed by members of the profession in good standing.

In Couri v. Gardner, 173 N.J. 328, (2002), the Supreme Court faced a similar situation and held that when presented with a tort or contract claim, asserted against a professional, rather than focusing on whether the claim is denominated as tort or contract, attorneys and courts should determine if the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession. Couri v. Gardner, 173 N.J. 328, 340 (2002).

In Couri, the plaintiff sought damages against a psychiatrist who released his preliminary report regarding visitation to the plaintiff's wife, and the child's guardian ad litem, without authorization. Id. at 330-31. The plaintiff contended this unauthorized dissemination of the report was a breach of contract. Ibid. The plaintiff did not file an affidavit of merit, and the trial court dismissed his complaint for his failure to do so on the basis that the action was actually for malpractice and not breach of contract. Id. at 331.

In assessing application of the affidavit of merit statute, the Court in Couri distinguished between ordinary negligence and malpractice: "Claims against licensed professionals acting in a professional capacity

10

that require proof of ordinary negligence but not of a deviation from professional standards are not encompassed by the statute. For example, while the former standard would include allegations that a psychiatrist failed to diagnose a patient properly or provide proper treatment, it would exclude allegations that a psychiatrist negligently tripped a patient when the patient entered the doctor's office, which clearly would be outside the scope of the statute." Id 341.

In this present case, the Arts Council of Princeton's claim arises out of allegations concerning the professional architectural services and the performance of Michael Graves & Associates, Inc. in the those services. It does not involve any contractual deviations outside Michael Graves & Associates, Inc.'s performance of professional architectural services. In fact, the allegations described are singularly limited to the professional architectural services of Michael Graves & Associates, Inc. As such, the Arts Council of Princeton has not factually alleged any breaches of contract claims, but rather, has merely labeled its claim as a breach of contract.

The general area or specialty involved in this action is the practice of architecture. Therefore, to prove its breach of contract claim, which are based upon Michael Graves & Associates, Inc., practice of architecture and its professional architectural services provided to the Arts Council of Princeton, the Arts Council of Princeton will have to establish, through expert testimony, the applicable architectural standard of care and the alleged deviations from these standards by Michael Graves & Associates, Inc. Taylor v. DeLosso, 319 N.J. Super. 162, 272 (App. Div. 1999). If such expert proof is required, an affidavit of merit is required for that claim. Couri v. Gardner, 173 N.J. 328, 340 (2002).

The Arts Council of Princeton's claims against Michael Graves & Associates, Inc. are dependent on the standard of care in the architectural profession, a standard not easily discernable by a layperson. "Expert testimony is required to determine whether such behavior fell below the industry standard of care, exactly the

11

type of situation in which the statute and New Jersey case law require an affidavit of merit." <u>Cananwill, Inc. v. Fuji Express, Inc.</u>, 317 Fed. Appx. 115, 118 (3d Cir. N.J. 2008).

The Art Council of Princeton's label of the claims as "breach of contract" has no bearing on the proofs required.  "Despite the literal terms of the Statute limiting its application to acts of malpractice and professional negligence alleged by a plaintiff, our courts construe the Statute to effectuate the Legislature's purpose. <u>Couri</u>, supra, 173 N.J. at 334.  Thus, when the factual allegations underlying a claim "require proof of a deviation from the professional standard of care applicable to [a] specific profession, a party is not exempt because its claims are couched to avoid an express allegation of professional negligence or malpractice. <u>Id</u>. at 340-42, 801 A.2d 1134 at 340-42, 801 A.2d 1134." <u>Highland Lakes Country Club and Community Ass'n v. Nicastro</u>, 406 N.J. Super. 145, 150-151 (App.Div. 2009).

In this present case, a juror could not be expected to know without the aid of an expert, what the architectural standards are and how Michael Graves & Associates, Inc. is to have allegedly breached them. There is no question that an affidavit of merit was required.  The Arts Council of Princeton was well aware of the fact that it retained Michael Graves & Associates, Inc. to perform professional architectural services on the Project at issue.  The Arts Council of Princeton has raised allegations derivative of the architectural practice and professional services of Michael Graves & Associates, Inc.  These allegations sound in professional malpractice.  The Arts Council of Princeton has masked the allegations of professional malpractice, by labeling it a breach of contract.  Regardless of the Arts Council of Princeton label, to successfully prove its allegations the Arts Council of Princeton must offer proof of the standard of care applicable to architects and proof that Michael Graves & Associates, Inc. deviated from the standard in which architectural firms are measure.  <u>This will require expert testimony and if such testimony is required, an affidavit of merit is also required</u>.  <u>Couri v. Gardner</u>, 173 N.J. 328, 340 (2002) (emphasis added).

The Arts Council of Princeton's claims for money damages fall within the Affidavit of Merit Statute. "Early jurisprudence under the AMS has conclusively recognized that the "property damage" language of the statute includes a claim for money damages."  Malpractice or negligence committed by architects, engineers, or attorneys may very well result in damage to real and personal property.  Personal property embraces everything that may be tangible or intangible such as a chose in action.  The right or claim to 'money damages … is a property right … beyond question.'" Nagim v. New Jersey Transit, 369 N.J. Super. 103, 118-119 (Law Div. 2003) citing Cornblatt v. Barow, 153 N.J. 218 (1998).

