IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E. ALLEN REEVES, INC.<br>　　　　　　Plaintiff,<br>　　v.<br>MICHAEL GRAVES & ASSOCIATES, INC.<br>　　　　　　Defendant. | CIVIL ACTION<br><br>NO: 3:10-CV-01393-JAP-TJB<br><br>JURY TRIAL DEMANDED |
| MICHAEL GRAVES & ASSOCIATES, INC.<br>　　　　　　Counterclaimant,<br>　　v.<br>E. ALLEN REEVES, INC.<br>　　　　　　Counterdefendant. | |
| MICHAEL GRAVES & ASSOCIATES, INC.<br>　　　　　　Third Party Plaintiff,<br>　　v.<br>DAVID CHOU & ASSOCIATES; KELTER & GILLIGO CONSULTING ENGINEERS; FISHER MARANTZ STONE, INC.; THE ARTS COUNCIL OF PRINCETON; SAL ARNONE; JOHN DOES 1-50,<br>　　　　　　Third Party Defendants. | |

**THE ARTS COUNCIL OF PRINCETON'S MEMORANDUM OF LAW IN OPPOSITION TO THIRD PARTY PLAINTIFF, MICHAEL GRAVES & ASSOCIATES, INC.'S MOTION TO DISMISS THE ARTS COUNCIL OF PRINCETON'S COUNTERCLAIM**

On the brief:
Jason A. Copley, Esquire
John J. Graham, Jr., Esquire

**COHEN SEGLIAS PALLAS GREENHALL & FURMAN, P.C.**
United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103
*Attorneys for E. Allen Reeves, Inc.*

## **TABLE OF CONTENTS**

I.    INTRODUCTION..................................................................................................1

II.   FACTS AND PROCEDURAL HISTORY ..........................................................1

III.  ARGUMENT..........................................................................................................5

      A.   **Legislative Purpose of the Affidavit of Merit Statute**........................5

      B.   **A Second Affidavit of Merit is Not Required to Support the Same Allegations**................................................................................6

      C.   **ACP's Claims Are Supported by Reeves's Affidavit of Merit**...........................9

IV.   CONCLUSION...................................................................................................10

# TABLE OF AUTHORITIES

***Cases***

*Burt v. West Jersey Health Sys.*, 771 A.2d 683 (N.J. Super. Ct. App. Div. 2001) .................. 6, 7, 9

*Couri v. Gardner*, 801 A.2d 1134 (N.J. 2002) ................................................................................ 5

*Diocese of Metuchen v. Prisco & Edwards, AIA*,
    864 A.2d 1168 (N. J. Super. Ct. App. Div. 2005) .......................................................... 6, 8, 9

*Highland Lakes Country Club & Cmty. Ass'n v. Nicastro*,
    966 A.2d 1102 (N.J. Super. Ct. App. Div. 2009) ................................................................... 5

*Hubbard v. Reed*, 774 A.2d, 495 (N.J. 2001) ................................................................................. 6

*Manganaro Consulting Eng'rs, Inc. v. Carneys Point Twp. Sewerage Auth.*,
    781 A.2d 1116 (N.J. Super. Ct. App. Div. 2001) ............................................................. 6, 7

*Nagim v. N.J. Transit*, 848 A.2d 61 (N.J. Super. Ct. App. Div. 2003) ................................. 5, 6, 7

***Statutes***

N.J.S.A. 2A:53A-27 ........................................................................................................................ 5

Third Party Defendant, The Arts Council of Princeton ("ACP"), by and through its undersigned counsel, submits this Memorandum of Law in Opposition to Third Party Plaintiff, Michael Graves & Associates, Inc.'s ("Graves"), Motion to Dismiss ACP's Counterclaim. For the reasons set forth below, Graves's Motion to Dismiss should be denied.

## I.  INTRODUCTION

Graves seeks dismissal of ACP's Counterclaim to Graves Third-Party Complaint because Graves argues that ACP's allegations of professional malpractice are unsupported by an Affidavit of Merit. However, Graves's motion is entirely without merit and is tantamount to a misrepresentation to the Court because Graves entirely ignores the fact that an Affidavit of Merit has been filed in this case. In fact, ACP's allegations of professional malpractice are supported by an Affidavit of Merit attested to by an appropriately licensed architect. This Affidavit of Merit was filed by the plaintiff in this case, who also asserted a claim against Graves based on the exact same allegations of deficiencies in Graves's work. Because the allegations of ACP's Counterclaim have already been deemed meritorious by an appropriately licensed architect, the purpose of the Affidavit of Merit statute has been fulfilled. ACP's meritorious claims should be permitted to proceed against Graves. Accordingly, the Court should deny Graves's Motion to Dismiss.

