

# COHEN SEGLIAS PALLAS GREENHALL & FURMAN PC

John J. Graham, Jr.
Attorney At Law

United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103

T: 215.564.1700 | F: 267.238.4445
jgraham@cohenseglias.com
www.cohenseglias.com

March 14, 2011

**VIA FACSIMILE (609-989-0435) & U.S. MAIL**
The Honorable Tonianne J. Bongiovanni
U.S. Magistrate Judge
United States District Court
  for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

RECEIVED

MAR 16 2011

AT 8:30_____M
WILLIAM T. WALSH
CLERK

Re:  E. Allen Reeves, Inc. v. Michael Graves & Associates, Inc.
     USDC of New Jersey; Civil Action No.: 3:10-cv-01393
     Our File No: 02618-0006

Dear Judge Bongiovanni:

   I write in response to Michael Soule's letter to Your Honor dated March 9, 2011 and the Court's instructive e-mail dated March 10, 2011. Plaintiff E. Allen Reeves, Inc. ("Reeves") respectfully requests that the Court modify Appendix S – Discovery Confidentiality Order ("Appendix S") to include the clarifications identified in the blacklined version that I circulated to counsel on February 22, 2011 and that is attached to Mr. Soule's letter.

   The unmodified Appendix S contains as Paragraph 12 a clawback provision relating to privileged information. Reeves's proposed modification merely expands Paragraph 12 to clarify that an electronic privilege search constitutes a "reasonable step to prevent disclosure [or privileged information]." This modification is consistent with Federal Rule of Evidence 502(b).

   Electronic searches are commonly-utilized tools to reduce costs to litigants and are frequently incorporated into discovery orders. Here, Reeves and Defendant Michael Graves & Associates, Inc. ("Graves") will be producing hundreds of thousands of documents in contrast to Mr. Soule's client, David Chou & Associates ("Chou"), which will be producing, at most, several thousand documents. Chou's burden of production is a fraction of Reeves's and Graves's burdens. Accordingly, Chou's objection to the modified Appendix S should be disregarded.

   As of today's date, Reeves and Third Party Defendant Arts Council of Princeton have executed the modified Appendix S. *No party other than Chou has raised an objection to modified Appendix S.* On March 10, 2011, I spoke with counsel for Graves, who is still evaluating whether Graves will consent to the modified Appendix S. In light of the foregoing, Reeves respectfully requests that the Court modify Appendix S to include the clarifications identified in the blacklined version that I circulated to counsel on February 22, 2011.

Philadelphia | Pittsburgh | Wilmington | Harrisburg
New Jersey | West Virginia

The Honorable Tonianne Bongiovanni
Page 2
March 14, 2011

---

The undersigned stands willing to address any questions or comments that Your Honor may have regarding this matter.

Respectfully,

JOHN J. GRAHAM, JR.

JJG/pr
cc:  Raymond J. Michaud, Esquire (via facsimile – 856-414-6007)
     John E. Lamastra, Esquire (via facsimile – 908-903-5798)
     Michael S. Soule, Esquire (via facsimile – 856-663-6566)
     Kevin M. Bothwell, Esquire (via facsimile – 856-616-9118)
     Joanna Piorek, Esquire (via facsimile – 973-624-0799)

The Court denies the request to compel Chou to apply the proposed Modified Discovery Confidentiality Order (see Appendix S); rather the Court's Order shall be applicable to these parties. The Order must be entered by March 21, 2011 and discovery produced by April 1, 2011.

So Ordered this 16 day of March, 2011