IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E. ALLEN REEVES, INC.<br>    Plaintiff,<br>v.<br>MICHAEL GRAVES & ASSOCIATES, INC.<br>    Defendant. | CIVIL ACTION<br><br>NO: 3:10-CV-01393-JAP-TJB<br><br>JURY TRIAL DEMANDED |
| MICHAEL GRAVES & ASSOCIATES, INC.<br>    Counterclaimant,<br>v.<br>E. ALLEN REEVES, INC.<br>    Counterdefendant. | DISCOVERY CONFIDENTIALITY<br>ORDER |
| MICHAEL GRAVES & ASSOCIATES, INC.<br>    Third Party Plaintiff,<br>v.<br>DAVID CHOU & ASSOCIATES; KELTER & GILLIGO CONSULTING ENGINEERS; FISHER MARANTZ STONE, INC.; THE ARTS COUNCIL OF PRINCETON; SAL ARNONE; JOHN DOES 1-50,<br>    Third Party Defendants. | |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from

third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and

opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

   b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   d. The Court and court personnel;

   e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

   f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in

3

the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

5. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

7. Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

8. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(I), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

10. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

12. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

14. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

16. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

IT IS SO ORDERED.

Dated: *March 22, 2011*                    _____, U.S.M.J.

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E. ALLEN REEVES, INC.<br>　　　　Plaintiff,<br>v.<br>MICHAEL GRAVES & ASSOCIATES, INC.<br>　　　　Defendant. | CIVIL ACTION<br><br>NO: 3:10-CV-01393-JAP-TJB<br><br>JURY TRIAL DEMANDED |
| MICHAEL GRAVES & ASSOCIATES, INC.<br>　　　　Counterclaimant,<br>v.<br>E. ALLEN REEVES, INC.<br>　　　　Counterdefendant. | AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER |
| MICHAEL GRAVES & ASSOCIATES, INC.<br>　　　　Third Party Plaintiff,<br>v.<br>DAVID CHOU & ASSOCIATES; KELTER & GILLIGO CONSULTING ENGINEERS; FISHER MARANTZ STONE, INC.; THE ARTS COUNCIL OF PRINCETON; SAL ARNONE; JOHN DOES 1-50,<br>　　　　Third Party Defendants. | |

　　　I, _____, being duly sworn, state that:

　　　1.　My address is _____.

　　　2.　My present employer is _____ and the address of my present employment is _____.

　　　3.　My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty or perjury that the foregoing is true and correct.

Dated:_____         _____
                                                [NAME]

#1238684-v1 02618-0006

Dated: 3·21·11

By: _____
JASON A. COPLEY, ESQUIRE
JOHN J. GRAHAM, JR., ESQUIRE
Attorneys for Plaintiff, E. Allen Reeves and
Counterclaimant, Arts Council of Princeton

Dated: _____

By: _____
JOHN H. OSORIO, ESQUIRE
RAYMOND J. MICHAUD, ESQUIRE
Attorneys for Defendant/Third Party Plaintiff,
Michael Graves & Associates, Inc.

Dated: _____

By: _____
JOHN E. LAMASTRA, ESQUIRE
Attorney for Third Party Defendant,
Arts Council of Princeton

Dated: _____

By: _____
GLEN D. KIMBALL, ESQUIRE
MICHAEL S. SOULE, ESQUIRE
Attorneys for Third Party Defendant,
David Chou & Associates

Dated: _____

By: _____
KEVIN M. BOTHWELL, ESQUIRE
Attorney for Third Party Defendant,
Kelter & Gilligo Consulting Engineers, Inc.

Dated: _____

By: _____
JOANNA P. PIOREK, ESQUIRE
Attorney for Third Party Defendant,
Fisher Marantz Stone, Inc.

8

Dated: _____     By: _____
                                   JASON A. COPLEY, ESQUIRE
                                   JOHN J. GRAHAM, JR., ESQUIRE
                                   Attorneys for Plaintiff, E. Allen Reeves and
                                   Counterclaimant, Arts Council of Princeton

Dated: 19 Mar 11     By: _____
                                   JOHN H. OSORIO, ESQUIRE
                                   RAYMOND J. MICHAUD, ESQUIRE
                                   Attorneys for Defendant/Third Party Plaintiff,
                                   Michael Graves & Associates, Inc.

Dated: _____     By: _____
                                   JOHN E. LAMASTRA, ESQUIRE
                                   Attorney for Third Party Defendant,
                                   Arts Council of Princeton

Dated: _____     By: _____
                                   GLEN D. KIMBALL, ESQUIRE
                                   MICHAEL S. SOULE, ESQUIRE
                                   Attorneys for Third Party Defendant,
                                   David Chou & Associates

Dated: _____     By: _____
                                   KEVIN M. BOTHWELL, ESQUIRE
                                   Attorney for Third Party Defendant,
                                   Kelter & Gilligo Consulting Engineers, Inc.

Dated: _____     By: _____
                                   JOANNA P. PIOREK, ESQUIRE
                                   Attorney for Third Party Defendant,
                                   Fisher Marantz Stone, Inc.

Dated: _____     By: _____
                                               JASON A. COPLEY, ESQUIRE
                                               JOHN J. GRAHAM, JR., ESQUIRE
                                               Attorneys for Plaintiff, E. Allen Reeves and
                                               Counterclaimant, Arts Council of Princeton

Dated: _____     By: _____
                                               JOHN H. OSORIO, ESQUIRE
                                               RAYMOND J. MICHAUD, ESQUIRE
                                               Attorneys for Defendant/Third Party Plaintiff,
                                               Michael Graves & Associates, Inc.

Dated: _____     By: _____
                                               JOHN E. LAMASTRA, ESQUIRE
                                               Attorney for Third Party Defendant,
                                               Arts Council of Princeton

Dated: 3-21-11     By: /s/ Michael A. Soule
                                               GLEN D. KIMBALL, ESQUIRE
                                               MICHAEL S. SOULE, ESQUIRE
                                               Attorneys for Third Party Defendant,
                                               David Chou & Associates

Dated: _____     By: _____
                                               KEVIN M. BOTHWELL, ESQUIRE
                                               Attorney for Third Party Defendant,
                                               Kelter & Gilligo Consulting Engineers, Inc.

Dated: _____     By: _____
                                               JOANNA P. PIOREK, ESQUIRE
                                               Attorney for Third Party Defendant,
                                               Fisher Marantz Stone, Inc.

Dated: _____  By: _____
JASON A. COPLEY, ESQUIRE
JOHN J. GRAHAM, JR., ESQUIRE
Attorneys for Plaintiff, E. Allen Reeves and
Counterclaimant, Arts Council of Princeton

Dated: _____  By: _____
JOHN H. OSORIO, ESQUIRE
RAYMOND J. MICHAUD, ESQUIRE
Attorneys for Defendant/Third Party Plaintiff,
Michael Graves & Associates, Inc.

Dated: 3/21/11  By: _____
JOHN E. LAMASTRA, ESQUIRE
Attorney for Third Party Defendant,
Arts Council of Princeton

Dated: _____  By: _____
GLEN D. KIMBALL, ESQUIRE
MICHAEL S. SOULE, ESQUIRE
Attorneys for Third Party Defendant,
David Chou & Associates

Dated: _____  By: _____
KEVIN M. BOTHWELL, ESQUIRE
Attorney for Third Party Defendant,
Kelter & Gilligo Consulting Engineers, Inc.

Dated: _____  By: _____
JOANNA P. PIOREK, ESQUIRE
Attorney for Third Party Defendant,
Fisher Marantz Stone, Inc.