**COHEN SEGLIAS PALLAS GREENHALL & FURMAN PC**

Wendy R. Bennett
Attorney At Law

United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103

T: 215.564.1700 | F: 267.238.4437
wbennett@cohenseglias.com
www.cohenseglias.com

February 6, 2012

**VIA EFILE and USPS First-class mail**
The Honorable Joel A. Pisano
United States District Court
  for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ  08608

      Re:    **E. Allen Reeves, Inc. v. Michael Graves & Associates, Inc.**
             **USDC of New Jersey; Civil Action No.: 3:10-cv-01393**

Dear Judge Pisano:

      This firm is counsel to E. Allen Reeves, Inc. ("Reeves") in the above-captioned case.  I write as a follow up to the February 1, 2012 case management conference held in this matter, during which you requested the parties to submit a letter clarifying the outstanding motions filed by currently before the court.  The following is a brief synopsis of the history of those four (4) motions.

### I. Arts Council of Princeton's Motion to Dismiss Counts I and II (Indemnification and Contribution claims) of Michael Graves Associates' First-amended Complaint, now Fifth-amended Complaint.  (Docket entries: 32, 41, 84, 94, 98.)

<u>Docket #32</u>, August 13, 2010 – Arts Council of Princeton ("ACP") filed a Motion to Dismiss Counts I and II, for Indemnification and Contribution, of Michael Graves & Associates, Inc.'s ("Graves") Third-party Complaint.
<u>Docket #41</u>, September 3, 2010 – Graves filed its Opposition to ACP's Motion to Dismiss Counts I and II of Graves' Third-party Complaint.
<u>Docket #47</u>, September 10, 2010 – by way of Letter Order, the Court dismissed ACP's Motion to Dismiss without prejudice to re-file.
<u>Docket #74</u>, October 25, 2010 – by way of Letter Order, the Court deemed ACP's Motion to Dismiss docketed at #32 re-filed.
<u>Docket #81</u>, November 4, 2010 – by way of Letter Order, the Court renewed Graves' Opposition to ACP's Motion to Dismiss Counts I and II of Graves' Third-party Complaint docketed at #41.
<u>Docket #84</u>, November 10, 2010 – ACP and Sal Arnone ("Arnone") filed a supplement to ACP's Reply to Graves' Opposition to ACP's Motion to Dismiss, adding a Motion to Dismiss Counts III and IV (directed to Sal Arnone) of Graves' Third-party Complaint.

The Honorable Joel A. Pisano
Page 2
February 6, 2012

_____

Docket #94, December 6, 2010 – Graves' filed a supplemental Opposition to what was now ACP and Sal Arnone's Motion to Dismiss Counts I and II (directed to ACP) and Counts III and IV (directed to Sal Arnone) of Graves' Third-party Complaint.
Docket #98, December 16, 2010 – ACP and Sal Arnone filed a Reply to Graves' Opposition to ACP's Motion to Dismiss Counts I - IV of Graves' Third-party Complaint.

## II. Sal Arnone's Motion to Dismiss Graves' Fourth Amended (now Fifth Amended) Third-party Complaint as to Sal Arnone. (Docket entries: 71, 76, 85.)

* Docket #71, October 22, 2010 –Arnone filed a Motion to Dismiss Graves' Fourth Amended Third-party Complaint as to Arnone.
Docket #76, November 1, 2010 – Graves filed its Opposition to Arnone's Motion to Dismiss Graves Fourth Amended Third-party Complaint as to Arnone.
Docket #85, November 11, 2010 – Arnone filed its Reply to Graves' Opposition to Arnone's Motion to Dismiss.

* Graves filed a Fifth Amended Third-party Complaint while briefs were being exchanged to dismiss Graves' Fourth Amended Third-party Complaint. Per counsel for Sal Arnone, it is requested that the motion docketed at #71 be considered a dismissal of the Fifth Amended Third-party Complaint, as the amendment would not change the arguments advanced in the motion. In the alternative, counsel will re-file its Motion as a Motion to Dismiss Graves' Fifth Amended Third-party Complaint if so requested by the Court.

## III. Reeves' Motion to Dismiss Graves' Counterclaim. (Docket entries: 83, 93, 95.)

Docket #83, November 10, 2010 – Reeves filed a Motion to Dismiss the Counterclaim filed by Graves relating to Graves' claim for negligence, indemnification, contribution as well as express and implied warranty claims and quasi-contractual claims.
Docket #93, December 6, 2010 – Graves filed its Opposition to Reeves' Motion to Dismiss Graves' Counterclaim.
Docket #95, December 13, 2010 – Reeves filed its Reply to Graves' Opposition to Reeves' Motion to Dismiss.

## IV. Graves' Motion to Dismiss ACP's Counterclaim Pursuant To N.J.S.A. §2A:53A-29. (Docket entries: 99, 100, 101, 103, 104.)

Docket #99, December 30, 2010 – Graves filed a Motion to Dismiss the Counterclaim filed by ACP because ACP did not file an Affidavit of Merit supporting its Counterclaim. (Docket entry #99 also includes Docket #100 and #101 attaching exhibits to Docket entry #99.)

The Honorable Joel A. Pisano
Page 3
February 6, 2012

_____

<u>Docket #103</u>, January 24, 2011 – ACP filed its Opposition to Graves' Motion to Dismiss ACP's Counterclaim.
<u>Docket #104</u>, January 31, 2011 – Graves filed its Reply to ACP's Opposition to Graves' Motion to Dismiss.

  We appreciate the opportunity to bring these outstanding motions to the attention of the Court. Thank you for your time and consideration of this matter.

          Respectfully submitted,

          /s/ Wendy R. Bennett

          **JASON A. COPLEY**
          **WENDY R. BENNETT**

JAC/wb

cc: Raymond J. Michaud, Esquire (via email – RJMichaud@MDWCG.com)
   John H. Osorio (via email – JHOsorio@MDWCG.com)
   John E. Lamastra, Esquire (via email – jlamastra@dlclawfirm.com)
   Glen D. Kimball, Esquire (via email - GKimball@okllp.com)
   Michael S. Soule, Esquire (via email – MSoule@okllp.com)
   Kevin M. Bothwell, Esquire (via email – kbothwell@tbblawfirm.com)

bcc: Ken Robertson (via email – KRobertson@eareeves.com)
Michael Spero, Esqure ( via email – mspero@sternslaw.com)

#1529664-v1 02618-0006