# THOMPSON  BECKER  &  BOTHWELL, L.L.C.

Attorneys at Law
Ten Melrose Avenue, Woodcrest Pavilion, Suite 400
Cherry Hill, New Jersey 08003
Phone:  856/616-8886
Fax:    856/616-9118

John M. Becker
jbecker@tbblawfirm.com

Kevin M. Bothwell
kbothwell@tbblawfirm.com

Kevin P. McCarty
kmccarty@tbblawfirm.com

John H. King
jking@tbblawfirm.com

Joseph T. Ciampoli
jciampoli@tbblawfirm.com

Frederick T. Mahar
fmahar@tbblawfirm.com

Robert D. Thompson
              (1943-2006)

May 8, 2014

**BY ECF FILING**

The Honorable Michael A. Shipp, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

        Re:  Reeves v. Graves v. Kelter & Gilligo
             Docket No. 3:10-CV-01393-MAS-TJB
             Claim No. F0821045
             Our File No. 7500-61

Dear Judge Shipp:

        In the referenced matter I represent third-party defendant
Kelter & Gilligo Consulting Engineers ("K&G").  Returnable before
Your Honor on May 19, 2014 is my motion for summary judgment.
Please accept this letter in lieu in a more formal brief in reply
to the opposition filed by counsel for defendant/third-plaintiff
Michael Graves & Associates, Inc. ("Graves").

               **RESPONSE TO COUNTER-STATEMENT OF FACTS**

        1-31. Admitted.

        32.  Denied as stated.  It is admitted that plaintiffs'
expert, Navigant, concludes that there were 34.5 weeks of delay as

Page 2

a result of Graves' failure to coordinate its work with that of the structural and MEP engineering consultants.  Navigant does *not* attribute any responsibility to the structural and MEP engineering consultants.

33.  Denied as stated.  It is admitted that Navigant opines that there were 26.5 weeks of delay as a result of Graves' failure to coordinate its work with that of Chou.  Navigant does *not* conclude that Chou shares responsibility for the delay.

34.  Denied as stated.  It is admitted that Navigant opines that there were 8 weeks of delay due to Graves' failure to coordinate its work with that K&G.  Navigant does *not* conclude that "Michael Graves **and** K&G are responsible."  (Emphasis added.)  To the contrary, Navigant attributes responsibility solely to Graves.

35.  Denied as stated.  It is admitted that Ms. Federico did not perform an analysis of the work of Chou and K&G.  It is denied that Ms. Federico attributed *any* portion of the delay to Chou or K&G.

36-40.    Admitted.

## LEGAL ARGUMENT

At legal argument point A, Graves states: "To prove that the A/E contract documents deviated from the standard of care and directly caused delay damages, Reeves must also prove that the integrated engineering documents of Chou and K&G deviated from the standard of care and directly caused the delay damages."  (See Graves opposition brief at page 17.)  Graves also states that "In order to prove its liability and delay damages claims, Reeves and the Arts Council, must prove engineering malpractice…" (See Graves opposition brief at page 18.)

Graves' premise is that there cannot be a delay caused solely by a coordination failure of the architect alone.  That is incorrect.  It is entirely possible that the engineering consultants prepared their design plans properly, and that the plaintiffs sustained damages because Graves failed to coordinate its work with the engineering consultants.  It is not necessary for the plaintiffs to prove any defect in the engineering work in order to prove liability on the part of Graves.  And that is, in fact, plaintiff counsel's position.

A simple example illustrates the point.  Assume that the structural engineer determined that a vertical steel column had to be located at point A, and that this column was depicted on his

Page 3

design plans.  Also assume that when the architect prepared his
design plans, he located a door opening where the steel column was
required.  This would demonstrate a failure on the part of the
architect, to coordinate the architectural design with that of the
structural design.  The lack of coordination in that example is
entirely the fault of the architect, and not due to any fault of
the structural engineer.

     The point also needs to be made that there is a difference
between delays **associated with** the MEP design, and delays **caused by**
the MEP design.  The plaintiffs' experts do argue that there were 8
weeks of delay associated with the MEP work, but they do not claim
that the delays were caused by the MEP work.

     In opposition to the motion, Graves counsel seems to take to
the position that any time an alleged delay is associated with the
work of one of the engineering consultants, that it is also
necessarily caused by the work of the engineering consultants.  And
that simply is not the case.  The plaintiffs' experts attribute
responsibility for delays *only* to the architect, Graves.

     Furthermore, even if the plaintiffs' experts did state in
their reports that there were delays on the project caused by
errors in the work of the engineering consultants, they will not be
permitted to give that testimony at the time of trial.  That is
because we have taken their depositions, and by their own
admission, they did not review the work of the engineering
consultants and they are not qualified to express professional
opinions about the work of the engineering consultants.  There will
be no evidence at the time of trial that there were any mistakes
made by Chou or K&G.

     At legal argument point B, Graves counsel notes that Chou and
K&G each had an independent obligation to coordinate their work
with the other design professionals.  This is not disputed, and
there is no evidence in the case that Chou or K&G failed to do so.

     At page 22 of the opposition brief, Graves counsel notes that
his expert will testify that "the consultants are responsible for
any design errors alleged by Navigant that relate to Chou's and
K&G's work."  Again, there is a difference between errors that are
"caused by" Chou's and K&G's work, and errors that merely "relate
to" Chou's and K&G's work.  In any case, for the reasons stated
above, there will be no evidence at trial that there were mistakes
made by Chou or K&G.

     At legal argument point C, Graves counsel argues that § 552 of
the Restatement (Second) of Torts is an exception to the Economic

Page 4


Loss Doctrine.  I agree that the Economic Loss Doctrine does not bar a tort claim when there is no contract between the plaintiff and the defendant.  But the Economic Loss Doctrine does bar a tort claim when there is a contractual remedy between the parties for the alleged wrong.

In the instant case, Graves is arguing that K&G breached its contract with Graves, and Graves has pleaded a breach of contract cause of action.  For the reasons stated in the moving brief, there is no reason for Graves to also resort to tort law.  The Economic Loss Doctrine bars the tort claim.

## CONCLUSION

K&G designed the MEP and fire protection systems on the project.  The plaintiffs' experts admit that they did not review K&G's design, and that they are not competent to offer testimony on K&G's performance.  Further, the expert engaged by Graves admitted that he is not competent to offer testimony on the performance by K&G.  The *only* expert in this case who is competent to offer testimony regarding K&G's performance is K&G's own expert, and that expert offers no criticism  of K&G.

For all of the foregoing reasons, it is respectfully requested that the court enter an order dismissing all claims and cross-claims against K&G, with prejudice.

Finally, despite some disagreement with Graves counsel, I do agree that if the court grants the motions filed by Chou and Graves, then that is a finding as a matter of law that there is insufficient evidence to permit any party to suggest that there was a deviation from professional standards of care by either the structural engineer or the MEP engineer.  That would then act to bar any trial evidence of delay caused by errors in the structural or MEP design.

Respectfully submitted,


/s/ Kevin M. Bothwell
Kevin M. Bothwell


KMB/jms
cc:  Wendy R. Bennett, Esquire (by ECF filing)
     Jason A. Copley, Esquire (by ECF filing)
     Raymond J. Michaud, Esquire (by ECF filing)
     John H. Osorio, Esquire (by ECF filing)
     Michael S. Soule, Esquire (by ECF filing)

Page 5


        Glen D. Kimball, Esquire (by ECF filing)
        John E. Lamastra, Esquire (by ECF filing)
        Dana B. Caparoso, Esquire (by Email)