

Jason A. Copley
Managing Partner

United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103

T: 215.564.1700 | F: 215.564.3066
jcopley@cohenseglias.com
www.cohenseglias.com

May 20, 2014

**VIA ECF SYSTEM**
The Honorable Michael A. Shipp, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ  08608

    Re:    E. Allen Reeves, Inc. v. Michael Graves & Associates, Inc.
               USDC of New Jersey; Civil Action No.:  3:10-cv-01393

Dear Judge Shipp:

    This firm is counsel to E. Allen Reeves, Inc. ("Reeves") and to The Arts Council of Princeton ("ACP") on its affirmative claims in the above-captioned case.  We write in response to the Reply Brief filed by defendant/third-party plaintiff Michael Graves & Associates, Inc. ("Graves") in Support of its Motion for Summary Judgment on May 12, 2014.

    The Local Rules of Civil Procedure for the United State District Court for the District of New Jersey (the "Local Rules") clearly state that:

> [a]ny brief shall include a table of contents and a table of authorities and shall not exceed 40 ordinary typed or printed pages (*15 pages for any reply brief* submitted under L.Civ.R. 7.1(d)(3) . . . ), excluding pages required for the table of contents and authorities. Briefs of greater length will only be accepted if special permission of the Judge or Magistrate Judge is obtained *prior to* submission of the brief.

L. Civ. R. 7.2(b) (emphasis added); <u>see</u> <u>also</u> <u>Johnson v. Atlantic City</u>, No. 07-4212, 2010 WL 743930, *3 (Mar. 3, 2010) (noting that should a party feel the need to file an overlong brief, the party should apply for leave of Court in advance of filing the brief as L. Civ. R. 7.2(b) requires). The Local Rules also specify that the typeface for all briefs submitted shall be:

The Honorable Michael A. Shipp, U.S.D.J.
May 20, 2014
Page 2

---

> in 12-point non-proportional font (such as Courier New 12) or an equivalent 14-point proportional font (such as Times New Roman 14). If a 12-point proportional font is used instead, the page limits shall be reduced by 25 percent (e.g., the 40 page limit becomes 30 pages in this font *and the 15 page limit becomes 11.25 pages*).

L. Civ. R. 7.2(d) (emphasis added); see also In Re Hypodermic Products Antitrust Litigation, No. 05-CV-1602, 2007 WL 1959225, *15, n. 31 (D.N.J. June 29, 2007) (clearly summarizing the Local Rule as "impos[ing] a 15 page limit for reply briefs when using a 14-point Times New Roman font" and requiring "that '[b]riefs of greater length will only be accepted if special permission of the Judge or Magistrate Judge is obtained prior to submission of the brief.'" (citing L. Civ. R. 7.2(b) and (d))).

This Court has determined that it is not required to consider over-long briefs filed in derogation of the Local Rules. See generally Cluver v. Borough of Sayreville, No. 10–3173, 2013 WL 394030, *6, n. 4 (D.N.J. Jan. 30, 2013) (noting that "[t]he Court did not grant permission for an over-length brief" and "[n]ormally, the Court would be entitled to reject [said brief]"); Egersheim v. Gaud, No. 07-5116, 2012 WL 209206, *3 (D.N.J. Jan. 24, 2012) ("Given that Plaintiffs never obtained permission to submit an overlength brief, pursuant to Rule 7.2(b), this Court is not required to consider Plaintiff's brief."); Rodriguez v. Master Cars USA, Inc., No. 08-2376, 2008 WL 3200683, *3, n. 3 (D.N.J. Aug. 6, 2008) (noting that Plaintiffs failed to comply with L. Civ. R. 7.2(b) and "[o]n this basis, the Court should dispose of [Plaintiffs'] brief").

