LAW OFFICES OF
# DALY, LAMASTRA & CUNNINGHAM

ELIZABETH A. DALY**
JOHN E. LAMASTRA•
WILLIAM P. CUNNINGHAM
JOSEPH F. SKINNER

*Of Counsel*
MARIE SEITZ*
JONATHAN E. HILL**
JACQUELINE C. PIRONE**
CAREN LITVIN**
BRENDAN D. HENNESSY**
ALEXANDER L. D'JAMOOS*

ATTORNEYS AT LAW
NOT A PARTNERSHIP OR PROFESSIONAL CORPORATION

202 Hall's Mill Road
P O BOX 1675
WHITEHOUSE STATION, NJ 08889-1675

(908) 572-3600
FACSIMILE: (908) 572-4045

Four Penn Center, Suite 500
1600 JFK Boulevard
PHILADELPHIA, PA 19103
*(Please reply to Whitehouse Station, NJ)*

OLIVIER J. KIRMSER**
JOHN D. GULYAS
PETER K. BARBER
MICHAEL S. SCHWARTZ
DAVID L. BURNETT
M. ELIZABETH DUFFY*
ELLEN M. BOYLE*

*New Jersey and New York Bars
**New Jersey and Pennsylvania Bars
•Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

May 19, 2014

**VIA ECF SYSTEM**
Honorable Michael A. Shipp, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson South Fisher Federal Building
& U.S. Courthouse
402 East State Street
Trenton, New Jersey  08608

Re:   E. Allen Reeves, Inc. v. Michael Graves & Associates, et al.,
      **Docket No. 3:10-cv-01393-MAS-TJB**

Dear Judge Shipp:

My firm represents Arts Counsel of Princeton (ACP) (in defense of affirmative claims) and Sal Arnone (in defense of affirmative claims), brought by Michael Graves & Associates, Inc., (Graves). As your Honor is aware, this matter involves claims asserted by Reeves and ACP against the project architect, Graves. Both Reeves and ACP have claimed that Graves failed to meet the professional standard of care for architects for reasons that include, but are not limited to, Graves' failure to adequately prepare and coordinate the construction drawings. Graves' failures in this regard caused delays to the project and resulted in additional costs.

In response to Reeves' and ACP's claims, Graves asserted third party claims against its subconsultants on the project, and also asserted affirmative claims against ACP and Sal Arnone (Board Member). The affirmative claims against ACP and Sal Arnone, which we assert not only lack merit, but are frivolous, were resolved on or about February 26, 2014. Both ACP and Sal Arnone made a generous offer of $120,000, which was accepted by Graves, for the Release of all claims against these parties. This office provided a release which would dismiss all claims against ACP and Sal Arnone. After the settlement, my office adjourned the deposition of Grave's damages expert indefinitely and found no need to participate in the recent motion practice. To our astonishment, Graves has now reneged on this settlement by offering a Release which only partially Releases ACP and Sal Arnone, but preserves certain counts to their Complaint.

Honorable Michael A. Shipp
May 19, 2014

    I am providing this letter to advise that a Motion to Enforce settlement with request for Attorney Fees will be forthcoming. I appreciate your Honor's attention to this matter.

                                    Respectfully yours,
                                    DALY, LAMASTRA & CUNNINGHAM

                                    John E. Lamastra

JEL:mlk
cc:    Wendy R. Bennett, Esq.
       Raymond J. Michaud, Esq.
       Michael S. Soule, Esq.
       Kevin M. Bothwell, Esq.
       The Arts Council of Princeton and Sal Arnone