UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

September 3, 2014

## LETTER ORDER

Re:    <u>E. Allen Reeves, Inc. v. Michael Graves & Associates, Inc., et al.</u>
       Civil Action No. 10-1393 (MAS)

Dear Counsel:

Currently before the Court is Defendant's informal motion to compel production of documents supplied by Plaintiff's counsel and identified as having been "reviewed" by Mark Coggin, P.E. ("Coggin") prior to creating his June 7, 2013 report.

In regard to the three documents at issue, Coggin's March 27, 2014 affidavit states that he utilized the help of Ms. Kate Woodman, a senior engineer, in order to identify "core project documents" that he would use to form the opinions contained in his report.  Coggin states that these documents are usually "Project drawings and specifications and amendments thereto, requests for clarifications or information, clarification sketches, shop drawings and submittals, Project change order requests and change orders, and other similar documents created and used during the course of constructions of the Project."  Coggin Aff., ¶¶ 8-9.  Coggin certifies that he did not rely upon any summaries or analyses of the core Project documents and that he and Ms. Woodman only reviewed the documents to determine whether they were core documents or later

1

summaries.  *Id.*, at ¶¶ 10-11.  He further certifies that, once documents were identified as later summaries or analyses, they were not examined in any other way by either Ms. Woodman or himself.  *Id.*, at ¶¶ 12.13.

Defendant argues that the documents should be produced because, "[s]imply put, if Coggin reviewed the documents at issue, he considered them, regardless of whether he relied on them in forming his opinions."  Letter from Glen D. Campbell, Esq. and Michael S. Soule, Esq. to the Court, at pg.1 (March 31, 2014).  Defendants contend that these documents are necessarily relevant, then, if they contradict Coggin's report – *i.e.*, they might show why Coggin disagreed with the analysis or chosen not to utilize it in forming his own opinions.  *Id.*, at pg. 2.  Defendant also states that it should be able to make its "own assessment as to whether Mr. Coggin should have relied on any facts or data he reviewed but did not use in forming his opinion."  *Id.*  Plaintiff, expanding upon the statements contained in paragraphs 8-13 of Coggin's March 27, 2014 affidavit, argues that "once it was determined that the Subject Documents were not, in fact, core Project documents, no further subjective or qualitative analysis was performed on them, assumptions were revealed via them nor were any mental impressions made of their content."  Letter from Wendy R. Bennett to the Court, at pg. 1 (March 27, 2014).

Fed. R. Civ. P. ("Rule") 26(b)(3)(A) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representatives (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent."  The Rule is extended to

> protect communications between the party's attorney and any witnesses required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications… identify facts or data that the party's attorney provided and that the expert considered in *forming*

2

*the opinions to be expressed.*   Rule 26(b)(4)(C)(ii)(emphasis added).

The current 2010 version of the Rule is less expansive than the prior incarnation, which required that the expert report "contain 'the data or other information considered by the witness in forming [the opinions to be expressed]."[1]   *Chevron Corp. v. Shefftz*, 754 F. Supp. 2d 254, 263 (D. Mass. 2010).   The *Chevron* court quoted from the 2010 Advisory Committee Notes to (at the time proposed) Rule 26, explaining that the Committee intended that

> the phrase 'facts and data' should be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients.   The disclosure obligation extends to facts and data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert.   *Id.*, at 264.

Discovery, however, should not be impeded where it relates to an expert's opinions or the "development, foundation, or basis of those opinions."   *Id.*   The 2010 Amendments were intended to "limit disclosures to material of a factual nature by excluding theories or mental impressions of counsel."   *Sara Lee Corp. v. Kraft Foods, Inc.*, 273 F.R.D. 416, 419 (N.D. Ill. 2011)(quoting the 2010 Advisory Committee Notes).

In essence, all Coggin and his associate's review amounted to was to cull documents to determine whether they should be used in his analysis.   The Court finds that this action does not rise to the level of "consideration."   By the plain language of the current iteration of Rule 26, an expert must put some amount of thought into the acceptance or rejection of the substance of a document for the action to be deemed consideration.   Merely noting a document's existence and taking no further action does not meet this threshold.   Having not been examined in any way, the documents and the information contained therein could not have had an impact on the

---

1 The exception under Rule 26(b)(3)(A)(ii) is where a party shows substantial need for the materials and cannot otherwise obtain an equivalent without undue hardship, which is not argued by the parties in the instant dispute.

formulation of or the "development, foundation, or basis" of Coggin's report or opinions. Simply put, the documents did not impact Coggin's opinions or thought processes in any way. Finding that Coggin neither relied upon nor considered the documents in creating the report, the Court will not compel their production.

       **IT IS SO ORDERED.**

                                    s/ Tonianne J. Bongiovanni  
                                **TONIANNE J. BONGIOVANNI**  
                                **United States Magistrate Judge**