The Arts Council of Princeton has failed to produce an Affidavit of Merit as required by N.J.S.A. 2A:53A-27.  Moreover, it has failed to move within the 60 days following the filing of the Answer on behalf Michael Graves & Associates, Inc. for an extension of time in which to file said Affidavit. The plaintiff has not communicated to Michael Graves & Associates, Inc. any hardship in obtaining any information or documentation that would aid in the preparation of the required Affidavit.

Most importantly, the Arts Council of Princeton's Counterclaims sounds in professional malpractice as the allegations relate singularly to the professional architectural services of Michael Graves & Associates, Inc. and will require an expert to define the architectural standards are and how Michael Graves & Associates, Inc. is to have allegedly breached them. As such, an Affidavit of Merit is required and the Arts Council of Princeton's failure to serve the required Affidavit of Merit requires a dismissal, as it failed to state a cause of action.

    A.    **THE ARTS COUNCIL OF PRINCETON, AS A COUNTERCLAIMANT, IS NOT EXEMPT FROM THE REQUIREMENTS OF THE AFFIDAVIT OF MERIT STATUTE**

The Arts Council of Princeton has filed an affirmative counterclaim and the Arts Council of Princeton is not exempt from the Affidavit of Merit Requirement.  "A party asserting a claim for damages based on professional negligence in a counterclaim is not exempt simply because that party is not a "plaintiff". Charles A. Manganaro Consulting Engineers, Inc. v. Carneys Point Tp. Sewerage Authority, 344 N.J. Super.  343, 347-

48 (App.Div. 2001).

"A counterclaim is not simply a "defensive pleading". <u>Department of Transp. v. PSC Res., Inc.</u>, 159 N.J. Super. 154, 159, 387 A.2d 393 (Law Div.1978). It is "an affirmative effort to enforce . . . an affirmative claim". <u>Gibbins v. Kosuga</u>, 121 N.J. Super. 252, 256, 296 A.2d 557 (Law Div.1972). Thus, defendant in a collection action who asserts a counterclaim for malpractice does not seek simply to defeat the professional's claim for fees. Such a defendant also asserts its own separate claim for damages allegedly caused by the professional's malpractice. For example, defendant's counterclaim seeks as damages $ 26,967 in additional costs it allegedly incurred as a result of its use of the plans and specifications prepared by plaintiff. For this reason, we have previously observed that a professional brings an action to collect unpaid fees and the defendant <u>responds by filing a counterclaim, the defendant is "in effect . . . the plaintiff on the malpractice counterclaim."</u> <u>Cornblatt v. Barow</u>, 303 N.J. Super. 81, 84, (App.Div.1997), rev'd on unrelated grounds, 153 N.J. 218 (1998) (emphasis added).

Therefore<u>, a defendant who files a counterclaim seeking damages for professional malpractice has the same obligation to file an affidavit of merit</u> as a plaintiff who asserts a malpractice claim in a complaint. <u>Charles A. Manganaro Consulting Engineers, Inc. v. Carneys Point Tp. Sewerage Authority</u>, 344 N.J. Super. 343, 347-348 (App.Div. 2001) (emphasis added). In <u>Manganaro</u>, the defendant argued that it was not required to serve an Affidavit of Merit because its counterclaim was for breach of contract rather than for malpractice. The Court in <u>Manganaro</u> held the "the essential factual allegations upon which defendant's counterclaim rests are that plaintiff "failed to properly prepare the plans and specifications" and "failed to properly review shop drawings submitted by the general contractor." These are allegations of professional malpractice--that plaintiff failed to "act with that degree of care, knowledge, and skill ordinarily possessed and exercised in similar situations by the average member of the profession practicing in the field[,]" <u>Aiello v. Muhlenberg Reg'l Med. Ctr.</u>, 159 N.J. 618, 626, 733 A.2d 433 (1999) --which will require expert testimony to prove. Therefore, even

though defendant labeled its counterclaim as a claim for breach of contract, it was required to provide plaintiff an affidavit of merit.  Cf. Levinson v. D'Alfonso & Stein, P.C., 320 N.J. Super.  312, 318, 727 A.2d 87 (App.Div.1999)  ("Courts should not countenance an attempt to dilute the Affidavit of Merit statute by giving effect to a mere change in nomenclature).   Charles A. Manganaro Consulting Engineers, Inc. v. Carneys Point Tp. Sewerage Authority, 344 N.J. Super.  343, 349 (App.Div. 2001).

The Arts Council of Princeton, by virtue of raising the counterclaim, has the same obligations for the production of an Affidavit of Merit as a plaintiff.

## **CONCLUSION**

For the foregoing reasons it is respectfully submitted that the Arts Council of Princeton's Counterclaim against Michael Graves & Associates, Inc. must be dismissed with prejudice, in accordance with N.J.S.A. 2A:53A-29.

        Respectfully submitted,

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN

    By: **/s/ Raymond J. Michaud**
        RAYMOND J. MICHAUD, ESQ.
        Attorney for Defendant/Third Party Plaintiff
        Michael Graves & Associates

DATE:  December 30, 2010

06/2063997.v1