## II.  RESPONSE TO STATEMENT OF FACTS

ACP does not dispute the allegations of Graves's Statement of Facts, but instead asserts that these facts are inoperative because a material fact was conspicuously omitted from Graves's recitation of the relevant factual and procedural background. Graves motion ignores the fact that an Affidavit of Merit that directly addresses the conduct set forth in ACP's Counterclaim and supports ACP's allegations against Graves has already been filed in this matter.

1

The plaintiff in this action, E. Allen Reeves, Inc. ("Reeves"), brought a claim against Graves for violation of Restatement of Torts 552. *See* a true and correct copy of Reeves's Complaint, attached hereto as Exhibit "A." This claim was based on Reeves's allegations that Graves failed to meet professional standards in preparing the plans and specifications for the construction project known as the Renovation and Expansion of the Arts Council of Princeton, located at 102 Witherspoon Street, Princeton, New Jersey (the "Project") and, as a result, negligently misled those who were relying on the plans and specifications. (Exhibit A at ¶¶ 31-38). Specifically, Reeves alleged in its Complaint that:

> During the course of its performance on the Project, Reeves discovered vast errors and omissions in the Construction Documents prepared by Graves, which fundamentally and drastically altered the scope of work under the General Contract. By way of example, and not limitation, these errors and omissions included:
> a. Errors and omissions in the survey of the existing building;
> b. Failure to coordinate the design of the Project systems (mechanical, electrical, plumbing, HVAC, Fire Protection) to allow for installation of the systems in the available space;
> c. Errors and omissions in the attic ventilation;
> d. Errors and omissions in the design of the HVAC system, including the refrigerant lines to the rooftop Air Conditioning Unit;
> e. Errors and omissions in inspecting pre-existing conditions, including the failure to discover rotted wood roof joists, and failing to discover water penetration into the brick and block outside of the Children's Studio, causing the outer wythe of brick to become detached from the masonry backup and in danger of falling;
> f. Errors and omissions in failing to depict the acid waste ejector pit on the structural drawings;
> g. Lack of proper specification and design provisions for exhaust of the kilns through the chimney to the roof;
> h. Errors in floor to floor elevations and discrepancies between top of floor elevations in the existing building relative to the floors in the connecting new addition;
> i. Errors in connection points/elevations for the new building steel to connect to the existing building structure, which impacted structural steel fabrication and erection activities for the addition; and
> j. Errors in the site storm water design.

*Id.* at ¶ 24. Reeves has alleged that the errors and omissions in Graves's plans and specifications caused Reeves to incur delays, inefficiencies, and additional costs. *Id.* at ¶¶ 24-27.

In support of its claim that Graves failed to comply with professional standards in preparing the Project drawings and specifications, Reeves filed an Affidavit of Merit (the "Affidavit of Merit") on July 27, 2010, within sixty (60) days after Graves filed its Answer. A true and correct copy of the Affidavit of Merit is attached hereto as Exhibit "B." In the Affidavit of Merit, licensed architect Frank Gatlin, AIA, NCARB, concluded that:

> the plans and specifications were incomplete, lacked sufficient information, were not fully developed and contained numerous errors or omissions. The architectural, structural, mechanical, electrical, plumbing and fire protection design and construction details were not fully coordinated both internally and with each other so that sufficient space was provided for the installation of the various building systems. The plans and specifications contained numerous errors or omissions related to the survey of the existing conditions of the building scheduled for renovations. The lack of a complete and accurate assessment of the existing conditions resulted in errors or omissions related to the coordination of the existing structure and the new addition and the condition of certain existing elements in the existing building that were scheduled to be removed and reinstalled.

(Exhibit B at ¶ 9). Based on Mr. Gatlin's finding of deficiencies in Graves's plans and specifications, he concluded that Graves's work "fell outside acceptable professional or occupational standards." *Id.* at ¶ 10.