Further, the Court has "admonished parties . . . for violating Rule 7.2(b) and ha[s] repeatedly refused to consider briefs submitted in violation of the rule." Thompson v. Eva's Village and Sheltering Program, No. 04-2548, 2008 WL 4661802, *2 (D.N.J. Oct. 20, 2008) (citing Andrews v. Marriott, 2008 U.S. Dist. LEXIS 50590, *4 n. 2 (D.N.J. June 25, 2008) (noting, "Parties, even those proceeding *pro se,* must comply with Local Rule 7.2(b), and limit their briefs accordingly")); see also Lombardi v. Morris County Sheriff's Dep't., No. 04-6418, 2007 WL 2363160, *2 (D.N.J. Aug. 14, 2007) (refusing to consider an overlength reply brief for failure to comply with Rule 7.2(b)); In re Nice Sys. Sec. Litig., 135 F.Supp.2d 551, 558, n.6 (D.N.J. 2001) (denying, without prejudice, motion due to failure to comply with Rule 7.2(b)); In Re Hypodermic Products Antitrust Litigation, 2007 WL 1959225, *15, n. 31 (refusing to consider arguments contained in overlength brief and other arguments incorporated by reference in additional briefs that were referred to in movant's reply brief). Additionally, the Court has imposed sanctions on counsel for, *inter alia*, filing briefs that exceed the mandated page limit. Hutchins v. United Parcel Service, Inc., 197 Fed. Appx. 152, 161-62 (3rd Cir. 2006) (supporting District Court's imposition of $2500.00 in sanctions against attorney for "exceeding the mandated page limit in violation of L. Civ. R. 7.2(b)" and other violations of L. Civ. R. 7.2(a)).

The Honorable Michael A. Shipp, U.S.D.J.
May 20, 2014
Page 3

_____

In the instances where the Court *has* agreed to consider an over-length brief, it has clearly stated that it will strike future filings that do not comply with the Local Rules. See generally Traditional Trim Work & Design v. Unitek Global Services, Inc., No. 12-3558, 2013 WL 1314743, *2, n. 1 (D.N.J. March 28, 2013) ("The Court will excuse this deficiency for purposes of resolving the instant motion, but will strike any future briefs that fail to comply with the District's local rules."); Bank of America, N.A. v. Websci Technologies, Inc., No. 05-CV-1306, 2006 WL 1210839, *5, n.5 (D.N.J. May 4, 2006) (Court does not strike overlength brief over Plaintiff's objections but "advises that any future overlength submission to this Court will be stricken without exception"); Haynes v. Smith, No. 03-3080, 2006 WL 543645, *4 (D.N.J. Mar. 2, 2006) (noting that Defendants' reply brief "exceeds the fifteen-page limit established in Local Rule 7.2(b)" and that "[a]lthough the Court will permit the[] brief[] to stand, no further deviations from the Local Rules will be tolerated").

In this case, Graves has submitted a twenty-two (22) page reply brief using a 12 point proportional font. Under the Local Rules, however, Graves is *restricted* to 11.25 pages in this instance. See L. Civ. R. 7.2(b) and (d). Accordingly, Graves' reply brief is nearly double the length permissible by the Local Rules. Graves' submission of this over-length reply brief in support of its Motion for Summary Judgment - especially when viewed in conjunction with the further arguments Graves sets forth against Reeves and ACP in its opposition to the summary judgment motions filed by the third-party defendants - make clear Graves' intent to assert overly-long and inappropriate arguments against Reeves and ACP's claims in any and every venue in which it may be heard in derogation of the Local Rules and with prejudice to Reeves and ACP's positions. Accordingly, Reeves/ACP respectfully request this Honorable Court to strike the May 12, 2014 Reply Brief filed by Graves or, in the alternative, to disregard any and all portions of Graves' Reply that fall beyond the 11.25 page limit set forth in the Local Rules and the irrelevant and inappropriate arguments directed at Reeves/ACP's claims contained in Graves' May 5, 2014 Opposition brief to the *third-party defendants'* Motions for Summary Judgment

We wish to thank you in advance for your consideration of our submission.

Respectfully submitted,

s/ Jason A. Copley

JASON A. COPLEY

JAC/wb
cc:   John H. Osorio, Esquire (via email)
      Raymond J. Michaud, Esquire (via email)
      John E. Lamastra, Esquire (via email)
      Glen D. Kimball, Esquire (via email)
      Michael S. Soule, Esquire (via email)
      Kevin M. Bothwell, Esquire (via email)