Graves filed a Third-Party Complaint against several of its consultants as well as ACP. In its Third-Party Complaint, Graves asserted claims against ACP for, *inter alia*, breach of contract arising from ACP's alleged failure to pay Graves in full for its architectural services. ACP filed a Counterclaim to Graves's Third-Party Complaint. *See* a true and correct copy of ACP's Counterclaim, attached hereto as Exhibit "C." In its Counterclaim, ACP brought a breach of contract claim against Graves due to Graves's failure to meet professional standards during the design and construction of the Project. (Exhibit C at ¶¶ 28-34). Importantly, ACP alleged

3

that its damages were caused by the *exact same* deficiencies in Graves's plans and specifications that Reeves identified in its Complaint.  In fact, the portion of ACP's Counterclaim that specifically identifies Graves's failures to properly design the Project are almost identical, word-for-word, to the allegations of Reeves's Complaint.  In its Counterclaim, ACP alleged:

> [d]uring the course of construction of the Project, Arts Council and its general contractor, Reeves, discovered vast errors and omissions in the Construction Documents prepared by Graves, which fundamentally and drastically altered the scope of work under the General Contract and caused Arts Council to incur costs and liabilities to overcome the design deficiencies that exceed the value of the General Contract by more than $2,410,915.  By way of example, and not limitation, Graves's errors and omissions included:
> 
> a. Errors and omissions in the survey of the existing building;
> b. Failure to coordinate the design of the Project systems (mechanical, electrical, plumbing, HVAC, Fire Protection) to allow for installation of the systems in the available space;
> c. Errors and omissions in the attic ventilation;
> d. Errors and omissions in the design of the HVAC system, including the refrigerant lines to the rooftop Air Conditioning Unit;
> e. Errors and omissions in inspecting pre-existing conditions, including the failure to discover rotted wood roof joists, and failing to discover water penetration into the brick and block outside of the Children's Studio, causing the outer wythe of brick to become detached from the masonry backup and in danger of falling;
> f. Errors and omissions in failing to depict the acid waste ejector pit on the structural drawings;
> g. Lack of proper specification and design provisions for exhaust of the kilns through the chimney to the roof;
> h. Errors in floor to floor elevations and discrepancies between top of floor elevations in the existing building relative to the floors in the connecting new addition;
> i. Errors in connection points/elevations for the new building steel to connect  to the existing building structure, which impacted structural steel fabrication and erection activities for the addition; and
> j. Errors in the site storm water design.

(Exhibit C at ¶ 15).  The specific allegations regarding the deficiencies in Graves's work that are contained in subparagraphs "a" through "j" are identical in Reeves's Complaint and ACP's Counterclaim.  *Compare* with Exhibit A at ¶ 24.  ACP alleges that it incurred damages, resulting

4

from the increased costs of constructing the Project, as a result of the deficiencies in Graves's performance. (Exhibit C at ¶¶ 18-24).

Therefore, because a professional architect has already submitted an Affidavit of Merit that supports the allegations that Graves failed to comply with professional standards in preparing plans and specifications for the Project, Graves's Motion to Dismiss based on ACP's failure to file an Affidavit of Merit must be denied.

III. **ARGUMENT**

New Jersey's Affidavit of Merit statute does not require a party to file an Affidavit of Merit to support claims against a licensed professional when the allegations regarding the deficiencies in the professional's performance have already been supported by a previously-filed Affidavit of Merit.[1] Accordingly, since ACP's allegations relating to Graves' errors and omissions have already been determined to be meritorious by an appropriately licensed professional, ACP did not need to file a duplicative Affidavit of Merit. Therefore, Graves's Motion to Dismiss should be denied and ACP's Counterclaim should be allowed to proceed.

A. **Legislative Purpose of the Affidavit of Merit Statute**

The purpose of New Jersey's Affidavit of Merit statute is to ensure that meritless claims are not asserted against licensed professionals. *Highland Lakes Country Club & Cmty. Ass'n v. Nicastro*, 966 A.2d 1102, 1105 (N.J. Super. Ct. App. Div. 2009); *see also Nagim v. N.J. Transit*, 848 A.2d 61, 64 (N.J. Super. Ct. App. Div. 2003) (stating that the statute "was a legislative response designed to weed out frivolous lawsuits at an early stage and to allow meritorious cases

---

[1] Additionally, an Affidavit of Merit need only be filed "[i]n any action for damages for personal injuries, wrongful death or property damage." N.J.S.A. 2A:53A-27; *see also Couri v. Gardner*, 801 A.2d 1134, 1138 (N.J. 2002) (holding that claims to recoup costs paid by the plaintiff are not claims for personal injuries, wrongful death or property damage and, therefore, the statute does not apply). Here, ACP is bringing claims for economic loss relating to increased costs of building the Project due to deficiencies in Graves's performance and is not bringing claims for personal injury, wrongful death or property damage. Accordingly, while ACP's position is that its allegations are supported by Reeves's Affidavit of Merit, the statute actually does not require ACP to file an Affidavit of Merit at all.

5

to go forward"). The statute achieves its purpose by providing a mechanism for the dismissal of claims involving allegations of a licensed professional's malpractice that cannot be supported by a threshold determination of merit by a similarly-licensed professional. N.J.S.A. 2A:53A-27. The Supreme Court of New Jersey held that, when interpreting the Affidavit of Merit statute, when a "literal interpretation of the individual statutory terms or provisions would lead to results inconsistent with the overall purpose of the statute, that interpretation should be rejected." *Hubbard v. Reed*, 774 A.2d, 495, 498 (N.J. 2001). The purpose of the statute would not be served if meritorious claims, the factual basis of which have already been supported by a previous Affidavit of Merit, are prematurely dismissed. Accordingly, this Court should interpret the requirements of the Affidavit of Merit statute to have been fulfilled in this case.

### B. A Second Affidavit of Merit is Not Required to Support the Same Allegations

New Jersey courts have addressed the issue of whether a second Affidavit of Merit is required when a second party to the same litigation brings claims against a licensed professional that mirror claims that the plaintiff has already asserted. *See Burt v. West Jersey Health Sys.*, 771 A.2d 683, 688 (N.J. Super. Ct. App. Div. 2001) (holding that a cross-claimant need not file its own Affidavit of Merit when its claim is based on the same allegations as the plaintiff and the plaintiff has already filed an Affidavit of Merit); *see also Manganaro Consulting Eng'rs, Inc. v. Carneys Point Twp. Sewerage Auth.*, 781 A.2d 1116, 1118 (N.J. Super. Ct. App. Div. 2001) (distinguishing the holding of the *Burt* case based on the fact that, in *Manganaro*, no Affidavit of Merit had been filed and, as a result, counterclaimant could not rely on another party's Affidavit of Merit to support its allegations); *Nagim*, 848 A.2d at 68 (holding that "unlike the cross-claimant in *Burt*, [the third party plaintiff] was not relying on plaintiff's satisfaction of the affidavit requirement when it filed its third-party complaint"); *Diocese of Metuchen v. Prisco &*

6

*Edwards, AIA*, 864 A.2d 1168, 1172 (N. J. Super. Ct. App. Div. 2005) (holding that where a plaintiff has already brought claims against the licensed professional, other parties with related claims "could rely on the plaintiff to file the required Affidavit of Merit"). The holdings of these cases are based on the premise that parties who subsequently bring claims against a licensed professional are entitled to rely on the plaintiff's Affidavit of Merit. Requiring a second Affidavit of Merit that establishes that the very same allegations against a licensed professional are meritorious is not necessary to fulfill the purpose of the statute and, in fact, could work against the purpose of the statute by effecting the dismissal of meritorious claims.

The case law supporting the position that a second, duplicative Affidavit of Merit is not required generally arises in the context of cross-claims. *See, i.e., Burt*, 771 A.2d at 688. In that procedural context, the claims of a plaintiff are generally aligned with those of the licensed professional's co-defendant. Two Affidavits from the plaintiff and cross-claimant would be superfluous where the claims arise out of identical allegations. Accordingly, in the context of a cross-claim, the Court in *Manganaro* stated where a plaintiff is proving the professional's negligence and has provided an affidavit of merit to support that claim, a second affidavit of merit would be unnecessary. *Manganaro*, 781 A.2d at 1118. The *Manganaro* opinion contrasted the situation where a co-defendant files a cross-claim with the situation where a defendant files a counterclaim against a plaintiff who is a licensed professional. *Id.* Obviously, in the latter situation, the counterclaimant has no other party's Affidavit of Merit upon which to rely. Accordingly, the *Manganaro* Court noted that if a defendant files a counterclaim and has no "comparable basis to assume that any other party will file an affidavit of merit upon which it can rely," then the counterclaimant must file its own Affidavit of Merit. *Id.* Clearly, the *Manganaro* Court was stating that where, as here, multiple claims arise out of the same failure(s)

7

of a single licensed professional, there is no requirement for different parties bringing claims against that professional to file identical and duplicative Affidavits of Merit.

In the *Nagim* case, the defendant filed a third-party complaint against a licensed professional. *Nagim*, 848 A.2d at 63. The Court held that, because the claims against the third-party defendant were not supported by any Affidavit of Merit filed by the plaintiff, the third-party plaintiff was required to file its own Affidavit of Merit to support the claims. *Id.* at 67. Specifically, the Court held:

> Here, the claim originated by [defendant] filing a third-party complaint against [a licensed engineer], until then, unnamed in the suit. Thus [defendant] could not necessarily expect that some other party, i.e. the plaintiff, would bear the responsibility of producing a required affidavit, if indeed one is required.

*Id.* Accordingly, the Court held that when no other party to the litigation has filed an Affidavit of Merit that would support claims against a third party, the third-party plaintiff is responsible for filing one. *Id.* Unlike the facts in the *Nagim* case, Reeves has already filed an Affidavit of Merit in this case that fulfills the requirement of the Affidavit of Merit statute with regard to both Reeves's and ACP's claims against Graves because a licensed professional has already stated that the allegations contained in both Reeves's and ACP's claims against Graves demonstrate that there is a reasonable probability that Graves deviated from the required standard of care.

Finally, in the *Diocese of Metuchen* case, the plaintiff asserted a claim against an architect and filed an appropriate Affidavit of Merit. *Diocese of Metuchen*, 864 A.2d at 1170. The defendant architect then filed a third-party complaint against its consultant engineer, alleging that the engineer was responsible for problems with the project. *Id.* Because the plaintiff had filed an Affidavit of Merit that established that the claims against the architect were meritorious, the architect was not required to file a second Affidavit of Merit to support its allegations that the engineer was the responsible party. *Id.* at 1173. Because the claims against

8

the engineer would "rise or fall on the strength of the plaintiff's proofs," and the plaintiff filed an Affidavit of Merit, the Court held that a second Affidavit of Merit would be unnecessary to fulfill the purpose of the statute. *Id.* It is well-settled that New Jersey Courts, when interpreting the Affidavit of Merit statue, do not require the filing of multiple duplicative Affidavits of Merit relating to a single set of professional actions or inactions.

There is no case in New Jersey that suggests that a second Affidavit of Merit must be filed to support the same or substantially similar claims against a single defendant. The reason for this is clear. The purpose of the Affidavit of Merit statute is to weed out potentially frivolous claims, not to introduce extra costs of litigation or unwarranted procedural hurdles. Once, as in this case, one Affidavit of Merit has been filed to support allegations of professional malpractice, the purpose of the statute has been fulfilled and claims based on such allegations have been demonstrated to meet the threshold determination of merit.

### C. ACP's Claims Are Supported by Reeves's Affidavit of Merit

This case is procedurally unique in that it involves claims against a licensed professional from both a plaintiff and a third-party defendant/counterclaimant. However, the claims asserted in ACP's Counterclaim and Reeves's Complaint are aligned with one another and are based on the exact same factual allegations. *Compare* Exhibit A at ¶ 24 with Exhibit C at ¶ 15. Accordingly, ACP's position in this case is analogous to a cross-claimaint who, along with the plaintiff, is asserting claims based on the same professional malpractice against the same licensed professional. In that context, New Jersey Courts have held that a second Affidavit of Merit is not required. *See, i.e., Burt*, 771 A.2d at 688; *Diocese of Metuchen*, 864 A.2d at 1173. Likewise, ACP should not be required to file a duplicative Affidavit of Merit to support its claims against Graves.

9

Here, the original plaintiff, Reeves, filed a claim based on allegations that Graves's plans and specifications contained multiple errors and omissions, and failed to meet the applicable professional standard. (Exhibit A at ¶ 24). These allegations were supported by an Affidavit of Merit, in which the validity of Reeves's allegations was attested to by a licensed architect. (Exhibit B). Subsequently, after being joined into the case by Graves, ACP filed a counterclaim against Graves in which it alleged that Graves breached their contract by failing to provide adequate and acceptable architectural services. (Exhibit C at ¶¶ 28-34). Specifically, ACP alleged that Graves's plans and specifications were defective in the <u>exact</u> <u>same</u> manner as alleged by Reeves in its Complaint. *Id.* at ¶ 15. Since the specific allegations of Graves's errors and omissions have already been supported by Reeves's Affidavit of Merit, there is no risk that ACP has brought meritless claims against Graves. Accordingly, ACP is entitled to rely upon the Affidavit of Merit filed by Reeves and the purpose of the Affidavit of Merit statue has been fulfilled in that ACP's allegations have already been deemed meritorious by an appropriately-licensed professional.

## IV. **CONCLUSION**

The claims asserted in ACP's Counterclaim are based on the same factual allegations of professional malpractice that Reeves identified in its Complaint. Reeves has already filed a Affidavit of Merit to support these allegations of malpractice, and ACP is entitled to rely on Reeves' Affidavit of Merit. For these reasons, ACP respectfully requests that the Court deny Graves's Motion to Dismiss ACP's Counterclaim.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **Cohen Seglias Pallas Greenhall & Furman, PC** |
| Date: January 24, 2011 | By: <u>/s/  John J. Graham, Jr., Esquire</u><br>Jason A. Copley, Esquire<br>John J. Graham, Jr., Esquire<br>*Attorneys for E. Allen Reeves, Inc.* |

11

#1186627-v2 02618-0006